**CAMARINOS LAW GROUP, LLC**
411 Hackensack Avenue, 2nd Floor
Hackensack, New Jersey 07601
Telephone: (201) 509-5000

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JACQUELINE BORISH SINCLAIR, individually and in her capacities as ADMINISTRATOR and ADMINISTRATOR *AD PROSEQUENDUM* of THE ESTATE OF EDWARD F. SINCLAIR,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF MAHWAH, WILLIAM LAFORET, individually and in his official capacity as the Mayor of the Township of Mahwah, and JAMES BATELLI, individually and in his official capacity as the Chief of Police of the Township of Mahwah,<br><br>Defendants. | Civil Action No.<br><br>**COMPLAINT AND DEMAND FOR TRIAL BY JURY** |

Plaintiffs Jacqueline Borish Sinclair, individually, and in her capacities as Administrator and Administrator *Ad Prosequendum* of The Estate of Edward F. Sinclair, by way of Complaint against Defendants the Township of Mahwah (the "Township"), William Laforet, individually and in his official capacity as the Mayor of the Township of Mahwah (the "Mayor") and James Batelli, individually and in his official capacity as the Chief of Police of the Township of Mahwah, through attorneys, Camarinos Law Group, LLC, hereby allege:

## NATURE OF THIS ACTION

1. This complaint involves an individual and a survivorship action brought for (i) the wrongful suspension of Edward F. Sinclair ("Sinclair") as Director of the Mahwah Department of Pubic Works on March 9, 2015, and (ii) a series of intentional, outrageous, irresponsible, malicious, wrongful, grossly negligent, untrue, defamatory, slanderous, libelous and recklessly indifferent statements, actions, interviews, announcements, press releases and other communications, publicly and to TV, radio, print and social media of accusations of viewing and/or permitting child and/or other pornography at the workplace, by the defendant William Laforet, individually and in his official capacity as the Mayor of the Township of Mahwah, prior to, during and immediately after the March 19, 2015 Township Council action to reinstate Edward F. Sinclair as Director of the Mahwah Department of Public Works.[1]

## JURISDICTION AND VENUE

2. This action is commenced pursuant 42 U.S.C. §§ 1983, 1985(3), 1986 and 1988 and the Fourth and Fourteenth Amendment of the Constitution of the United States. Jurisdiction is founded on 28 U.S.C. §§1331 and 1343(1), 1343(2), 1343(3) and 1343(4) and the aforementioned statutory and Constitutional provisions for civil rights violations. Plaintiff further involves the pendent jurisdiction of this court to consider claims arising under State law, including but not limited to: (a) defamation; (b) defamation per se; (c) abuse of process; (d) intentional infliction of emotional distress; and (e) respondeat superior.

---

[1] As per N.J.S.A. 59:1-1 *et seq.* Plaintiffs will amend this complaint, asserting additional and/or modified allegations and counts, with reservation of all rights, including but not limited to inclusion of a wrongful death action against the same parties in this litigation.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and (c). All actions complained of herein took place within the jurisdiction of the United States District Court for the District of New Jersey and involve Defendants within the jurisdictional limits.

4. The amount in controversy exceeds $75,000.00 exclusive of interest and costs.

**PARTIES**

5. The plaintiff Jacqueline Borish Sinclair is a resident of the Township of Mahwah, Bergen County, New Jersey.

6. The plaintiff Jacqueline Borish Sinclair was appointed Administrator *Ad Prosequendum* of the Estate of Edward F. Sinclair by letters issued by the Bergen County Surrogate on October 22, 2015 and General Administrator of the Estate of Edward F. Sinclair by letters issued by the Bergen County Surrogate shortly thereafter.[2]

7. The defendant Township of Mahwah is a municipality incorporated within the State of New Jersey, governed by the Falkner Act with offices located at 475 Corporate Drive, Mahwah, New Jersey (the "Township").

8. The defendant William Laforet ("Laforet") is a resident of the Township of Mahwah, Bergen County, New Jersey and is the duly elected Mayor of the Township.

