# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

**BOTTA ANGELI, L.L.C.**
50 South Franklin Turnpike
Ramsey, New Jersey 07446
(201) 818-6400
[CCB-0844]
Dated: October 28, 2016

*Attorneys for Defendants*

| | |
|---|---|
| JACQUELINE BORISH SINCLAIR, individually and in her capacities as ADMINISTRATOR and ADMINISTRATOR *AD PROSEQUENDUM* of THE ESTATE OF EDWARD F. SINCLAIR, | Civil Action No.: 2:16-cv-01568-KM-MAH |
| Plaintiffs, | Civil Action |
| vs. | |
| TOWNSHIP OF MAHWAH, WILLIAM LAFORET, individually and in his official capacity as the Mayor of the Township of Mahwah, JAMES BATELLI, individually and in his official capacity as the Chief of Police of the Township of Mahwah, John Doe 1 and John Does 2, | **ANSWER TO FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, DEMAND FOR MONEY DAMAGES, DEMAND FOR TRIAL BY JURY, DESIGNATION OF TRIAL COUNSEL, AND CERTIFICATION OF SERVICE** |
| Defendants. | |

Defendants, TOWNSHIP OF MAHWAH, WILLIAM LAFORET, and JAMES BATELLI (hereinafter "Defendants") by way of Answer to the First Amended Complaint says:

1

## AS TO NATURE OF THIS ACTION

1.      Defendants admit that Plaintiffs have made the following allegations against Defendants. However, Defendants deny the truth of the allegations contained in this paragraph.

## AS TO JURISDICTION AND VENUE

2.      This paragraph seeks a legal conclusion to which no response is required and Defendants leave Plaintiffs to their proofs.

3.      This paragraph seeks a legal conclusion to which no response is required and Defendants leave Plaintiffs to their proofs.

4.      Defendants deny the allegations contained in this paragraph.

## AS TO PARTIES

5.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and leave Plaintiffs to their proofs.

6.      Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and leave Plaintiffs to their proofs.

7.      Defendants admit the allegations contained in this paragraph.

8.      Defendants admit the allegations contained in this paragraph.

9.      Defendants admit the allegations contained in this paragraph.

10.     The allegations set forth in this paragraph do not relate to these Defendants and therefore Defendants make no answer hereto. If any of the allegations are deemed to relate to these Defendants, said allegations are denied.

## AS TO FACTS GIVING RISE TO THE CLAIMS

11.     Defendants admits that Edward F. Sinclair ("Sinclair") was employed with the Township of Mahwah in the Department of Public Works ("DPW"). Defendants further admit that Sinclair was promoted to various positions throughout his tenure with the DPW ultimately being promoted to the position of Director of the DPW. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and leave Plaintiffs to their proofs.

12.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and leave Plaintiffs to their proofs.

13.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and leave Plaintiffs to their proofs.

14.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and leave Plaintiffs to their proofs.

15.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and leave Plaintiffs to their proofs.

16.     Defendants admit the allegations contained in this paragraph.

17.     Defendants admit that Mayor Laforet defeated Sinclair in the Mayoral election receiving approximately 63.4% of the votes, beating challenger Sinclair 5,610 votes to 3,233. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and leave Plaintiffs to their proofs.

18.     Defendants deny the allegations contained in this paragraph and its subparts.

19.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and leave Plaintiffs to their proofs.

3

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and leave Plaintiffs to their proofs.

21.     Defendants deny the allegations contained in this paragraph.

22.     Defendants deny the allegations contained in this paragraph.

23.     Defendants admit receiving copies of an Anonymous Letter. Defendants deny the remaining allegations contained in this paragraph.

24.     Defendants admit that the Bergen County Prosecutor's Office confiscated three computers located in the DPW to investigate the allegations of criminal wrongdoing contained in the Anonymous Letter. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph and leave Plaintiffs to their proofs.

