# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE BORISH SINCLAIR, individually and in her capacities as ADMINISTRATOR and ADMINISTRATOR *AD PROSEQUENDUM* of THE ESTATE OF EDWARD F. SINCLAIR, | Hon. Michael A. Hammer United States Magistrate Judge Civil Action No. 16-01568 (MAH) |
| Plaintiffs, | Motion Returnable:  March 5, 2018 |
| v. | Electronically Filed |
| TOWNSHIP OF MAHWAH,   WILLIAM LAFORET, individually and in his official capacity as the Mayor of the Township of Mahwah, JAMES BATELLI, individually and in his official capacity as the Chief of Police of the Township of Mahwah, John Doe 1 and John Doe 2. | |
| Defendants. | |

**MEMORANDUM OF LAW ON BEHALF OF PLAINTIFFS
IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER GRANTING
PLAINTIFFS LEAVE OF COURT TO AMEND THEIR PLEADING AND
FILE A SECOND AMENDED COMPLAINT**

**CAMARINOS LAW GROUP, LLC**
Michael D. Camarinos, Esq.
411 Hackensack Avenue, 2nd Floor
Hackensack, New Jersey 07601
Telephone:  (201) 509-5000
*Attorneys for Plaintiffs*

## PRELIMINARY STATEMENT

Plaintiffs Jacqueline Borish Sinclair, individually, and in her capacities as Administrator and Administrator *Ad Prosequendum* of The Estate of Edward F. Sinclair ("Plaintiffs"), submit this brief in support of their motion for entry of an Order granting Plaintiffs leave of Court to amend their pleading and file a Second Amended Complaint.

## FACTS

Plaintiffs rely upon the facts as set forth in their proposed Second Amended Complaint which is annexed as Exhibit B to the Certification of Michael D. Camarinos ("Camarinos Certification").

## ARGUMENT

### POINT I

### LEAVE TO AMEND SHOULD BE GRANTED

Amendments of pleadings, other than those which are allowed as a matter of course, or to which an adverse party consents in writing, may be made only by leave of court. Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states that leave to amend a pleading "shall be freely given when justice so requires." Id. Indeed, a motion for leave to amend a pleading should be denied only when the amendment would cause undue delay, is made in bad faith or with a dilatory motive, would cause undue prejudice to the opposing party, or if the amendment is futile. See e.g.,

Arthur v. Maersk, Inc., 434 F.3d 196, 203 (3d Cir. 2006)(internal citations omitted); see also Foman v. Davis, 371 U.S. 178, 182 (1962).  Absent such grounds for denial, "it is an abuse of discretion for a district court to deny leave to amend."  See Alvin v. Suzuki, 227 F.3d 107, 121 (3rd Cir. 2000).

Here, there can be no undue delay or dilatory motive as the motion for leave is filed in accordance with the Amended Scheduling Order issued by the Court on November 17, 2017 (the "Amended Scheduling Order"), which contemplated in ¶ 6 that "any motion to add new parties or amend pleading must be filed no later than  January 31, 2018."  See Exhibit A to the Camarinos Certification.

Presently, this action is still in the fact discovery phase and the parties have not yet conducted depositions.  Therefore, it is abundantly clear that this motion has been made in an expeditious fashion.  Courts have shown a strong liberality in allowing such amendments even as late as at the close of plaintiff's evidence.  See Boileau v. Bethlehem Steel Corp., 730 F.2d 929, 938 (3rd Cir. 1984), cert. den. 469 U.S. 871 (1984); Martin v. Virgin Islands National Bank, 455 F.2d 985 (3d Cir. 1972).  This is because "the moving party ought to be afforded an opportunity to test its claim on the merits, if the underlying facts and circumstances may be a proper subject for relief." Fishbein Family Partnership v. PPG Industries, Inc., 871 F.Supp. 764, 767 (D.N.J. 1994), citing Foman v. Davis, supra.

Even though fact discovery is ongoing, courts have held that it will not be considered undue delay or prejudice to permit the amendment of complaints when a party seeks to amend for purposes of stating an alternative theory of recovery or another issue of law that would not require discovery of any new facts even after the close of discovery. Foman v. Davis, 371 U.S. 178, 182 (1962)(internal citations omitted). Here, the motion has been filed in accordance with the Amended Scheduling Order and prior to the completion of fact discovery.

Moreover, the proposed amendment sets forth the same claims of the originally filed complaint, which on their face, are not futile. Most of the factual allegations already are set forth in the First Amended Complaint, but corrected for a few errors and to include one additional cause of action for breach of contract.

It is well established that the burden to demonstrate substantial prejudice by a proposed amendment falls on the opposing party. See, e.g., Penn Galvanizing Co. v. Lukens Steel Co., 65 F.R.D. 80 (E.D.N.Y. 1974). The Defendants cannot meet that burden because Defendants cannot possibly be prejudiced by the inclusion of an additional count for breach of contract.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully submit that their motion should be granted.

Dated:	January 30, 2018

                                      Respectfully submitted,

                                      CAMARINOS LAW GROUP, LLC
                                      *Attorneys for Plaintiffs*

                                      By:   */s/Michael D. Camarinos*
                                                 Michael D. Camarinos