9. The defendant James Batelli is a resident of the Township of Mahwah, Bergen County, New Jersey and is the duly appointed Chief of Police of the Township ("Batelli").

**FACTS GIVING RISE TO THE CLAIMS**

10. On March 19, 2015 following the vote of the defendant Township to reinstate Sinclair, the defendant, Laforet, subsequent to hearing and receiving the report of the Mahwah

[2] Sinclair died on August 13, 2015, which will later be the subject of a wrongful death action. Plaintiff in her capacities as General Administrator and Administrator *Ad Prosequendum* of the Estate of Edward F. Sinclair is the successor in interest to all claims and causes of actions, including those set forth in this action, concerning Sinclair.

Police Department in closed session of the governing body of the Township, that there is no proof linking Sinclair to any viewing of pornography or other inappropriate material, the defendant individually and in his capacity as the Mayor of the Township issued a written statement and press release to the media, wherein defendant Laforet insinuated, inferred and strongly suggested that Sinclair viewed inappropriate and pornographic material, which written statement was made by Laforet with the intent to maliciously subvert the action of the Township and thereby continue defendant Laforet's wrongful pattern of defamatory statements against Sinclair, without any factual basis or justification, and to further cause and bring about his resignation, as follows:

> "I stand by my decision to terminate Ed Sinclair. While this is a personnel matter, there is evidence that inappropriate material was being viewed over a prolonged period of time in the DPW. This occurred on a township computer and on township time. The decision of this council to reinstate Ed Sinclair is a slap in the face to the taxpayers of Mahwah. It is an incredibly poor message to send to the other employees of this township; employees that are dedicated, take their jobs and responsibilities seriously, and contribute to improving Mahwah every day with the hard work that they put in...We hire great people in this town that work hard every day. The actions of a single employee that decided to neglect his responsibilities should not detract from, nor impact that reputation. I firmly stand by my decision to terminate Ed Sinclair."

This written statement was subsequently published in a number of newspapers including but not limited to articles featured in i) The Record on March 20, 2015, and republished on online, ii) in the Mahwah Patch on March 24, 2015, and republished online, and iii) in The Star-Ledger on March 26, 2015 and also republished online.

11. On and after March 19, 2015, in an attempt to intimidate Sinclair and force him to resign as the Director of the Mahwah DPW and to retire, the defendant Laforet, individually and in his capacity as the Mayor of the defendant Township, and defendant Batelli, individually and

in his capacity as the chief of police of the defendant Township, collectively and as co-conspirators, engaged in a number of wrongful actions, including without limitation, continuing the investigation and accusations of pornography against Sinclair, all with the specific intent and purpose to delay, subvert and circumvent the March 19, 2015 actions of the Township and a release of all claims between Sinclair and the Township and to intentionally, maliciously and without justification or excuse, defame Sinclair.

12. On or about March 20, 2015 in an attempt to intimidate Sinclair and force him to resign as the Director of the Mahwah DPW and to retire, the defendant Laforet, individually and in his capacity as the Mayor of the defendant Township engaged in a number of wrongful actions to delay, subvert and circumvent the March 19, 2015 actions of the Township and a release of all claims between Sinclair and the Township and to intentionally, maliciously and without justification or excuse, defame Sinclair. These actions included, without limitation, a meeting with Councilwomen Lisa DiGiulio of the governing body of defendant Township, during which defendant Laforet called Sinclair a "pervert" and that Laforet would "never give that f…ing pedophile back his job."

13. On or about March 24, 2015 the defendant Laforet, individually and in his capacity as the Mayor of the defendant Township, in a widely circulated defamatory comment published in the article "Mahwah mayor stands by DPW decision in wake of explosive council meeting" on the website http://politickernj.com/, reiterated his position that Sinclair was fired over pornography found on DPW computers of the defendant Township, and despite any lack of proof from the defendant Batelli and the police department of Mahwah, willfully, maliciously and without justification and claiming a conflict of interest arising from prior political campaigns

involving Sinclair and members of the governing body of the defendant Mahwah, refused to accept the decision of the governing body reversing his suspension of Sinclair, as follows:

> "...Laforet's decision to fire Mahwah D.P.W. Director Ed Sinclair because of alleged inappropriate material found on a D.P.W. computer. ***"Based on facts that were clear and evident to me, that was the basis of my decision."*** Laforet and Sinclair have opposed each other before. Laforet, an independent, defeated Sinclair, a Republican, in the non-partisan 2012 Mahwah mayoral election. Yet Laforet named Sinclair to be the township's D.P.W. director in 2014. Laforet explained how the road to making his decision to try to terminate Sinclair began. ***"We received an anonymous letter that indicated that there was pornography on a township computer in [the D.P.W.'s] office,"*** Laforet said, adding that the ***Bergen County Prosecutor's Office examined the computer specifically for child pornography, which is illegal..."It was determined that pornography was viewed on the D.P.W. computer on the township's time and on the township's dime,"*** Laforet said. ***"That's what led me to my conclusion that [Sinclair] be terminated."***

14. On or about March 26, 2015 at approximately 2:32 p.m. in an attempt to further intimidate, defame, harm and cause embarrassment and humiliation to Sinclair, the defendant Laforet, individually and in his capacity as the Mayor of the defendant Township, posted, published and widely circulated links on Facebook and other social media to his "Team Laforet" regarding pornography at workplaces as follows:

> (a) An article from The Washington Examiner entitled "Not the Onion: The 'No watching porn at work' bill passes committee" (http://www.washingtonexaminer.com/not-the-onion-bill-prohibiting-federal-workers-from-watching-porn-at-work-passes-house-committee/article/2562035),
>
> and
>
> (b) Press Release from Congressman Mark Meadows entitled "Bill Barring Pornography from Federal Agencies Advances through Committee."(https://meadows.house.gov/media-center/press-releases/bill-barring-pornography-from-federal-agencies-advances-through).

The aforesaid links were circulated by defendant Laforet individually and in his capacity as the Mayor of the Township of Mahwah, willfully, widely and maliciously for the purpose of defaming, humiliating and embarrassing Sinclair in order to cause Sinclair to resign and to prevent Sinclair from resuming his duties as the Director of the DPW of the defendant Mahwah.

15. On or about March 27, 2015, the defendant Laforet, individually and in his capacity as the Mayor of the defendant Township, in a widely circulated defamatory comment on WCBS-TV, channel 2, the flagship station of the CBS Television Network, located in New York City, subsequently republished in written transcript and online video, reiterated his position that Sinclair was fired over pornography found on DPW computers of the defendant Township and refused to accept the decision of the governing body reversing his suspension of Sinclair, as follows:

> **WCBS – Channel 2 – TV (Aired March 27, 2015 during 6:00 p.m. and 11:00 p.m. news broadcasts as well as republished online for more than a year which contained a photograph of Sinclair while voiceover stating that he was fired over pornography)**
>
> MAHWAH, N.J. (CBSNewYork) — There were fireworks last week at a town council meeting in New Jersey over the firing of a longtime town employee. He was eventually reinstated, after an angry obscenity-filled rant from one of the council members, CBS2's Sonia Rincon reported Friday…***Sinclair was fired over pornography found on a Department of Public Works computer*** (emphasis added)…***Mayor Laforet said he is standing by his decision, saying it was the right thing to do*** (emphasis added)…"

At the time of such comments, the defendant Laforet, individually and in his capacity as the Mayor of defendant Township, knew that the Mahwah Police Department found no evidence that Sinclair viewed pornographic material on any DPW computer. Despite such knowledge, the defendant Laforet nevertheless willfully, maliciously and without justification continued his

accusations of Sinclair's pornographic viewing and unreasonably and arbitrarily refused to accept the decision of the governing body reversing his suspension of Sinclair.