25.     Defendants deny the allegations contained in this paragraph.

26.     Defendants deny the allegations contained in this paragraph.

27.     Defendants admit that the Bergen County Prosecutor's Office disclosed their findings.

28.     Defendants deny the allegations contained in this paragraph.

29.     Defendants admit that the Bergen County Prosecutor's Officer returned the computers to the Township.

30.     The Suspension Letter speaks for itself.

31.     Defendants deny the allegations contained in this paragraph.

32.     Defendants deny the allegations contained in this paragraph.

33.     Defendants deny the allegations contained in this paragraph.

34.     This allegation is ambiguous as written in its current form and Defendants are unable to respond to same.

35.  Defendants admit that Officer Zito was tasked with investigating the claim of pornography. Defendants deny the remaining allegations contained in this paragraph.

36.  Defendants deny the allegations contained in this paragraph.

37.  Defendants admit that the Township Council voted to reinstate Sinclair to his position as Director of the DPW.

38.  Defendants deny the allegations contained in this paragraph.

39.  Defendants deny the allegations contained in this paragraph.

40.  Mayor Laforet's opinions, statement, and press release speak for themselves. Defendants deny the remaining allegations contained it this paragraph.

41.  Defendants deny the allegations contained in this paragraph.

42.  Defendants deny the allegations contained in this paragraph.

43.  Mayor Laforet's opinions speak for themselves. Defendants deny the remaining allegations contained it this paragraph.

44.  Mayor Laforet's opinions speak for themselves. Defendants deny the remaining allegations contained it this paragraph.

45.  Mayor Laforet's opinions speak for themselves. Defendants deny the remaining allegations contained it this paragraph.

46.  Mayor Laforet's opinions speak for themselves. Defendants deny the remaining allegations contained it this paragraph.

47.  Mayor Laforet's opinions speak for themselves. Defendants deny the remaining allegations contained it this paragraph.

48.  Mayor Laforet's opinions speak for themselves. Defendants deny the remaining allegations contained it this paragraph.

49.  Defendants deny the allegations contained in this paragraph.

5

50.     This paragraph seeks a legal conclusion to which no response is required and Defendants leave Plaintiffs to their proofs.

51.     This paragraph seeks a legal conclusion to which no response is required and Defendants leave Plaintiffs to their proofs.

52.     Defendants admit the allegations contained in this paragraph.

53.     This paragraph seeks a legal conclusion to which no response is required and Defendants leave Plaintiffs to their proofs.

54.     This paragraph seeks a legal conclusion to which no response is required and Defendants leave Plaintiffs to their proofs.

55.     This paragraph seeks a legal conclusion to which no response is required and Defendants leave Plaintiffs to their proofs.

56.     Defendants deny the allegations contained in this paragraph.


## AS TO CAUSES OF ACTION

## AS TO THE FIRST COUNT
### (Defamation)

57.     Defendants repeat and reaffirm each and every answer given above as though set forth at length herein.

58.     Defendants deny the allegations contained in this paragraph.

59.     Defendants deny the allegations contained in this paragraph.

60.     Defendants deny the allegations contained in this paragraph.

61.     Defendants deny the allegations contained in this paragraph.

62.     Defendants deny the allegations contained in this paragraph.


## AS TO THE SECOND COUNT
### (Defamation Per Se)

6

63.     Defendants repeat and reaffirm each and every answer given above as though set forth at length herein.

64.     Defendants deny the allegations contained in this paragraph.

65.     Defendants deny the allegations contained in this paragraph.

66.     Defendants deny the allegations contained in this paragraph.

67.     Defendants deny the allegations contained in this paragraph.

68.     Defendants deny the allegations contained in this paragraph.

### AS TO THE THIRD COUNT
**(Violation of Civil Rights Pursuant to 42 U.S.C. §1983)**
**(Political Retaliation)**

69.     Defendants repeat and reaffirm each and every answer given above as though set forth at length herein.

70.     Defendants deny the allegations contained in this paragraph.

71.     Defendants deny the allegations contained in this paragraph.

72.     Defendants deny the allegations contained in this paragraph.

73.     Defendants deny the allegations contained in this paragraph.

74.     Defendants deny the allegations contained in this paragraph.

### AS TO THE FOURTH COUNT
**(Violation of Civil Rights Pursuant to 42 U.S.C. §1983)**
**(Failure to Implement Appropriate Policies, Customs, Practices and Procedures)**

75.     Defendants repeat and reaffirm each and every answer given above as though set forth at length herein

76.     This paragraph seeks a legal conclusion to which no response is required and Defendants leave Plaintiffs to their proofs.