16. On or about March 31, 2015, and April 1, 2015, the defendant Laforet, individually and in his capacity as the Mayor of the defendant Township, in a widely circulated defamatory comment on WPIX, channel 11, a major media network in the New York Metropolitan area, subsequently republished in written transcript and online video, reiterated his position that Sinclair was fired over pornography found on DPW computers of the defendant Township, and despite any lack of proof from the defendant Batelli and the police department of Mahwah, willfully, maliciously and without justification and claiming a conflict of interest arising from prior political campaigns involving Sinclair and members of the governing body of the defendant Mahwah, refused to accept the decision of the governing body reversing his suspension of Sinclair, as follows:

**WPIX – Channel 11 – TV**

> …the firing and reinstatement of the town's director of public works, Ed Sinclair, who was accused of looking up porn on town computers. The allegations against Sinclair were made in a letter from an anonymous Bergen County resident. ***The letter has been obtained exclusively by PIX 11 News.*** It's addressed to a Lieutenant with Bergen County Prosecutor's Office, and reads in part: "It has come to my attention that the Director of Public Works for the Township of Mahwah, Edward Sinclair, has been staying after hours to take part in online pornography viewing on the Township-owned and operated computers…" …the evidence that was found did convince Mayor Bill LaForet that Sinclair had acted improperly and he fired him…LaForet and Sinclair are political adversaries. They ran against each other in 2012 for the office of Mayor. LaForet says he won with more than 60 percent of the vote. He said today he still stands by his decision to fire Sinclair. "Not long ago, did I appoint him to the vacant director's, who retired, his position," said LaForet, "Ed did great job. But that doesn't excuse you from the inappropriate material. And the fact is that no one can answer me. So who did it?"

Upon information and belief, Laforet, individually and in his capacity as the Mayor of the defendant Township, leaked the anonymous letter to WPIX Channel 11 reporter Christie Duffy which was televised in readable format to millions of viewers, and republished online to millions more, knowingly and intending to circulate defamatory allegations proven to be false, and which Laforet knew to be false, including but not limited to the allegation that Sinclair viewed pornography and/or child pornography on township computers.

17. On or about April 1, 2015 the defendant Laforet, individually and in his capacity as the Mayor of the defendant Township, in a widely circulated, reported and replayed Radio interview with reporter Levon Putney on New York Metropolitan-Area Radio station WCBS (880 AM) continued his willful, malicious and unfounded campaign against Sinclair alleging that Sinclair was fired because he was viewing pornography stating that "I fired [Sinclair] because he was viewing pornography." WCBS (880AM) has more than 3,010,000 total listeners in the New York Metropolitan Area.

18. On or about April 1, 2015 the defendant Laforet, individually and in his capacity as the Mayor of the defendant Township, in a widely circulated, reported and replayed Radio interview with reporter Levon Putney on New York Metropolitan-Area Radio station WCBS (880 AM) continued his willful, malicious and unfounded political campaign and malicious defamation against Sinclair by further stating that defendant Laforet was "tipped off" by an anonymous letter to the Bergen County Prosecutor's Office that Sinclair was "viewing pornography on Township computers. In corporate America, you wouldn't have one day to resolve this issue. The fact that he's been reinstated sends a very terrible message."

19. Upon information and belief, defendant Laforet and defendant Batelli, individually and in their capacities as the Mayor and chief of police, respectively, of the

defendant Township, were involved in the preparation, dissemination and/or circulation of the anonymous letter.

20. The defendant Township of Mahwah is responsible for all policies, procedures and practices implemented through its various agencies, departments and employees, and for injury occasioned thereby.

21. All actions and/or inactions of defendant Laforet while acting as the mayor of the defendant Township were taken, exercised and performed under color of state law.

22. The defendant Township employed the defendant James Batelli as the police chief of the Township.

23. The defendant Batelli was involved in, directed and continued the investigation of Sinclair at all relevant times herein while acting in the course and scope of his employment and under color of state law.

24. Each and every act stated herein by the defendant Batelli individually and in his capacity as the police chief of Mahwah, are alleged to have been done by him under color of law and pretense of statutes, ordinances, regulations, customs and usages of the State of New Jersey, Township of Mahwah, County of Bergen, and under the authority of his office as the police chief of the Township.

25. The defendant Laforet acted to suspend Sinclair as the Director of Public Works on the basis of claims of pornographic activities and was involved in, directed and continued the investigation of Sinclair at all relevant times herein while acting individually and in his capacity as the Mayor of the Township and under color of state law.