77.     Defendants deny the allegations contained in this paragraph.

7

78.    Defendants deny the allegations contained in this paragraph.

79.    Defendants deny the allegations contained in this paragraph.

80.    Defendants deny the allegations contained in this paragraph.

### AS TO THE FIFTH COUNT
**(Violation of Civil Rights Pursuant to 42 U.S.C. §1983)**
**(Abuse of Process)**

81.    Defendants repeat and reaffirm each and every answer given above as though set forth at length herein.

82.    Defendants deny the allegations contained in this paragraph.

83.    Defendants deny the allegations contained in this paragraph.

84.    Defendants deny the allegations contained in this paragraph.

85.    Defendants deny the allegations contained in this paragraph.

86.    Defendants deny the allegations contained in this paragraph.

87.    Defendants deny the allegations contained in this paragraph.

### AS TO THE SIXTH COUNT
**(Intentional Infliction of Emotional Distress)**

88.    Defendants repeat and reaffirm each and every answer given above as though set forth at length herein.

89.    Defendants deny the allegations contained in this paragraph.

90.    Defendants deny the allegations contained in this paragraph.

91.    Defendants deny the allegations contained in this paragraph.

92.    Defendants deny the allegations contained in this paragraph.

93.    Defendants deny the allegations contained in this paragraph.

94.    Defendants deny the allegations contained in this paragraph.

95.    Defendants deny the allegations contained in this paragraph.

8

### AS TO THE SEVENTH COUNT
**(Violation of Civil Rights Pursuant to 42 U.S.C. §1983)**
**(Negligent Supervision)**

96.     Defendants repeat and reaffirm each and every answer given above as though set forth at length herein.

97.     Defendants deny the allegations contained in this paragraph.

98.     Defendants deny the allegations contained in this paragraph.

99.     Defendants deny the allegations contained in this paragraph.

100.    Defendants deny the allegations contained in this paragraph.

101.    Defendants deny the allegations contained in this paragraph.

102.    Defendants deny the allegations contained in this paragraph.

### AS TO THE EIGHTH COUNT
**(Tortious Interference)**

103.    Defendants repeat and reaffirm each and every answer given above as though set forth at length herein.

104.    Defendants admit that Sinclair was an employee with the Township of Mahwah. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and leaves Plaintiffs to their proofs.

105.    Defendants deny the allegations contained in this paragraph.

106.    Defendants deny the allegations contained in this paragraph.

107.    Defendants deny the allegations contained in this paragraph.

108.    Defendants deny the allegations contained in this paragraph.

109.    Defendants deny the allegations contained in this paragraph.

110.    Defendants deny the allegations contained in this paragraph.

111.    Defendants deny the allegations contained in this paragraph.

9

## AS TO THE NINTH COUNT
### (Conspiracy)

112.   Defendants repeat and reaffirm each and every answer given above as though set forth at length herein.

113.   Defendants deny the allegations contained in this paragraph.

114.   Defendants deny the allegations contained in this paragraph.

115.   Defendants deny the allegations contained in this paragraph.

116.   Defendants deny the allegations contained in this paragraph.

117.   Defendants deny the allegations contained in this paragraph.

## AS TO THE TENTH COUNT
### (Violation of Civil Rights Pursuant to 42 U.S.C. §1983)
### (Violation of Constitutional Rights)

118.   Defendants repeat and reaffirm each and every answer given above as though set forth at length herein.

119.   Defendants deny the allegations contained in this paragraph.

120.   Defendants deny the allegations contained in this paragraph.

## AS TO THE ELEVENTH COUNT
### (Respondeat Superior)

121.   Defendants repeat and reaffirm each and every answer given above as though set forth at length herein.

122.   Defendants deny the allegations contained in this paragraph.

123.   Defendants deny the allegations contained in this paragraph.

124.   Defendants deny the allegations contained in this paragraph.

125.   Defendants deny the allegations contained in this paragraph.

126.   Defendants deny the allegations contained in this paragraph.

127.   Defendants deny the allegations contained in this paragraph.

## AS TO THE TWELFTH COUNT
### (Wrongful Death)

128.   Defendants repeat and reaffirm each and every answer given above as though set forth at length herein.

129.   Defendants admit that Sinclair died on August 13, 2015. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph and leave Plaintiffs to their proofs.