26. As a direct and proximate cause of the aforesaid willful, deliberate and malicious actions of the defendants, Sinclair and the plaintiffs have suffered and the plaintiffs will in the

future suffer grievous pain, emotional distress, physical manifestations of emotional distress, mental anguish, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation and other losses.

## CAUSES OF ACTION

### FIRST COUNT
(Defamation)

27. Plaintiffs repeat and reincorporate by reference herein as though recited herein at length all of the allegations of the preceding paragraphs.

28. Defendant Laforet, individually and in his capacity as the Mayor of the defendant Township, made defamatory statements regarding Sinclair, which defamatory statements were made willfully, with malice and wrongful intent.

29. The defamatory statements were false.

30. The defamatory statements were communicated to people other than Sinclair and Plaintiffs and widely circulated in the local, state and national media, social media, print, online, television, radio and news reporting services.

31. As a direct and proximate cause of the actions of the defendants, Sinclair and the Plaintiffs have suffered and the Plaintiffs will in the future suffer grievous pain, emotional distress, physical manifestations of emotional distress, mental anguish, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation and other losses.

32. The actions of the defendants aforesaid constitute abuse of defamation.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

a. Enter a declaratory judgment that defendants' acts complained of herein have violated and continue to violate the rights of Sinclair and Plaintiffs;

b. Award Plaintiffs compensatory damages including but not limited to suffer grievous pain, emotional distress, physical manifestations of emotional distress, mental anguish, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation and other damages;

c. Award reasonable costs and attorneys' fees;

d. Award punitive damages; and

e. Grant any other relief this Court deems just and proper under the circumstances.

**SECOND COUNT**
(Defamation Per Se)

33. Plaintiffs repeat and reincorporate by reference herein as though recited herein at length all of the allegations of the preceding paragraphs.

34. Defendant Laforet, individually and in his capacity as the Mayor of the defendant Township, made defamatory statements regarding Sinclair, which defamatory statements were made willfully, with malice and wrongful intent.

35. The defamatory statements were false.

36. The defamatory statements were communicated to people other than Sinclair and Plaintiffs and widely circulated in the local, state and national media, social media, print, online, television, radio and news reporting services.

37. As a direct and proximate cause of the actions of the defendants, Sinclair and Plaintiffs have suffered and the Plaintiffs will in the future suffer grievous pain, emotional distress, physical manifestations of emotional distress, mental anguish, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation and other losses.

38. The actions of the defendants aforesaid constitute abuse of defamation per se.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

a. Enter a declaratory judgment that defendants' acts complained of herein have violated and continue to violate the rights of Sinclair and Plaintiffs;

b. Award Plaintiffs compensatory damages including but not limited to suffer grievous pain, emotional distress, physical manifestations of emotional distress, mental anguish, shame, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation and other damages;

c. Award reasonable costs and attorneys' fees;

d. Award punitive damages; and

e. Grant any other relief this Court deems just and proper under the circumstances.

**THIRD COUNT**
Violation of Civil Rights Pursuant to 42 U.S.C. §1983
(Abuse of Process)

39. Plaintiffs repeat and reincorporate by reference herein as though recited herein at length all of the allegations of the preceding paragraphs.

40. Defendants instituted civil and criminal investigations against Sinclair without probable cause and with malice and wrongdoing in violation of 42 U.S.C. § 1983 and the 14th Amendment of the Unites States Constitution.

41. Defendants knew that the investigations and charges against Sinclair were unwarranted and that there was no reasonable basis to continue such investigations against Sinclair.

42. Defendants knowingly failed to discontinue civil and criminal investigations.

43. Defendant Township failed to supervise its employees, adopt, implement and require policies, procedures and/or customs whereby unwarranted investigations are not

instituted and/or continued against Mahwah employees with the intention of using said charges as leverage to force employees to resign, as set forth above.

44. As a direct and proximate result of the actions of the defendants, Sinclair and Plaintiffs have suffered and the Plaintiffs will in the future suffer grievous pain, emotional distress, physical manifestations of emotional distress, mental anguish, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation and other losses.