130.   Defendants deny the allegations contained in this paragraph.

131.   Defendants admit the allegations contained in this paragraph.

132.   This paragraph seeks a legal conclusion to which no response is required and Defendants leave Plaintiffs to their proofs.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

## AFFIRMATIVE DEFENSES

1.   The plaintiffs have not complied with the New Jersey Tort Claims Act (N.J.S.A. 59:1-1 et. seq.).

2.   Any conduct which caused injuries to plaintiffs was caused by a third person over whom these defendants had no control or whose conduct these defendants are not liable.

3.   The defendants, as employees of a public entity within the New Jersey Tort Claims Act, are afforded immunity, exemptions and limitations as set forth in said Act and consequently, if liable to the plaintiffs, then said damages are limited by said Act.

11

4. Defendants assert absolute immunity.

5. Defendants deny any violation of public policy in the State of New Jersey.

6. Defendants assert that the Plaintiffs failed to provide a basis for assertion that they suffered a loss or damages as a result of any alleged incidents against various defendants.

7. Any injuries and damages were caused by and arose out of risks of which Plaintiffs had full knowledge and which Plaintiffs assumed.

8. Plaintiffs fail to set forth a claim of Constitutional dimension.

9. The Plaintiffs' claims are barred or, at the very least, the damages to which plaintiff may be entitled to are reduced by reason of the doctrine of comparative negligence in the Comparative Negligence Act of N.J.S.A. 2A:15-5.1 et.seq.

10. The Plaintiffs' claims are barred by reason of the Plaintiffs' contributory negligence.

11. Defendants were not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by Plaintiffs.

12. The Plaintiffs are barred for failure to state a claim for which relief can be granted.

13. Any damages suffered by the Plaintiffs were the result of Plaintiffs' own conduct and/or misconduct and actions.

14. The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of defendants.

15. Defendants deny the allegations of improper conduct as set forth in the Plaintiffs' Complaint; however, even the alleged misconduct does not rise to the level of a constitutional violation.

16. The Defendants did not violate any duty owed to the Plaintiffs under common law, statute, regulations or standards.

17. Defendants owed no legal duty to Plaintiffs.

18. Defendants performed each and every duty, if any, owed to Plaintiffs.

19. All of the actions of defendants were performed in good faith and in the performance of their duties, and they are, therefore, entitled to qualified immunity.

20. There was no willfulness involved in any of the events involving the factual basis upon which the suit is based.

21. The defendants, if involved at all, acted reasonably and properly under the circumstances.

22. The defendants had no direct and personal participation in the alleged occurrence.

23. No malicious intent of causing a deprivation of the Plaintiffs' civil rights and/or constitutional rights has been factually set out against defendants.

24. The defendants, at no time, violated any of plaintiffs' protected rights, privileges and/or immunities under the Constitution of the United States.

25. The defendants' actions were neither reckless, wanton, irresponsible, willful nor malicious.

26. The defendants acted on reasonable grounds and without malice and are not answerable in damages to the plaintiffs.

27. The defendants' conduct was never motivated by an evil intention or callous or reckless indifference.

28. Plaintiffs' claim is a frivolous action without any reasonable basis in law or equity, and cannot be supported by a good faith argument for extension, modification or reversal of existing law.

29. Plaintiffs' claims are barred by the applicable Statute of Limitations.

30. Plaintiffs' claims do not satisfy the District Court's jurisdictional limits.

31. Defendants are municipal employees who are not liable to plaintiff because they acted in good faith in the execution or enforcement of the laws of the State of New Jersey.

32. There was no willfulness on the part of defendants in any of the events upon which this suit was instituted.

33. The damages of plaintiffs are limited by the doctrine of avoidable consequences.

34. At all times relevant hereto, defendant acted within the scope of their lawful authority or apparent authority.

35. Plaintiffs' claims as alleged in the Complaint are not Federal law claims for which this Court has subject matter jurisdiction.