45. The actions of the defendants aforesaid constitute abuse of process.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

a. Enter a declaratory judgment that defendants' acts complained of herein have violated and continue to violate the rights of Sinclair and the Plaintiffs;

b. Award Plaintiffs compensatory damages including but not limited to suffer grievous pain, emotional distress, physical manifestations of emotional distress, mental anguish, shame, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation and other damages;

c. Award reasonable costs and attorneys' fees;

d. Award punitive damages; and

e. Grant any other relief this Court deems just and proper under the circumstances.

**FOURTH COUNT**
(Intentional Infliction of Emotional Distress)

46. Plaintiffs repeat and reincorporate by reference herein as though recited herein at length all of the allegations of the preceding paragraphs.

47. At all times herein, defendants acted intentionally and unreasonably in publishing, circulating, disseminating and distributing the pornography allegations when they knew or should have known that emotional distress would likely result.

48. Notwithstanding Sinclair's repeated requests, the actions of the defendant Township in reinstating Sinclair following his suspension by defendant Laforet and the report of the Mahwah police department exonerating Sinclair from defendant Laforet's pornography allegations, defendant Laforet and defendant Batelli, individually and in their official capacities, failed, refused and neglected to cease and desist from further publishing, circulating, disseminating and distributing the pornography allegations.

49. As such, in doing the acts alleged hereinabove, defendants acted outrageously and beyond all reasonable bounds of decency, and intentionally inflicted severe emotional distress upon Sinclair and the Plaintiffs, to their detriment.

50. Defendants' conduct was intentional and malicious and done for the purpose of causing, or was known by the defendants to likely cause, Sinclair's and the Plaintiffs' mental anguish and severe emotional distress, anxiety and worry.

51. As a proximate cause of the aforesaid wrongful conduct, Sinclair and the Plaintiffs' have suffered severe emotional distress, anxiety and worry.

52. Plaintiffs are informed and believe and thereon allege that defendants acted with actual malice and reckless disregard of Sinclair's and Plaintiffs' rights.

53. As a direct and proximate result of the aforementioned acts by defendants, Sinclair and Plaintiffs have suffered injury, damage, loss, harm, anxiety, embarrassment, humiliation, shame and severe emotional distress and damages arising therefrom.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

a. Enter a declaratory judgment that defendants' acts complained of herein have violated and continue to violate the rights of Sinclair and Plaintiffs;

b. Award Plaintiffs compensatory damages including but not limited to suffer grievous pain, emotional distress, physical manifestations of emotional distress, mental anguish, shame, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation and other damages;

c. Award reasonable costs and attorneys' fees;

d. Award punitive damages; and

e. Grant any other relief this Court deems just and proper under the circumstances.

**FIFTH COUNT**
(Respondeat Superior)

54. Plaintiffs repeat and reincorporate by reference herein as though recited herein at length all of the allegations of the preceding paragraphs.

55. Defendant Batelli was at all times acting within the scope of his employment, as an employee of the Township of Mahwah and the Mahwah Police Department.

56. While acting within the scope of his employment, defendant Batelli, individually and in his official capacity, was negligent in his performance and/or failure to perform his duties.

57. Under Respondeat Superior, the defendant Township of Mahwah is liable for the acts of, and injury caused by defendant Batelli.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court:

a. Award Plaintiffs compensatory damages including but not limited to suffer grievous pain, emotional distress, physical manifestations of emotional distress, mental anguish, shame, humiliation, embarrassment, inconvenience, loss of pleasure and enjoyment of life, loss of reputation and other damages;

b. Award reasonable costs and attorneys' fees; and

c. Grant any other relief this Court deems just and proper under the circumstances.

**DEMAND FOR TRIAL BY JURY**

Plaintiffs hereby demand trial by jury on all issues so triable against the defendants, individually and in their official capacities.

**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

**CAMARINOS LAW GROUP, LLC**

Dated: March 20, 2016

By: ______________________

Michael D. Camarinos, Esq.
411 Hackensack Avenue, 2nd Floor
Hackensack, New Jersey 07601
Direct: (201) 564-5291

*Attorneys for Plaintiffs*