36. Plaintiffs have failed to exhaust their administrative remedies.

37.  Plaintiffs' cause of action is barred by the conduct of Plaintiffs, which constitutes estoppel.

38.  No punitive damages may be awarded against Defendants pursuant to N.J.S.A. 59:9-2c.

39.  No punitive damages may be awarded against Defendants, as their actions were never willful, wanton, evil-minded, or malicious.

40.  Plaintiffs are not entitled to an award of attorneys' fees as to any of the statutory claims contained in the Complaint, as Plaintiffs will not be the prevailing party as to these claims.

41.  This action may be barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, ultra vires, and/or the applicable statutes of limitation.

42.  Defendants have complied with all legal requirements, including, but not limited to, having acted in good faith and having exercised fair discretion in determining this matter.

43.  Defendants did not violate Plaintiffs' rights as protected by the United States Constitution.

44.  Defendants did not violate Plaintiffs' rights as protected by the New Jersey Constitution.

45.  Plaintiffs are not entitled to an award of attorneys' fees as to any of the civil rights claims contained in the Complaint.

46.  Plaintiffs' federal law claims are a frivolous action without any reasonable basis in law or equity, and cannot be supported by a good faith argument for extension, modification, or reversal of existing law, such that these Defendants are entitled to an award of attorneys' fees. Christianburg Garment v. E.E.O.C., 98 S. Ct. 694 (1978).

47.  Defendants neither took nor sanctioned any of the actions alleged by Plaintiffs.

48.  Sinclair's death was not caused by any acts and/or omissions on the part of the Defendants.

49.  Defendants could not and did not foresee the risks of damages or injuries which Plaintiffs allege.

50.  Defendants herein assert all defenses available under the Civil Rights Act of 1871 at 42 U.S.C. 1983.

14

51. Defendants are protected from both liability and overly intrusive discovery by reason of the doctrine of qualified immunity under <u>Harlow v. Fitzgerald,</u> 457 U.S. 800 (1982) and <u>Mitchell v. Forsythe,</u> 472 U.S. 511 (1985).

52. Defendants did not create or maintain a custom, practice or policy which proximately caused deprivation of Plaintiffs' civil rights pursuant to <u>Monell v. Dept. of Social Services,</u> 436 U.S. 658 (1978).

53. Any alleged statements made by Defendants were truthful and accurate.

54. These Defendants reserve the right to assert additional defenses upon completion of discovery and investigation.

**WHEREFORE,** Defendants demand judgment dismissing the Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

## DEMAND FOR DAMAGES

The attorney for plaintiffs is hereby required pursuant to Local Rule 8.1 to furnish to counsel within 20 days from the date hereof with a written statement of the amount of damages claimed in this action.

## DEMAND FOR TRIAL BY JURY

Defendants herein demands trial by jury on all issues.

## DESIGNATION OF TRIAL COUNSEL

Defendant hereby designates Natalia R. Angeli, Esq., as trial counsel in the within matter.

**BOTTA ANGELI, L.L.C.**
*Attorneys for Defendants,*

By  */s/ Christopher C. Botta*
    Christopher C. Botta [CCB-0844]

Dated: October 28, 2016

## CERTIFICATION

Pursuant to Local Rule 11.2, I certify that the matter in controversy is not the subject of any other action pending in any other Court, or of any pending arbitration or administrative proceeding.

BOTTA ANGELI, L.L.C.
*Attorneys for Defendants,*

By  */s/ Christopher C. Botta*
Christopher C. Botta [CCB-0844]

Dated: October 28, 2016


## CERTIFICATION OF SERVICE

I hereby certify that the original of the within Answer to the First Amended Complaint, Affirmative Defenses, Jury Demand, Designation of Trial Counsel, and Certification of Service, has been electronically filed with the Clerk of the United States District Court, District of New Jersey, and a copy has been served upon plaintiffs' attorney by first class mail.

BOTTA ANGELI, L.L.C.
*Attorneys for Defendants,*

By  */s/ Christopher C. Botta*
Christopher C. Botta [CCB-0844]

Dated: October 28, 2016

16