**CAMARINOS LAW GROUP**
——— LLC ———

411 Hackensack Avenue, 2nd Floor
Hackensack, New Jersey 07601
Telephone:  (201) 509-5000
Facsimile:   (800) 509-9734

**Michael D. Camarinos, Esq.**
A Member of the N.J. and N.Y. Bar

February 12, 2018

<u>VIA ECF</u>
The Honorable Michael A. Hammer
United States Magistrate Judge
United States District Court
50 Walnut Street
Newark, NJ 07102

Re:   **Sinclair et al. v. Township of Mahwah et al.**
       **Civil Action No. 16-cv-01568-MAH**

Dear Judge Hammer:

This firm represents Plaintiffs Jacqueline Borish Sinclair, individually, and in her capacities as Administrator and Administrator *Ad Prosequendum* of The Estate of Edward F. Sinclair (the "Plaintiffs") in the above-referenced action.

We submit this discovery letter jointly with i) Zimmerer, Murray, Conyngham & Kunzier, counsel for Defendant Township of Mahwah (the "Township" or "Mahwah"), ii) Genova Burns LLC, counsel for Defendant William Laforet, individually and in his official capacity as the Mayor of the Township of Mahwah ("Laforet"), and iii) Botta Angeli, LLC, counsel for Defendant James Batelli, individually and in his official capacity as the Chief of Police of the Township of Mahwah ("Batelli") (the "Township", "Laforet" and "Batelli" collectively referred to as "Defendants").

The parties submit this joint status/discovery letter prior to the status conference scheduled for February 13, 2018 at 12:00 p.m.

<u>STATUS</u>

Pursuant to the Amended Scheduling Order issued on November 17, 2017 (the "Amended Scheduling Order"), the parties were ordered to conduct discovery as follows:

**1.     Defendants Township and Batelli shall amend their privilege logs by December 16, 2017.**

While the Defendant Township and Defendant Batelli initially amended their privilege logs prior to December 16, 2017, each named defendant has had to subsequently amend their privilege logs at least once, or twice more, as recently as February 12, 2018, after Plaintiffs raised issue over the scope and nature of Defendants' amended privilege logs in written correspondence to

The Hon. Michael A. Hammer, U.S.M.J.
February 12, 2018
Page 2 of 6

Defendants on January 30, 2018.  After scheduling issues involving the more than five attorneys involved in this matter, counsel engaged in a telephonic meeting and conferred in an attempt to resolve various disputes over the scope of their productions and written responses on February 12, 2018.  While counsel identified and addressed the issues, efforts to resolve them have been largely unsuccessful.  The parties have reached an impasse and require additional time to brief these issues as well as the Court's review and determination.  The privilege log dispute and withholding of certain communications will be more fully addressed below.

**2.      By December 16, 2017, Defendants shall indicate to Plaintiff and the Court whether they consented to proceed under Rule 502(d).**

Defendants failed to indicate same to the Plaintiffs and the Court.  While Plaintiffs subsequently advised Defendants that such silence was taken as a rejection of the request to proceed under Rule 502(d), Defendants have not indicated their consent.  Given the dispute as to the production of certain communications and documents addressed herein, Defendants do not consent to proceed under Rule 502(d).

**3.      By December 8, 2017, Plaintiff shall identify all medical providers to Defendants and shall provide to Defendants all fully-executed HIPAA releases.**

Plaintiffs complied and have identified all medical providers and provided Defendants with fully-executed HIPAA releases to obtain relevant records.  Defendants received 24 medical releases from Plaintiffs on or about December 11, 2017.  Among the authorizations were Medical Releases for Benjamin Sinclair, the son of Jacqueline and Edward Sinclair.  Defendant Batelli requested clarification as to why Benjamin Sinclair was included for which Plaintiffs' provided such clarification on February 12, 2018.  On December 19, 2017 correspondence was sent to Jacqueline and Edward Sinclair's medical providers requesting the medical records.

On or about February 6, 2018, the parties were served with voluminous documents in response to service of the HIPAA releases from certain medical providers, but others are outstanding including those concerning Edward Sinclair.  All Medical Records that have been received have been forwarded to all parties.

Given the need to review such additional and other medical records, the parties request that the time to review and raise discovery issues concerning these records be extended by forty-five (45) days.

**4.      Fact discovery, including any depositions of fact witnesses and individuals who will give lay opinion testimony, is to remain open through April 30, 2018.**

As the parties must first resolve this dispute concerning the withholding of certain communications to avoid having to re-depose the more than twenty (20) expected fact witnesses, it is respectfully requested that the deadlines to complete fact discovery, depositions and expert discovery be extended a reasonable time.

The Hon. Michael A. Hammer, U.S.M.J.
February 12, 2018
Page 3 of 6

**5.      All discovery disputes shall be brought to the Court's attention no later than January 31, 2018.**

The parties have met and conferred over certain discovery disputes consistent with the Amended Scheduling Order and the Court's Order filed February 5, 2018.  Other disputes arising from documents not yet received or which will be produced in supplemental productions will require an extension of this deadline.

**6.      Any motion to add new parties or amend pleading must be filed no later than January 31, 2018.**

On January 30, 2018, Plaintiffs filed a motion for leave of court to file a Second Amended Complaint to include a Thirteenth Count for Breach of Contract and to otherwise correct certain allegations.  The motion is returnable on March 5, 2018.

Defendant Township of Mahwah objects to the motion and will be submitting opposition the basis of which is twofold.  First, the plaintiffs are seeking to amend the complaint to correct and add items without setting forth any detail regarding those "corrections" and "additions."  Second, the Township opposes the addition of a breach of contract claim as the plaintiffs have set forth no documentation to justify the addition of a new claim.

Plaintiffs reject the Defendant Township of Mahwah's objections as the amendments and/or corrections were immaterial in nature and limited to the following:

> Paragraph 18(e):      **Deleting "Sinclair"** from the paragraph which was included in the First Amended Complaint in error as follows "**Sinclair,** Laforet and Batelli conspired in failing to enforce municipal policies, customs, practices and procedures of the Township, failing to report the incident to a national accreditation agency, hiding the incident from local media and failing to take disciplinary action against the police officer."

> Paragraph 26:  Upon information and belief, on or about February 27, 2015 the Bergen County Prosecutor's Office determined that no child pornography or other pornography was found on any of the DPW computers **except for one computer which was unrelated to Edward Sinclair. (adding bolded text)**

> Paragraph 29:  On or about March 2, 2015, the Bergen County Prosecutor's Office returned all of the investigated computers to the **Mahwah Police Department. (replacing DPW with Mahwah Police Department)**

Furthermore, Plaintiffs contend that the basis for the Breach of Contract claim is set forth in the General Releases dated March 26, 2015 and March 27, 2015 which have been produced by both the Township of Mahwah and the Plaintiffs in responding to discovery requests in this action and which have been substantially referenced in Paragraphs 134 and 135 of the proposed Second Amended Complaint.

The Hon. Michael A. Hammer, U.S.M.J.
February 12, 2018
Page 4 of 6

### DISCOVERY DISPUTES CONCERNING ALLEGED PRIVILEGED COMMUNICATIONS THAT THE PARTIES WOULD LIKE TO DISCUSS

#### I.  *Defendant Police Chief Batelli*

A.  Plaintiffs maintain that all communications between Police Chief Batelli and the Township Attorney regarding investigations and forensic computer examinations subsequent to the March 19, 2015 exchange of releases between the parties are real evidence and key evidentiary issues in this case.  Further the same were not made for the purpose of securing legal advice or assistance.  Accordingly, Plaintiffs maintain that the attorney client privilege does not cover these communications.

B.  Defendant Chief Batelli maintains that these documents are protected by the attorney client privilege to the full extent provided by law.

#### II. *Defendant Mayor Laforet*

A.  Plaintiffs maintain that (i) the privilege log contains insufficient information identifying the nature of the communication, e.g. "Sinclair Matter", "Gateway Computer", "Sinclair" or "Confidential" to make a determination as to whether the attorney client privilege is appropriately asserted; (ii) communications solely between the members of the governing body which are copied ("cc") to Township Attorney do not constitute an attorney client communication, were not made for the purpose of providing legal advice, were obviously made for informational purposes and are therefore not covered by the attorney client privilege; (iii) communications subsequent to the March 19, 2015 exchange of release between the parties concerning "criminal investigation", "Gateway Computer" and "Sinclair Matter"  are real evidence and key evidentiary issues in this case that go to the very core of the allegations asserted against this defendant.  In almost every instance, the description of the communication provides that it covers "Email relating to attorney-client communication" regarding "personnel issues" or "settlement", which is non-descriptive.  Accordingly, Plaintiffs maintain that the attorney client privilege does not cover these communications.

B.  Defendant Mayor Laforet maintains that the privilege log sufficiently describes the communications being withheld as privileged as it contains the senders and recipients of the e-mail communications, the e-mail's subject line, a description of the communication, and the basis on which the communication is being withheld. Defendant states that he has withheld communications that were sent to or from an attorney and/or which reflect the legal advice of an attorney.  Defendant disagrees with Plaintiff's contention that attorney-client privilege may not be asserted over communications in which an attorney appears in the "CC" field, particularly when such communications reflect legal advice. These communications are, as the privilege log reflects, part of ongoing attorney-client communications. Defendant also rejects Plaintiff's counsel's contention that certain e-mails (which they have not seen) were "obviously made for informational purposes" and

The Hon. Michael A. Hammer, U.S.M.J.
February 12, 2018
Page 5 of 6

are not privileged.  Finally, Defendant states that it is still unclear why Plaintiff believes that Defendant is not entitled to assert privilege "subsequent to the March 19, 2015 exchange of release between the parties", Vague references to "real evidence" and "key evidentiary issues" are not legitimate legal bases to challenge an assertion of attorney-client privilege.

### III. Defendant Township

A. Plaintiffs maintain that (i) the privilege log contains insufficient information identifying the nature of the communication, e.g. "Forensic computer examination", "Gateway computer", "Officer Zito presentation" or "Criminal Investigation" to make a determination as to whether the attorney client privilege is appropriately asserted; (ii) communications solely between the members of the governing body which are copied ("cc") to Township Attorney does not constitute an attorney client communication, were not made for the purpose of providing legal advice, were obviously made for informational purposes and are therefore not covered by the attorney client privilege; (iii) communications between the Defendants  and members of the governing body of the Township or its administrator, and/or and to or from or "cc'd" to the Township Attorney subsequent to the March 19, 2015 exchange of release between regarding "criminal investigation", "Gateway Computer", "Computer investigation", and "Officer Zito presentation"  are real evidence and key evidentiary issues in this case that go to the very core of the allegations asserted against this defendant.  Accordingly, Plaintiffs maintain that the attorney client privilege does not cover these communications.

B. Defendant Township maintains that the privilege log as supplemented by counsel's letter of February 6, 2018 and Second Revised Privilege Log emailed to plaintiffs' counsel on February 12, 2018 adequately addresses the issues raised by the Plaintiffs.

Copies of correspondence and privilege logs are annexed hereto as follows:

| EXHIBIT | CORRESPONDENCE/PRIVILEGE LOG | DATE |
|---------|------------------------------|------|
| Exhibit A | Chief Batelli – Initial Privilege Log & Table of Documents | 8-16-2017 |
| Exhibit B | Mayor Laforet – Initial Privilege Log | 9-21-2017 |
| Exhibit C | Township of Mahwah – Initial Table of Documents | 9-27-2017 |
| Exhibit D | Township of Mahwah – Revised Privilege Log | 11-27-2017 |
| Exhibit E | Chief Batelli – Amended Privilege Log | 12-06-2017 |
| Exhibit F | Plaintiffs' Objections to Township of Mahwah re Privilege Log | 1-30-2018 |
| Exhibit G | Plaintiffs' Objections to Mayor Laforet re Privilege Log | 1-30-2018 |
| Exhibit H | Plaintiffs' Objections to Chief Batelli re Privilege Log | 1-30-2018 |
| Exhibit I | Chief Batelli – Second Amended Privilege Log | 2-06-2018 |
| Exhibit J | Township of Mahwah – Letter Responding to 1-30-2018 Letter | 2-06-2018 |
| Exhibit K | Mayor Laforet – Letter Responding to 1-30-2018 Letter | 2-08-2018 |
| Exhibit L | Township of Mahwah – Second Revised Table of Documents | 2-12-2018 |

The Hon. Michael A. Hammer, U.S.M.J.
February 12, 2018
Page 6 of 6

## **CONCLUSION**

Defendants do not consent to a Federal Rule of Evidence 502(d) order.  Absent the Court's order for an *in camera* review of the documents to which the attorney client privilege is asserted, the resolution of these issues would undoubtedly involve extensive motion practice. Plaintiffs consent to the Court's *in camera* review to expedite the resolution of this dispute.

Due to the ongoing nature of discovery, the parties respectfully request that the deadline for Plaintiffs to file a motion to compel the production of certain withheld communications by Defendants on the basis of the attorney client privilege to be filed by or on March 9, 2018.

As the parties still are in the process of obtaining certain medical documents in connection with service of HIPAA requests and the likelihood that depositions will only result in additional requests for documents and potential disputes, the parties further respectfully request that the deadline to raise subsequent and other discovery disputes be relaxed and extended through the end of fact discovery.

Last, the parties consent to subpoena and obtain the entire file concerning the Bergen County Prosecutor's Office's investigation of the computers seized at the Department of Public Works of the Township of Mahwah in or about February 2015.   However, Plaintiffs dispute that Defendants have produced the entire file of the Mahwah Police Department concerning its own review and investigation, which Plaintiffs contend should include all communications thereof, which may result in subsequent motion practice.

We thank Your Honor for his consideration and management of this matter.

Respectfully submitted,

CAMARINOS LAW GROUP, LLC

*/s/Michael D. Camarinos*

Michael D. Camarinos, Esq.

cc:    Robert Zimmerer, Esq. (Via ECF)
       Diana Powell McGovern, Esq. (Via ECF)
       Peter F. Berk, Esq. (Via ECF)
       Michael K. Fortunato, Esq. (Via ECF)
       Natalia R. Angeli, Esq. (Via ECF)

# EXHIBIT A

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

**BOTTA ANGELI, L.L.C.**
50 South Franklin Turnpike
Ramsey, New Jersey 07446
(201) 818-6400
[NRA-2630]
*Attorneys for Defendant,*
*Chief James Batelli*

|  |  |
|---|---|
| JACQUELINE BORISH SINCLAIR, individually and in her capacities as ADMINISTRATOR and ADMINISTRATOR *AD PROSEQUENDUM* of THE ESTATE OF EDWARD F. SINCLAIR,<br><br>          Plaintiffs,<br><br>vs.<br><br>TOWNSHIP OF MAHWAH, WILLIAM LAFORET, individually and in his official capacity as the Mayor of the Township of Mahwah, JAMES BATELLI, individually and in his official capacity as the Chief of Police of the Township of Mahwah, John Doe 1 and John Does 2,<br><br>          Defendants. | Civil Action No.: 2:16-cv-01568-KM-MAH<br><br><br>Civil Action<br><br>**PRIVILEGE LOG** |

| DOCUMENT | BATE STAMP NUMBER | PRIVILEGE |
|---|---|---|
| Letter from Township Attorney, Brian Chewcaskie, Esq., to Mayor Laforet and Council President Roth re: Sinclair Matter dated March 27, 2015 | 121-122 | **Attorney Client Communication** |

1

| | | |
|---|---|---|
| Letter from Township Attorney, Brian Chewcaskie, Esq., to Chief Batelli re: Sinclair Matter dated April 1, 2015 | 123-124 | **Attorney Client Communication** |
| Letter from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq. re: Forensic Computer Examination dated April 7, 2015 | 125 | **Attorney Client Communication** |
| Letter from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq., dated April 13, 2015 | 126-128 | **Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to Chief Batelli re: Investigation – Gateway Computer dated April 20, 2015 | 129-130 | **Attorney Client Communication** |
| Email exchange between Township Attorney, Brian Chewcaskie, Esq. and Chief Batelli Subject: Investigation – Gateway Computer dated April 20, 2015 | 131 | **Attorney Client Communication** |
| Letter to Township Attorney, Brian Chewcaskie, Esq.,  from Chief Batelli re: Township Computer Hard Drive dated August 15, 2015 | 132-134 | **Attorney Client Communication** |
| Email from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq., dated April 19, 2015 Subject: Rice Notice | 135 | **Attorney Client Communication** |

2

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

**BOTTA ANGELI, L.L.C.**
50 South Franklin Turnpike
Ramsey, New Jersey 07446
(201) 818-6400
[NRA-2630]
*Attorneys for Defendant,*
*Chief James Batelli*

| | |
|---|---|
| JACQUELINE BORISH SINCLAIR, individually and in her capacities as ADMINISTRATOR and ADMINISTRATOR *AD PROSEQUENDUM* of THE ESTATE OF EDWARD F. SINCLAIR, | Civil Action No.: 2:16-cv-01568-KM-MAH |
| Plaintiffs, | Civil Action |
| vs. | **TABLE OF DOCUMENTS** |
| TOWNSHIP OF MAHWAH, WILLIAM LAFORET, individually and in his official capacity as the Mayor of the Township of Mahwah, JAMES BATELLI, individually and in his official capacity as the Chief of Police of the Township of Mahwah, John Doe 1 and John Does 2, | |
| Defendants. | |

| Document | Bate Stamp Number | Applicable Privilege |
|---|---|---|
| Notice of Tort Claim dated June 16, 2015 with Attachment for Edward F. Sinclair and Jacqueline Sinclair | 1-27 | |

1

| | | |
|---|---|---|
| Anonymous Letter sent to Bergen County Prosecutor's Office regarding inappropriate use of DPW computes and Edward Sinclair | 28-29 | |
| General Release signed by Edward Sinclair and the Township dated March 27, 2015 | 30-34 | |
| Initial report of Officer Zito during Forensic Examination and Supporting documents related to purchases and items found on server | 35 -52 | |
| Resolution Reinstating Edward Sinclair and Payment of $35,000.00 in Attorney fees dated April 9, 2015 | 53-55 | |
| Cover letter dated November 12, 2014 from Office of State Comptroller to Brian Campion on Anonymous Letter and Allegation regarding appointment of Edward Sinclair as DPW Director. | 56-58 | |
| Chain of Custody Report | 59 -63 | |
| E-mail from Council President to Chief dated August 13, 2015 re: death of Edward Sinclair | 64-65 | |
| E-mail from Council President regarding death of Edward Sinclair and article in Mahwah Patch dated August 13, 2015 | 66-67 | |
| Email to Council President John Roth regarding funeral details for Edward Sinclair dated August 15, 2015 | 68-69 | |
| Ed Wysocki complaint dated 3/12/15 alleging wrongdoing by the Police Department and Chief | 70-71 | |
| Emails between Business Administrator, Brian | 72-75 | |

| | | |
|---|---|---|
| Campion, Internal Affairs Officer Harry Hunt, and Chief James Batelli regarding complaint received by Edward Wysocki | | |
| Email from John Roth to Mayor, Township Attorney, and Brian Chewcaskie dated March 30, 2015 | 76-77 | |
| Email sent to Prosecutor John Molinelli dated March 30, 2015 | 78-79 | |
| Correspondence sent to Mahwah Township Council on Closed Work Session Council meeting (April 8, 2015) attended by Officer Rosario Zito dated April 8, 2015 | 80-82 | |
| CV of Officer Rosario Zito | 83-85 | |
| E-mail from Council President John Roth to Chief Batelli dated April 9, 2015 | 86-88 | |
| Email from Business Administrator, Brian Campion, to Mayor, Council and Chief Batelli dated April 9, 2015 | 89-91 | |
| Email to Council President John Roth dated April 10, 2015 | 92-93 | |
| Email from Council President, John Roth, to Mayor, Council, and Chief Batelli dated April 10, 2015 | 94-95 | |
| E-mail from Chief Batelli to Mayor Laforet dated April 14, 2015 | 96-97 | |
| E-mail sent to Bergen County Prosecutor John Molinelli dated April 7, 2015 | 98-99 | |
| Correspondence sent to Mayor Laforet and Township Council dated April 23, 2015 | 100-104 | |
| Emails between Chief Batelli and Bergen County | 105-108 | |

3

| Prosecutor's Office | | |
|---|---|---|
| Email from Council President John Roth to Business Administrator Brian Campion dated April 29, 2015 | 109-110 | |
| Correspondence from Angelo Genova to Township Attorney, Brian Chewcaskie, dated June 22, 2015 | 111-113 | |
| Correspondence to Angelo Genova from Township Attorney, Brian Chewcaskie dated June 23, 2015 | 114-115 | |
| Email from Business Administrator, Brian Campion, to Chief James Batelli dated August 7, 2015 | 116-117 | |
| Email from Bergen County Prosecutor John Molinelli dated March 31, 2015 | 118-120 | |
| Letter from Township Attorney, Brian Chewcaskie, Esq., to Mayor Laforet and Council President Roth re: Sinclair Matter dated March 27, 2015 | 121-122 | **Intentionally Omitted – Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq., to Chief Batelli re: Sinclair Matter dated April 1, 2015 | 123-124 | **Intentionally Omitted – Attorney Client Communication** |
| Letter from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq., re: Forensic Computer Examination dated April 7, 2015 | 125 | **Intentionally Omitted – Attorney Client Communication** |
| Letter from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq. dated April 13, 2015 | 126-128 | **Intentionally Omitted – Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq., to Chief Batelli re: Investigation – Gateway Computer dated April 20, 2015 | 129-130 | **Intentionally Omitted – Attorney Client Communication** |

4

| | | |
|---|---|---|
| Email exchange between Township Attorney, Brian Chewcaskie, Esq., and Chief Batelli Subject: Investigation – Gateway Computer dated April 20, 2015 | 131 | **Intentionally Omitted – Attorney Client Communication** |
| Letter to Township Attorney, Brian Chewcaskie, Esq., from Chief Batelli Re: Township Computer Hard Drive dated August 15, 2015 | 132-134 | **Intentionally Omitted – Attorney Client Communication** |
| Email from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq., dated April 19, 2015 Subject: Rice Notice | 135 | **Intentionally Omitted – Attorney Client Communication** |
| Encase Report | On flash drive | |
| 2/10 Voicemail Recording from Jason Love from BCPO | Recording | |

# EXHIBIT B

**SINCLAIR v. TOWNSHIP OF MAHWAH et al.**
**Civil Action No. 2:16-cv-001568-KM-MAH**
**PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET**

| Date | From/ Author | To | CC | Subject | Description | Basis |
|---|---|---|---|---|---|---|
| 3/9/2015 | Mary Brunner | William Laforet; Brian Campion | | Termination Agreement | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/9/2015 | Mary Brunner | William Laforet; Brian Campion; Brian Chewcaskie, Esq. | | Notice of Removal & Termination | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/9/2015 | John Roth | Janet Ariemma; Lisa DiGiulio; Robert Hermansen; Steve Sbarra; Jonathan Wong | Brian Campion; Brian Chewcaskie, Esq.; William Laforet; Kathy Coviello | CONFIDENTIAL | Email reflecting attorney-client communication and confidential personnel issues | Attorney-Client Communication / Open Public Meetings Act |
| 3/11/2015 | William Laforet | Brian Chewcaskie, Esq. | Brian Campion | Re: Calls and letter re Sinclair - Mahwah | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/11/2015 | Brian Chewcaskie, Esq. | Brian Campion | William Laforet | Re: Calls and letter re Sinclair - Mahwah | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/11/2015 | Brian Campion | Brian Chewcaskie, Esq. | William Laforet | Re: Calls and letter re Sinclair - Mahwah | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/11/2015 | William Laforet | Brian Chewcaskie, Esq. | | Approximately three weeks ago…. | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/11/2015 | Brian Chewcaskie, Esq. | Brian Campion; William Laforet | | Fwd: Calls and letter re Sinclair - Mahwah | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/12/2015 | John Roth | Brian Chewcaskie, Esq. | Brian Campion; William Laforet | Fwd: Please ..… | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/12/2015 | Brian Campion | James Batelli | William Laforet; Brian Chewcaskie, Esq. | FW: MPD Allegations | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/12/2015 | William Laforet | Brian Chewcaskie, Esq. | | Fwd: Correspondence Received | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/13/2015 | John Roth | Brian Chewcaskie, Esq. | Brian Campion; William Laforet | Re: Please .…. | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/13/2015 | John Roth | William Laforet | Brian Campion; Brian Chewcaskie, Esq.; Kathy Coviello | Council Closed Session March 19 | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/13/2015 | Brian Chewcaskie, Esq. | William Laforet | | Re: Correspondence Received | Email reflecting attorney-client communication | Attorney-Client Communication |

1

1421575_1 (21293.001)

SINCLAIR v. TOWNSHIP OF MAHWAH et al.
Civil Action No. 2:16-cv-001568-KM-MAH
PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET

| Date | From/ Author | To | CC | Subject | Description | Basis |
|---|---|---|---|---|---|---|
| 3/13/2015 | Brian Chewcaskie, Esq. | John Roth | Brian Campion; William Laforet | Re: Please …… | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/16/2015 | Brian Chewcaskie, Esq. | William Laforet; Brian Campion | | FW: Edward Sinclair - Request for Meeting | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/17/2015 | William Laforet | John Roth | Brian Campion; Brian Chewcaskie, Esq.; Kathy Coviello | RE: Council Closed Session March 19 | Email reflecting attorney-client communication and closed session regarding personnel issues | Attorney-Client Communication / Open Public Meetings Act |
| 3/18/2015 | William Laforet | Brian Chewcaskie, Esq. | | Ed Sinclair Letter | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/18/2015 | John Roth | Robert Hermansen | Robert Hermansen; William Laforet; Brian Campion; Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Steve Sbarra; Jonathan Wong | Re: Council Closed Session March 19 | Email reflecting attorney-client communication and closed session regarding confidential personnel issues | Attorney-Client Communication / Open Public Meetings Act |
| 3/18/2015 | Robert Hermansen | John Roth; William Laforet; Brian Campion; Brian Chewcaskie, Esq. | Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Steve Sbarra; Jonathan Wong | RE: Council Closed Session March 19 | Email reflecting attorney-client communication and closed sessions regarding confidential personnel issues | Attorney-Client Communication / Open Public Meetings Act |
| 3/22/2015 | John Roth | William Laforet; Brian Campion | Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Robert Hermansen; Steve Sbarra; Jonathan Wong | Gateway Computer | Email reflecting attorney-client communication and confidential personnel issues | Attorney-Client Communication / Open Public Meetings Act |
| 3/23/2015 | William Laforet | Brian Chewcaskie, Esq.; John Roth; Brian Campion | | RE: Sinclair | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/23/2015 | Brian Chewcaskie, Esq. | William Laforet | Brian Campion | FW: Mahwah | Email reflecting attorney-client communication | Attorney-Client Communication |

2

1421575_1 (21293.001)

SINCLAIR v. TOWNSHIP OF MAHWAH et al.
Civil Action No. 2:16-cv-001568-KM-MAH
PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET

| Date | From/ Author | To | CC | Subject | Description | Basis |
|------|--------------|-----|-----|---------|-------------|-------|
| 3/23/2015 | William Laforet | John Roth; Brian Campion | Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Robert Hermansen; Steve Sbarra; Jonathan Wong | RE: Gateway Computer | Email reflecting attorney-client communication and confidential personnel issues | Attorney-Client Communication / Open Public Meetings Act |
| 3/23/2015 | John Roth | William Laforet | Brian Campion; Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Robert Hermansen; Steve Sbarra; Jonathan Wong | RE: Gateway Computer | Email reflecting attorney-client communication and confidential personnel issues | Attorney-Client Communication / Open Public Meetings Act |
| 3/23/2015 | Robert Hermansen | John Roth | William Laforet; Brian Campion; Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Steve Sbarra; Jonathan Wong | RE: Gateway Computer | Email reflecting attorney-client communication and confidential personnel issues | Attorney-Client Communication / Open Public Meetings Act |
| 3/23/2015 | Robert Hermansen | William Laforet | John Roth; Brian Campion; Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Steve Sbarra; Jonathan Wong | RE: Gateway Computer | Email reflecting attorney-client communication and confidential personnel issues | Attorney-Client Communication / Open Public Meetings Act |

3

14121575_1 (21293.001)

SINCLAIR v. TOWNSHIP OF MAHWAH et al.
Civil Action No. 2:16-cv-001568-KM-MAH
PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET

| Date | From/ Author | To | CC | Subject | Description | Basis |
|---|---|---|---|---|---|---|
| 3/23/2015 | John Roth | William Laforet | Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Robert Hermansen; Steve Sharra; Jonathan Wong; Kathy Coviello; Brian Chewcaskie, Esq.; Brian Campion | Criminal Investigation | Email reflecting attorney-client communication and confidential personnel issues | Attorney-Client Communication / Open Public Meetings Act |
| 3/25/2015 | Brian Chewcaskie, Esq. | William Laforet; Brian Campion | John Roth | FW: Ed Sinclair | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/25/2015 | Brian Campion | Brian Chewcaskie, Esq. | William Laforet; John Roth; Kathy Coviello | Insurance Carrier Letter | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/27/2015 | William Laforet | Mary Brunner; John Roth | Brian Chewcaskie, Esq. | RE: Sinclair Matter | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/27/2015 | William Laforet | Mary Brunner; John Roth | Brian Chewcaskie, Esq. | RE: Sinclair Matter | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/27/2015 | John Roth | William Laforet | Mary Brunner; Brian Chewcaskie, Esq. | Re: Sinclair Matter | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/27/2015 | John Roth | William Laforet | Mary Brunner; Brian Chewcaskie, Esq. | Re: Sinclair Matter | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/27/2015 | Mary Brunner | John Roth; William Laforet | Brian Chewcaskie, Esq. | RE: Sinclair Matter | Email reflecting attorney-client communication | Attorney-Client Communication |

4

14121575_1 (21293.001)

SINCLAIR v. TOWNSHIP OF MAHWAH et al.
Civil Action No. 2:16-cv-001568-KM-MAH
PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET

| Date | From/ Author | To | CC | Subject | Description | Basis |
|------|-------------|-----|-----|---------|-------------|-------|
| 3/27/2015 | Mary Brunner | John Roth; William Laforet | Brian Chewcaskie, Esq. | RE: Sinclair Matter | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/27/2015 | William Laforet | John Roth | Mary Brunner; Brian Chewcaskie, Esq. | RE: Sinclair Matter | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/27/2015 | Mary Brunner | William Laforet; John Roth | | Sinclair Matter | Email reflecting attorney-client communication | Attorney-Client Communication |
| 3/28/2015 | William Laforet | Brian Chewcaskie, Esq. | John Roth; Angelo J. Genova, Esq. | Sinclair Agreement | Email reflecting attorney-client communication | Attorney-Client Communication |

5

14121575_1 (21293.001)

SINCLAIR v. TOWNSHIP OF MAHWAH et al.
Civil Action No. 2:16-cv-001568-KM-MAH
PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET

| Date | From/ Author | To | CC | Subject | Description | Basis |
|------|-------------|-----|-----|---------|-------------|-------|
| 3/29/2015 | John Roth | William Laforet | Angelo J. Genova, Esq.; Brian Chewcaskie, Esq. | Re: Sinclair Agreement | Email reflecting attorney-client communication | Attorney-Client Communication |
| 4/1/2015 | Mary Brunner | James Batelli | William Laforet; John Roth; Brian Campion | Sinclair Matter | Email reflecting attorney-client communication | Attorney-Client Communication |
| 4/2/2015 | Mary Brunner | William Laforet | John Roth | Sinclair Matter | Email reflecting attorney-client communication | Attorney-Client Communication |
| 6/23/2015 | Mary Brunner | William Laforet; James Batelli | | Sinclair - Mahwah | Email reflecting attorney-client communication | Attorney-Client Communication |

6

1412157S_1 (21293.001)

SINCLAIR v. TOWNSHIP OF MAHWAH et al.
Civil Action No. 2:16-cv-001568-KM-MAH
PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET

| Date | From/ Author | To | CC | Subject | Description | Basis |
|------|--------------|-----|-----|---------|-------------|-------|
| 6/23/2015 | Peter Berk, Esq. | Brian Chewcaskie, Esq. | William Laforet; Angelo J. Genova, Esq. | Sinclair v. Mahwah et al. | Email reflecting attorney-client communication | Attorney-Client Communication |

7

1421575_1 (21293.001)

# EXHIBIT C

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

Robert Zimmerer, Esq. (ID 010971985)
**ZIMMERER, MURRAY, CONYNGHAM & KUNZIER**
**250 Pehle Avenue – Suite 108**
**Saddle Brook, NJ  07663**
**Tel.  (201) 845-7077**
**Attorneys for Defendant, Township of Mahwah**

| | |
|---|---|
| JACQUELINE BORISH SINCLAIR, individually and in her capacities as ADMINISTRATOR and ADMINISTRATOR *AD PROSEQUENDUM* of THE ESTATE OF EDWARD F. SINCLAIR, <br><br> Plaintiffs, <br><br> vs. <br><br> TOWNSHIP OF MAHWAH, WILLIAM LAFORET, individually and in his official capacity as the Mayor of the Township of Mahwah, JAMES BATELLI, individually and in his official capacity as the Chief of Police of the Township of Mahwah, John Doe 1 and John Does 2, <br><br> Defendants. | Civil Action No.: 2:16-cv-01568-KM-MAH <br><br><br> Civil Action <br><br> **TABLE OF DOCUMENTS** |

| DOCUMENT | BATE STAMP NUMBER | PRIVILEGE |
|---|---|---|
| General Release | 1-2 | |
| Personnel Action Form dated June 27, 1996 | 3 | |

1

| | | |
|---|---|---|
| Personnel Action Form dated June 26, 1995 | 4 | |
| Memorandum dated June 20, 1995 from Mark Coren, Business Administrator | 5 | |
| Memorandum dated May 1, 1995 from Edward Sinclair with attachment | 6-8 | |
| Personnel Action Form dated August 31, 1990 with attachment | 9-10 | |
| Personnel Action Form dated May 9, 1989 | 11 | |
| Personnel Action Form dated June 28, 1988 | 13 | |
| Personnel Action Form dated May 1, 1987 | 15 | |
| Memorandum dated May 14, 1987 from Robert P. Hammer | 16 | |
| Training certificate dated March 7, 2008 | 17 | |
| Training certificate dated October 25, 2000 | 18 | |
| Training Certificate dated December 15, 1995 | 19 | |
| Documentation of Supervisory Education and Training: Alcohol and Drug Misuse dated December 15, 1995 | 20-23 | |

2

| | | |
|---|---|---|
| Memorandum dated March 22, 2000 RE: Step 4 Grievances from Business Administrator, Robert Gallione with attachments | 24-28 | |
| Memorandum dated March 16, 2000 from Robert J. Gallione, Business Administrator re: Grievance- New Salary Guide with attachment | 29-31 | |
| Memorandum dated March 9, 2000 from Robert J. Gallione, Business Administrator re: Grievance dated 3/3/00 | 32 | |
| Letter dated March 8, 2000 from Robert Witkowski to Robert J. Gallione Re: Blue Collar Grievance for Edward Sinclair | 33 | |
| Memorandum dated March 8, 2000 from Stanley Spiech, Director to Edward Sinclair | 34 | |
| Grievance form dated March 3, 2000 with attachment | 36-40 | |
| Employee Appraisal dated May 4, 1997 | 41-44 | |
| Personnel Action Form dated May 4, 1997 with attachment | 45-46 | |
| Personnel Action Form dated May 31, 2000 | 47 | |
| Employee Appraisal dated May 30, 2000 | 49-50 | |
| Personnel Action Form dated May 15, 1998 | 51 | |
| Employee Appraisal dated May 15, 1998 | 53-54 | |
| Personnel Action Form dated May 31, 2000 | 55 | |

| | | |
|---|---|---|
| Personnel Action Form dated May 15, 1998 | 59 | |
| Performance Appraisal dated May 2009 | 63-64 | |
| Performance Appraisal dated May 2008 | 65-66 | |
| Performance Appraisal dated May 2007 | 67-68 | |
| Performance Appraisal dated May 2006 | 69-70 | |
| Performance Appraisal dated May 2005 | 71-72 | |
| Employee Appraisal dated May 2004 | 73-74 | |
| Employee Appraisal dated May 2003 | 75-76 | |
| Employee Appraisal dated May 2002 | 77-78 | |
| Employee Appraisal dated May 2001 | 79-80 | |
| Performance Appraisal dated May 27, 2009 | 81-82 | |
| Performance Appraisal dated May 2008 | 83-84 | |
| Performance Appraisal dated May 2007 | 85-86 | |
| Performance Appraisal dated May 2006 | 87-88 | |
| Performance Appraisal dated May 2005 | 89-90 | |
| Employee Appraisal dated May 2004 | 91-92 | |

| | | |
|---|---|---|
| Employee Appraisal dated May 2003 | 93-94 | |
| Employee Appraisal dated May2002 | 95-95 | |
| Employee Appraisal dated June 2001 | 97-98 | |
| Personnel Action Form dated September 1, 2009 | 99-102 | |
| Job Posting- Superintendent dated July 31, 2009 with attachment | 103-105 | |
| Memorandum from Brian Campion dated August 29, 2009 | 106-107 | |
| Memorandum  from Brian Campion dated August 27, 2009 | 108 | |
| Letter from Edward Sinclair to Mr. Campion (Undated) | 110-113 | |
| Letter dated December 23, 2008 from Mayor Richard Martel | 113 | |
| Performance Appraisal dated September 20, 2013 | 114-115 | |
| Performance Appraisal dated May 2012 | 116-117 | |
| Performance Appraisal dated May 17, 2011 | 118-119 | |
| Performance Appraisal dated August 12, 2010 | 120-121 | |
| Personnel Action Form dated August 26, 2015 | 122-124 | |
| Memorandum from Marianne Poland to Jackie Sinclair | 125-126 | |
| Memorandum from Glenn Dowson to Marianne Poland | 127 | |

| | | |
|---|---|---|
| Personnel Action Form dated August 24, 2015 | 128 | |
| Personnel Action Form dated July 28, 2014 | 129 | |
| Resolution dated July 24, 2014 | 130 | |
| Personnel Action Form dated January 10,2013 | 131 | |
| Memorandum from Brian Campion to Edward Sinclair dated November 16, 2012 RE: Personnel issue | 132 | |
| Resolution dated May 8, 2014 authorizing an agreement with Jersey Professional Management | 133 | |
| Request for Certificate of Funds dated May 5, 2014 | 134 | |
| Amendment to 2014 Approved Budget | 135 | |
| Proposal for Recruitment and Temporary Employee Services from Jersey Professional Management | 136-139 | |
| Resolution dated July 23, 2016 re: Jersey Professional Management | 140-142 | |
| Jersey Professional Management Proposal dated June 28, 2016 | 143-147 | |
| Resolution dated August 20, 2015 Re: Tri-State Technical Computer Services, Inc. | 148-150 | |
| Contract between Township of Mahwah and Tri-State Technical Services dated August 31, 2015 | 151-161 | |
| Undated Letter from Edward Sinclair to Mr. Campion | 162-164 | |

6

| | | |
|---|---|---|
| Resolution dated April 10, 2014 affirming Civil Rights Policy | 165-166 | |
| Synopsis of Changes to Municipal Excess Liability Joint Insurance Fund | 167-168 | |
| Resolution dated April 24, 2014 adopting Personnel Policies and Procedures Manual | 169-170 | |
| General Personnel Policy | 171-194 | |
| Township of Mahwah Employee Handbook dated January 2014 | 195-238 | |
| Email from Township Attorney, Brian Chewcaskie, Esq. to John Roth, Council President re: Press Release dated April 8, 2015 | 239 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Township Attorney, Brian Chewcaskie, Esq. to John Roth, Council President and Brian Campion, Business Administrator dated April 7, 2015 | 240 | **Intentionally Omitted- Attorney Client Communication** |
| Letter from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq., re: Forensic Computer Examination dated April 7, 2015 | 241 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Brian Campion, Business Administrator to Township Attorney, Brian Chewcaskie, Esq., re: Sinclair Matter dated April 2, 2015 | 242 | **Intentionally Omitted- Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to Mayor William Laforet dated April 2, 2015 re: Sinclair Matter | 243-244 | **Intentionally Omitted- Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to James Batelli, Chief of Police dated April 1, 2015 | 245-246 | **Intentionally Omitted- Attorney Client Communication** |

| | | |
|---|---|---|
| Email from John Roth, Council President to Prosecutor Molinelli dated March 31, 2015 | 247-249 | |
| Email from Township Attorney, Brian Chewcaskie, Esq. to John Roth, Council President dated March 29, 2015 Re: Sinclair Agreement | 250-251 | **Intentionally Omitted- Attorney Client Communication** |
| Email from John Roth, Council President to Mayor William Floret dated March 29, 2015 re: Sinclair Agreement | 252-253 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Township Attorney Brian Chewcaskie, Esq. to Michael Camarinos, Esq. dated March 29, 2015 | 254 | |
| Email from Mayor William Laforet to Township Attorney, Brian Chewcaskie dated March 27, 2015 | 255 | **Intentionally Omitted- Attorney Client Communication** |
| Letter dated March 25, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Council President and Council Members re: Sinclair Matter | 256 | **Intentionally Omitted- Attorney Client Communication** |
| Letter dated March 27, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Mayor William Laforet and John Roth Council President re: Sinclair Matter | 257-258 | **Intentionally Omitted- Attorney Client Communication** |
| Letter dated March 25, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Mayor Laforet re: Sinclair Matter | 259-260 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Michael D. Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. dated March 25, 2015 re: Ed Sinclair | 261 | |
| Email from Michael D. Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. dated March 25, 2015 re: Sinclair-Mahwah | 262 | |

| | | |
|---|---|---|
| March 25, 2015 letter from Township Attorney, Brian M. Chewcaskie, Esq. to Michael D. Camarinos, Esq. re: Edward Sinclair- Township of Mahwah | 263 | |
| March 25, 2015 letter from Township Attorney, Brian M. Chewcaskie, Esq. to Michael D. Camarinos, Esq. re: Edward Sinclair- Township of Mahwah | 264 | |
| Email from John Roth, Council President to Township Attorney, Brian M. Chewcaskie, Esq. dated April 21, 2015 | 265-266 | **Intentionally Omitted- Attorney Client Communication** |
| Email from John Roth, Council President to Mayor William Laforet re Criminal Investigation dated April 21, 2015 | 267-268 | **Intentionally Omitted- Attorney Client Communication** |
| Email from John Roth, Council President to Township Council dated April 21, 2015 Re: Gateway Computer Investigation | 269-270 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Brian Campion, Business Administrator to Brian Chewcaskie, Esq. dated April 21, 2015 Re: April 19, 2015 email | 271 | **Intentionally Omitted- Attorney Client Communication** |
| Email from John Roth, Council President to Township Attorney, Brian M. Chewcaskie, Esq. dated April 20, 2015 Re: Rice Notice | 271-273 | **Intentionally Omitted- Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to James Batelli, dated April 20, 2015 Re: Investigation- Gateway Computer | 274-275 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Chief James N. Batelli to Township Attorney, Brian M. Chewcaskie, Esq. dated April 20, 2015 | 276 | **Intentionally Omitted- Attorney Client Communication** |

| | | |
|---|---|---|
| Email from Chief James N. Batelli to Township Attorney, Brian Chewcaskie, dated April 19, 2015 Re: Rice Notice | 277 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Council President John Roth to Township Attorney, Brian M. Chewcaskie, Esq. dated April 17, 2015 Re: Confidential | 278 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Mayor William Laforet to Brian Chewcaskie, Esq. dated April 18, 2015 | 279 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Chief James N. Batelli to Township Attorney, Brian M. Chewcaskie, Esq. dated April 17, 2015 | 280 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Council President, John Roth, to Township Attorney, Brian Chewcaskie, Esq. dated April 17, 2015 Re: Chief Batelli Letter | 281-284 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Brian M. Chewcaskie, Esq. to Mayor William Laforet dated April 15, 2015 | 285 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Mayor William Laforet to Township Attorney, Brian M. Chewcaskie, dated April 14, 2015 | 286 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Michael D. Camarinos, Esq. to Mary Brunner dated April 14, 2015 | 287-288 | |
| Email from Brian Campion to Mary Brunner re: Sinclair Matter dated April 14, 2015 | 289-290 | |
| Letter dated April 13, 2015 from Chief James N. Batelli to Township Attorney, Brian Chewcaskie, Esq. | 291-293 | **Intentionally Omitted-Attorney Client Communication** |
| April 10, 2015 letter from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 294 | |
| Email from John Roth, Council President to Chief James N. Batelli Re: Chief | 295-298 | **Intentionally Omitted-Attorney Client Communication** |

10

| | | |
|---|---|---|
| Batelli Letter to Council dated April 8, 2015 | | |
| Email from Brian Campion, Business Administrator to John Roth, Chief Batelli dated April 9, 2015 | 299-301 | |
| Email from John Roth, Council President to Township Attorney, Brian Chewcaskie, Esq. dated April 9, 2015 | 302-304 | **Intentionally Omitted- Attorney Client Communication** |
| Email from John Roth, Council President to Township Attorney, Brian Chewcaskie, Esq. dated April 9, 2015 | 305-306 | **Intentionally Omitted- Attorney Client Communication** |
| Invoice from Camarinos Law Group, LLC dated April 9, 2015 | 307 | |
| Letter dated April 8, 2015 from James N. Batelli, Chief of Police to Township Council | 308-309 | |
| Email from Mary Brunner to Township Attorney, Brian Chewcaskie, Esq. dated June 23, 2015 | 310 | **Intentionally Omitted- Attorney Client Communication** |
| Letter dated June 23, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Angelo Genova, Esq. | 311 | |
| Letter dated June 22, 2015 from Angelo Genova, Esq. to Township Attorney, Brian Chewcaskie, Esq. | 312-313 | |
| Email from Township Attorney, Brian Chewcaskie, Esq. to Mary Brunner | 314 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Township Attorney, Brian M. Chewcaskie, Esq. to Kathy Coviello dated June 1, 2015 | 315 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Kathy Coviello to Township Attorney, Brian M. Chewcaskie, Esq. dated June 1, 2015 | 316 | **Intentionally Omitted- Attorney Client Communication** |

11

| | | |
|---|---|---|
| Letter dated May 7, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 317 | |
| Letter dated May 7, 2015 from John M. Mavroudis to Brian Chewcaskie, Esq. | 318 | |
| Letter dated May 6, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Wendy Kaliner | 319 | |
| Email from Denise Storms, QPA to Township Attorney, Brian Chewcaskie, Esq. dated May 5, 2015 | 320 | **Intentionally Omitted-Attorney Client Communication** |
| Letter dated May 1, 2015 from Township Attorney, Brian Chewcaskie, Esq. to John J. Hoffman, Acting Attorney General | 321-322 | |
| Email from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq. dated April 30, 2015 | 323-325 | **Intentionally Omitted-Attorney Client Communication** |
| April 29, 2015 letter from Summit Risk Services to Township of Mahwah re: Reservation of Rights | 326-333 | |
| Letter dated April 23, 2015 from James N. Batelli to Mayor and Council | 334-337 | |
| Email from Council President, John Roth to Township Attorney, Brian Chewcaskie, Esq. dated April 22, 2015 Re: Cost of Investigation | 338 | **Intentionally Omitted-Attorney Client Communication** |
| Email from John Roth, Council President to William Laforet Re: K-9 | 339-340 | |
| Email from John Roth, Council President to Mark Bonamo dated March 24, 2015 | 341 | |
| Letter dated March 23, 2015 from Summit Risk Services to Township of Mahwah | 342-343 | |

12

| | | |
|---|---|---|
| Letter dated March 23, 2015 from Township Attorney Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 344 | |
| Email dated March 23, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 345-346 | |
| Email from Brian Campion, Township Business Administrator to Township Attorney, Brian Chewcaskie, Esq. dated March 23, 2015 | 347-348 | **Intentionally Omitted-Attorney Client Communication** |
| Email from John Roth to William Laforet dated March 22, 2015 Re: Gateway Computer | 349-350 | |
| Email from Michael Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. dated March 19, 2015 | 351-354 | |
| Email from Chief James N. Batelli to Township Attorney, Brian Chewcaskie, Esq. dated March 19, 2015 | 355 | **Intentionally Omitted-Attorney Client Communication** |
| Memorandum from Township Attorney, Brian Chewcaskie, Esq. to Mayor Laforet dated March 17, 2015 | 356 | **Intentionally Omitted-Attorney Client Communication** |
| Memorandum to Dawn Mulligan, JIF Claims, LLC from Township Attorney, Brian Chewcaskie, Esq. dated March 17, 2015 with attachments | 357-367 | **Intentionally Omitted-Attorney Client Communication** |
| Email dated March 17, 2015 from William Laforet, Mayor to John Roth, Council President | 368-369 | |
| Letter dated March 17, 2015 from Mayor William Laforet to Michael D. Camarinos, Esq. | 370 | |
| Letter dated March 16, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 371 | |

| | | |
|---|---|---|
| Letter dated March 14, 2015 from Michael D. Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. | 372-375 | |
| Email dated March 13, 2015 from Mayor Laforet to Township Attorney, Brian Chewcaskie, Esq. | 376-377 | **Intentionally Omitted-Attorney Client Communication** |
| Letter dated March 12, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 378-379 | |
| Letter dated March 11, 2015 from Michael Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. | 380-381 | |
| Letter dated March 11, 2015 from Michael Camarinos to Township Attorney, Brian Chewcaskie, Esq. RE: Investigation/Litigation Hold Letter | 382-384 | |
| Letter dated March 11, 2015 from Michael Camarinos to Township Attorney, Brian Chewcaskie, Esq. | 385-386 | |
| Letter dated March 11, 2015 from Michael Camarinos to Township Attorney, Brian Chewcaskie, Esq. RE: Investigation/Litigation Hold Letter | 387-389 | |
| Email dated March 6, 2015 from Chief James N. Batelli to Mayor Laforet and Township Attorney, Brian Chewcaskie, Esq. | 390 | |
| Agenda, Minutes from Combined Work Session and Public Meeting Minutes, notes, Closed Session Meeting Minutes for March 19, 2015 | 391-458 | |
| Agenda, , Closed Session Meeting Minutes, notes from April 9, 2015 meeting | 459-480 | |
| Agenda, Closed Session Meeting Minutes and notes from April 23, 2015 meeting | 481-493 | **Pages 486 & 492 Intentionally Omitted-Attorney Client** |

| | | Communication |
|---|---|---|
| Agenda, Closed Session Meeting Minutes and notes from June 25, 2015 meeting | 494-518 | **Pages 499, 500, 515 and 516 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Combined Work Session and Public Meeting Minutes, and notes from August 20, 2015 meeting | 519-561 | |
| Agenda, Combined Work Session and Public Meeting Minutes and notes from September 3, 2015 meeting | 562-582 | |
| Agenda, Closed Session Meeting Minutes, and notes from July 7, 2016 meeting | 583-603 | **Pages 589, 590,598, and 599 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from July 21, 2016 meeting | 604-625 | **Pages 613 and 625 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from October 13, 2016 | 626-642 | **Pages 630, 640 and 641 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from January 26, 2017 meeting | 643-667 | **Pages 647and 663 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from May 4, 2017 | 668-693 | **Pages 672, 673, 674, 675, 690, and 691 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from July 13, 2017 | 694-769 | **Pages 699, 700, 701, 734-742, 760-769 Intentionally Omitted-Attorney Client Communication** |

# EXHIBIT D

ZIMMERER, MURRAY, CONYNGHAM & KUNZIER

ATTORNEYS AT LAW

PARK 80 WEST, PLAZA TWO

250 PEHLE AVENUE, SUITE 108

SADDLE BROOK, NJ 07663

(201) 845-7077

FAX (201) 845-7877

ROBERT ZIMMERER
JOSEPH G. MURRAY*
KEVIN J. CONYNGHAM
FRANK J. KUNZIER***
———
COUNSEL
STACEY J. SICILIANO
DIANA POWELL McGOVERN
———
ELIZABETH A. DARMODY**
SIDNEY E. GOLDSTEIN

SOUTH JERSEY OFFICE
75 MAIN STREET, SUITE 15
MANASQUAN, NJ 08736
(732) 528-7740
FAX (732) 528-7780

*ADMITTED NJ, NY & CT BAR
**ADMITTED NJ, PA & FL BAR
***ADMITTED NJ & NY BAR

PLEASE REPLY TO:
SADDLE BROOK

November 27, 2017

Michael D. Camarinos, Esq.
Camarinos Law Group, LLC
411 Hackensack Avenue -2nd Floor
Hackensack, NJ    07601

Natalia R. Angeli, Esq.
Botta Angeli, LLC
50 South Franklin Turnpike
Ramsey, NJ    07446

Peter F. Berk, Esq.
Genova Burns
494 Broad Street
Newark, NJ    07102

Re:    **Sinclair v. Township of Mahwah**
       **Civil Action No.   2:16-cv-01568-KM-MAH**

Dear Counsel:

Enclosed please find a "Revised" Table of Documents, which includes all persons copied on any correspondence and email as per the Court's order.   The revisions are italicized.

Very truly yours,

DIANA POWELL McGOVERN

DPM:cam
Encl.

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

Robert Zimmerer, Esq. (ID 010971985)
ZIMMERER, MURRAY, CONYNGHAM & KUNZIER
250 Pehle Avenue – Suite 108
Saddle Brook, NJ 07663
Tel. (201) 845-7077
Attorneys for Defendant, Township of Mahwah

| | |
|---|---|
| JACQUELINE BORISH SINCLAIR, individually and in her capacities as ADMINISTRATOR and ADMINISTRATOR *AD PROSEQUENDUM* of THE ESTATE OF EDWARD F. SINCLAIR, <br><br> Plaintiffs, <br><br> vs. <br><br> TOWNSHIP OF MAHWAH, WILLIAM LAFORET, individually and in his official capacity as the Mayor of the Township of Mahwah, JAMES BATELLI, individually and in his official capacity as the Chief of Police of the Township of Mahwah, John Doe 1 and John Does 2, <br><br> Defendants. | Civil Action No.: 2:16-cv-01568-KM-MAH <br><br><br> Civil Action <br><br> **"REVISED"** <br><br> **TABLE OF DOCUMENTS** |

| DOCUMENT | BATE STAMP NUMBER | PRIVILEGE |
|---|---|---|
| General Release | 1-2 | |
| Personnel Action Form dated June 27, 1996 | 3 | |

1

| | | |
|---|---|---|
| Personnel Action Form dated June 26, 1995 | 4 | |
| Memorandum dated June 20, 1995 from Mark Coren, Business Administrator | 5 | |
| Memorandum dated May 1, 1995 from Edward Sinclair with attachment | 6-8 | |
| Personnel Action Form dated August 31, 1990 with attachment | 9-10 | |
| Personnel Action Form dated May 9, 1989 | 11 | |
| Personnel Action Form dated June 28, 1988 | 13 | |
| Personnel Action Form dated May 1, 1987 | 15 | |
| Memorandum dated May 14, 1987 from Robert P. Hammer | 16 | |
| Training certificate dated March 7, 2008 | 17 | |
| Training certificate dated October 25, 2000 | 18 | |
| Training Certificate dated December 15, 1995 | 19 | |
| Documentation of Supervisory Education and Training: Alcohol and Drug Misuse dated December 15, 1995 | 20-23 | |

| | | |
|---|---|---|
| Memorandum dated March 22, 2000 RE: Step 4 Grievances from Business Administrator, Robert Gallione with attachments | 24-28 | |
| Memorandum dated March 16, 2000 from Robert J. Gallione, Business Administrator re: Grievance- New Salary Guide with attachment | 29-31 | |
| Memorandum dated March 9, 2000 from Robert J. Gallione, Business Administrator re: Grievance dated 3/3/00 | 32 | |
| Letter dated March 8, 2000 from Robert Witkowski to Robert J. Gallione Re: Blue Collar Grievance for Edward Sinclair | 33 | |
| Memorandum dated March 8, 2000 from Stanley Spiech, Director to Edward Sinclair | 34 | |
| Grievance form dated March 3, 2000 with attachment | 36-40 | |
| Employee Appraisal dated May 4, 1997 | 41-44 | |
| Personnel Action Form dated May 4, 1997 with attachment | 45-46 | |
| Personnel Action Form dated May 31, 2000 | 47 | |
| Employee Appraisal dated May 30, 2000 | 49-50 | |
| Personnel Action Form dated May 15, 1998 | 51 | |
| Employee Appraisal dated May 15, 1998 | 53-54 | |
| Personnel Action Form dated May 31, 2000 | 55 | |

3

| | | |
|---|---|---|
| Personnel Action Form dated May 15, 1998 | 59 | |
| Performance Appraisal dated May 2009 | 63-64 | |
| Performance Appraisal dated May 2008 | 65-66 | |
| Performance Appraisal dated May 2007 | 67-68 | |
| Performance Appraisal dated May 2006 | 69-70 | |
| Performance Appraisal dated May 2005 | 71-72 | |
| Employee Appraisal dated May 2004 | 73-74 | |
| Employee Appraisal dated May 2003 | 75-76 | |
| Employee Appraisal dated May 2002 | 77-78 | |
| Employee Appraisal dated May 2001 | 79-80 | |
| Performance Appraisal dated May 27, 2009 | 81-82 | |
| Performance Appraisal dated May 2008 | 83-84 | |
| Performance Appraisal dated May 2007 | 85-86 | |
| Performance Appraisal dated May 2006 | 87-88 | |
| Performance Appraisal dated May 2005 | 89-90 | |
| Employee Appraisal dated May 2004 | 91-92 | |

4

| | | |
|---|---|---|
| Employee Appraisal dated May 2003 | 93-94 | |
| Employee Appraisal dated May2002 | 95-95 | |
| Employee Appraisal dated June 2001 | 97-98 | |
| Personnel Action Form dated September 1, 2009 | 99-102 | |
| Job Posting- Superintendent dated July 31, 2009 with attachment | 103-105 | |
| Memorandum from Brian Campion dated August 29, 2009 | 106-107 | |
| Memorandum  from Brian Campion dated August 27, 2009 | 108 | |
| Letter from Edward Sinclair to Mr. Campion (Undated) | 110-113 | |
| Letter dated December 23, 2008 from Mayor Richard Martel | 113 | |
| Performance Appraisal dated September 20, 2013 | 114-115 | |
| Performance Appraisal dated May 2012 | 116-117 | |
| Performance Appraisal dated May 17, 2011 | 118-119 | |
| Performance Appraisal dated August 12, 2010 | 120-121 | |
| Personnel Action Form dated August 26, 2015 | 122-124 | |
| Memorandum from Marianne Poland to Jackie Sinclair | 125-126 | |
| Memorandum from Glenn Dowson to Marianne Poland | 127 | |

| | | |
|---|---|---|
| Personnel Action Form dated August 24, 2015 | 128 | |
| Personnel Action Form dated July 28, 2014 | 129 | |
| Resolution dated July 24, 2014 | 130 | |
| Personnel Action Form dated January 10,2013 | 131 | |
| Memorandum from Brian Campion to Edward Sinclair dated November 16, 2012 RE: Personnel issue | 132 | |
| Resolution dated May 8, 2014 authorizing an agreement with Jersey Professional Management | 133 | |
| Request for Certificate of Funds dated May 5, 2014 | 134 | |
| Amendment to 2014 Approved Budget | 135 | |
| Proposal for Recruitment and Temporary Employee Services from Jersey Professional Management | 136-139 | |
| Resolution dated July 23, 2016 re: Jersey Professional Management | 140-142 | |
| Jersey Professional Management Proposal dated June 28, 2016 | 143-147 | |
| Resolution dated August 20, 2015 Re: Tri-State Technical Computer Services, Inc. | 148-150 | |
| Contract between Township of Mahwah and Tri-State Technical Services dated August 31, 2015 | 151-161 | |
| Undated Letter from Edward Sinclair to Mr. Campion | 162-164 | |

6

| | | |
|---|---|---|
| Resolution dated April 10, 2014 affirming Civil Rights Policy | 165-166 | |
| Synopsis of Changes to Municipal Excess Liability Joint Insurance Fund | 167-168 | |
| Resolution dated April 24, 2014 adopting Personnel Policies and Procedures Manual | 169-170 | |
| General Personnel Policy | 171-194 | |
| Township of Mahwah Employee Handbook dated January 2014 | 195-238 | |
| Email from Township Attorney, Brian Chewcaskie, Esq. to John Roth, Council President re: Press Release dated April 8, 2015 | 239 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Township Attorney, Brian Chewcaskie, Esq. to John Roth, Council President and Brian Campion, Business Administrator dated April 7, 2015 | 240 | **Intentionally Omitted-Attorney Client Communication** |
| Letter from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq., re: Forensic Computer Examination dated April 7, 2015 | 241 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Brian Campion, Business Administrator to Township Attorney, Brian Chewcaskie, Esq., re: Sinclair Matter dated April 2, 2015 | 242 | **Intentionally Omitted-Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to Mayor William LaForet dated April 2, 2015 re: Sinclair Matter (*Copy to Council President John Roth*) | 243-244 | **Intentionally Omitted-Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to James Batelli, Chief of Police dated April 1, 2015 | 245-246 | **Intentionally Omitted-Attorney Client Communication** |

7

| | | |
|---|---|---|
| Email from John Roth, Council President to Prosecutor Molinelli dated March 31, 2015 *(Copy to Mayor William LaForet, Council President, John Roth and Brian Campion, Administrator)* | 247-249 | |
| Email from Township Attorney, Brian Chewcaskie, Esq. to John Roth, Council President dated March 29, 2015 Re: Sinclair Agreement | 250-251 | **Intentionally Omitted- Attorney Client Communication** |
| Email from John Roth, Council President to Mayor William Floret dated March 29, 2015 re: Sinclair Agreement *(Copy to Angelo Genova, Esq., Brian Chewcaskie, Esq.)* | 252-253 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Township Attorney Brian Chewcaskie, Esq. to Michael Camarinos, Esq. dated March 29, 2015 | 254 | |
| Email from Mayor William Laforet to Township Attorney, Brian Chewcaskie dated March 27, 2015 *(Copy to Mary Brunner and John Roth)* | 255 | **Intentionally Omitted- Attorney Client Communication** |
| Letter dated March 25, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Council President and Council Members re: Sinclair Matter | 256 | **Intentionally Omitted- Attorney Client Communication** |
| Letter dated March 27, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Mayor William Laforet and John Roth Council President re: Sinclair Matter | 257-258 | **Intentionally Omitted- Attorney Client Communication** |
| Letter dated March 25, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Mayor Laforet re: Sinclair Matter | 259-260 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Michael D. Camarinos, Esq. to Township Attorney, Brian Chewcaskie, | 261 | |

| | | |
|---|---|---|
| Esq. dated March 25, 2015 re: Ed Sinclair | | |
| Email from Michael D. Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. dated March 25, 2015 re: Sinclair-Mahwah | 262 | |
| March 25, 2015 letter from Township Attorney, Brian M. Chewcaskie, Esq. to Michael D. Camarinos, Esq. re: Edward Sinclair- Township of Mahwah | 263 | |
| March 25, 2015 letter from Township Attorney, Brian M. Chewcaskie, Esq. to Michael D. Camarinos, Esq. re: Edward Sinclair- Township of Mahwah | 264 | |
| Email from John Roth, Council President to Township Attorney, Brian M. Chewcaskie, Esq. dated April 21, 2015 *(Copy to Janet Ariemma, Mary Amoroso, Lisa DiGiulio, Robert Hermansen, Steve Sbarra, Jonathan Wong, Kathy Coviello)* | 265-266 | **Intentionally Omitted- Attorney Client Communication** |
| Email from John Roth, Council President to Mayor William Laforet re Criminal Investigation dated April 21, 2015 *(Copy to Janet Ariemma, Mary Amoroso, Lisa DiGiulio, Robert Hermansen, Steve Sbarra, Jonathan Wong, Kathy Coviello, Brian Chewcaskie, Esq., and Brian Campion)* | 267-268 | **Intentionally Omitted- Attorney Client Communication** |
| Email from John Roth, Council President to Township Council dated April 21, 2015 Re: Gateway Computer Investigation *(Copy to Janet Ariemma, Mary Amoroso, Lisa DiGiulio,* | 269-270 | **Intentionally Omitted- Attorney Client Communication** |

| | | |
|---|---|---|
| *Robert Hermansen, Steve Sbarra, Jonathan Wong, Brian Chewcaskie, Esq., Kathy Coviello and Brian Campion)* | | |
| Email from Brian Campion, Business Administrator to Brian Chewcaskie, Esq. dated April 21, 2015 Re: April 19, 2015 email *(Copy to Kathy Coviello and Chief James N. Batelli)* | 271 | **Intentionally Omitted- Attorney Client Communication** |
| Email from John Roth, Council President to Township Attorney, Brian M. Chewcaskie, Esq. dated April 20, 2015 Re: Rice Notice | 271-273 | **Intentionally Omitted- Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to James Batelli, dated April 20, 2015 Re: Investigation- Gateway Computer*(Copy to Mayor William LaForet and Council President John Roth)* | 274-275 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Chief James N. Batelli to Township Attorney, Brian M. Chewcaskie, Esq. dated April 20, 2015 | 276 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Chief James N. Batelli to Township Attorney, Brian Chewcaskie, dated April 19, 2015 Re: Rice Notice *(Copy to Kathy Coviello)* | 277 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Council President John Roth to Township Attorney, Brian M. Chewcaskie, Esq. dated April 17, 2015 Re: Confidential | 278 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Mayor William Laforet to Brian Chewcaskie, Esq. dated April 18, 2015 *(Copy to Chief James N. Batelli)* | 279 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Chief James N. Batelli to Township Attorney, Brian M. Chewcaskie, Esq. | 280 | **Intentionally Omitted- Attorney Client Communication** |

| | | |
|---|---|---|
| dated April 17, 2015 *(Copy to Mayor William Laforet)* | | |
| Email from Council President, John Roth, to Township Attorney, Brian Chewcaskie, Esq. dated April 17, 2015 Re: Chief Batelli Letter | 281-284 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Brian M. Chewcaskie, Esq. to Mayor William Laforet dated April 15, 2015 | 285 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Mayor William Laforet to Township Attorney, Brian M. Chewcaskie, dated April 14, 2015 | 286 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Michael D. Camarinos, Esq. to Mary Brunner dated April 14, 2015 | 287-288 | |
| Email from Brian Campion to Mary Brunner re: Sinclair Matter dated April 14, 2015 | 289-290 | |
| Letter dated April 13,2015 from Chief James N. Batelli to Township Attorney, Brian Chewcaskie, Esq. | 291-293 | **Intentionally Omitted-Attorney Client Communication** |
| April 10, 2015 letter from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 294 | |
| Email from John Roth, Council President to Chief James N. Batelli Re: Chief Batelli Letter to Council dated April 8, 2015 *(Copy to Janet Ariemma, Mary Amoroso, Lisa DiGiulio, Roberth Hermansen, Steve Sbarra, Jonathan Wong, Kathy Coviello, William Laforet)* | 295-298 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Brian Campion, Business Administrator to John Roth, Chief Batelli dated April 9, 2015 | 299-301 | |
| Email from John Roth, Council President to Township Attorney, Brian Chewcaskie, Esq. dated April | 302-304 | **Intentionally Omitted-Attorney Client Communication** |

11

| 9, 2015 | | |
|---|---|---|
| Email from John Roth, Council President to Township Attorney, Brian Chewcaskie, Esq. dated April 9, 2015 | 305-306 | **Intentionally Omitted-Attorney Client Communication** |
| Invoice from Camarinos Law Group, LLC dated April 9, 2015 | 307 | |
| Letter dated April 8, 2015 from James N. Batelli, Chief of Police to Township Council | 308-309 | |
| Email from Mary Brunner to Township Attorney, Brian Chewcaskie, Esq. dated June 23, 2015 | 310 | **Intentionally Omitted-Attorney Client Communication** |
| Letter dated June 23, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Angelo Genova, Esq. | 311 | |
| Letter dated June 22, 2015 from Angelo Genova, Esq. to Township Attorney, Brian Chewcaskie, Esq. | 312-313 | |
| Email from Township Attorney, Brian Chewcaskie, Esq. to Mary Brunner | 314 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Township Attorney, Brian M. Chewcaskie, Esq. to Kathy Coviello dated June 1, 2015 | 315 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Kathy Coviello to Township Attorney, Brian M. Chewcaskie, Esq. dated June 1, 2015 | 316 | **Intentionally Omitted-Attorney Client Communication** |
| Letter dated May 7, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 317 | |
| Letter dated May 7, 2015 from John M. Mavroudis to Brian Chewcaskie, Esq. | 318 | |
| Letter dated May 6, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to | 319 | |

| | | |
|---|---|---|
| Wendy Kaliner | | |
| Email from Denise Storms, QPA to Township Attorney, Brian Chewcaskie, Esq. dated May 5, 2015 | 320 | **Intentionally Omitted-Attorney Client Communication** |
| Letter dated May 1, 2015 from Township Attorney, Brian Chewcaskie, Esq. to John J. Hoffman, Acting Attorney General | 321-322 | |
| Email from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq. dated April 30, 2015 *(Copy to William Laforet)* | 323-325 | **Intentionally Omitted-Attorney Client Communication** |
| April 29, 2015 letter from Summit Risk Services to Township of Mahwah re: Reservation of Rights | 326-333 | |
| Letter dated April 23, 2015 from James N. Batelli to Mayor and Council | 334-337 | |
| Email from Council President, John Roth to Township Attorney, Brian Chewcaskie, Esq. dated April 22, 2015 Re: Cost of Investigation *(Copy to Janet Ariemma, Mary Amoroso, Lisa DiGiulio, Robert Hermanse, Steve Sbarra, Jonathan Wong)* | 338 | **Intentionally Omitted-Attorney Client Communication** |
| Email from John Roth, Council President to William Laforet Re: K-9 | 339-340 | |
| Email from John Roth, Council President to Mark Bonamo dated March 24, 2015 | 341 | |
| Letter dated March 23, 2015 from Summit Risk Services to Township of Mahwah | 342-343 | |
| Letter dated March 23, 2015 from Township Attorney Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 344 | |

| | | |
|---|---|---|
| Email dated March 23, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 345-346 | |
| Email from Brian Campion, Township Business Administrator to Township Attorney, Brian Chewcaskie, Esq. dated March 23, 2015 | 347-348 | **Intentionally Omitted-Attorney Client Communication** |
| Email from John Roth to William Laforet dated March 22, 2015 Re: Gateway Computer | 349-350 | |
| Email from Michael Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. dated March 19, 2015 | 351-354 | |
| Email from Chief James N. Batelli to Township Attorney, Brian Chewcaskie, Esq. dated March 19, 2015 (*Copy to Lt. Harry Hunt*) | 355 | **Intentionally Omitted-Attorney Client Communication** |
| Memorandum from Township Attorney, Brian Chewcaskie, Esq. to Mayor Laforet dated March 17, 2015 | 356 | **Intentionally Omitted-Attorney Client Communication** |
| Memorandum to Dawn Mulligan, JIF Claims, LLC from Brian Campion Business Administrator, Copy to Township Attorney, Brian Chewcaskie, Esq. dated March 17, 2015 with attachments | 357-367 | **Intentionally Omitted-Attorney Client Communication** |
| Email dated March 17, 2015 from William Laforet, Mayor to John Roth, Council President | 368-369 | |
| Letter dated March 17, 2015 from Mayor William Laforet to Michael D. Camarinos, Esq. | 370 | |
| Letter dated March 16, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 371 | |

| | | |
|---|---|---|
| Letter dated March 14, 2015 from Michael D. Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. | 372-375 | |
| Email dated March 13, 2015 from Mayor Laforet to Township Attorney, Brian Chewcaskie, Esq. *(Copy to Brian Campion, Business Administrator)* | 376-377 | **Intentionally Omitted-Attorney Client Communication** |
| Letter dated March 12, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 378-379 | |
| Letter dated March 11, 2015 from Michael Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. | 380-381 | |
| Letter dated March 11, 2015 from Michael Camarinos to Township Attorney, Brian Chewcaskie, Esq. RE: Investigation/Litigation Hold Letter | 382-384 | |
| Letter dated March 11, 2015 from Michael Camarinos to Township Attorney, Brian Chewcaskie, Esq. | 385-386 | |
| Letter dated March 11, 2015 from Michael Camarinos to Township Attorney, Brian Chewcaskie, Esq. RE: Investigation/Litigation Hold Letter | 387-389 | |
| Email dated March 6, 2015 from Chief James N. Batelli to Mayor Laforet and Township Attorney, Brian Chewcaskie, Esq. | 390 | |
| Agenda, Minutes from Combined Work Session and Public Meeting Minutes, notes, Closed Session Meeting Minutes for March 19, 2015 | 391-458 | |
| Agenda, , Closed Session Meeting Minutes, notes from April 9, 2015 meeting | 459-480 | |

15

| | | |
|---|---|---|
| Agenda, Closed Session Meeting Minutes and notes from April 23, 2015 meeting | 481-493 | **Pages 486 & 492 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes and notes from June 25, 2015 meeting | 494-518 | **Pages 499, 500, 515 and 516 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Combined Work Session and Public Meeting Minutes, and notes from August 20, 2015 meeting | 519-561 | |
| Agenda, Combined Work Session and Public Meeting Minutes and notes from September 3, 2015 meeting | 562-582 | |
| Agenda, Closed Session Meeting Minutes, and notes from July 7, 2016 meeting | 583-603 | **Pages 589, 590,598, and  599 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from July 21, 2016 meeting | 604-625 | **Pages 613 and 625 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from October 13, 2016 | 626-642 | **Pages 630, 640 and 641 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from January 26, 2017 meeting | 643-667 | **Pages 647and 663 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from May 4, 2017 | 668-693 | **Pages 672, 673, 674, 675, 690, and 691  Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from July 13, 2017 | 694-769 | **Pages 699, 700, 701, 734-742, 760-769 Intentionally Omitted-Attorney Client Communication** |

17

# EXHIBIT E

BOTTA ANGELI, L.L.C.
COUNSELLORS AT LAW
50 SOUTH FRANKLIN TURNPIKE
RAMSEY, NEW JERSEY 07446

(201) 818-6400
Telefax (201) 818-4090
nra@bottalaw.com

Please reply to NJ Office

CHRISTOPHER C. BOTTA*+
NATALIA R. ANGELI*
_____
RENEE F. MCCASKEY

\* Also Member NY Bar
\+ Also Member DC Bar

New York Office:

23 Green Street
Suite 302
Huntington, NY 11743

December 6, 2017
***Via E-mail and Regular Mail***

Michael D. Camarinos, Esq.
Camarinos Law Group, LLC
411 Hackensack Avenue, 2nd Floor
Hackensack, New Jersey 07601

RE:   Township of Mahwah, et. al. adv. Sinclair, et. al.
       Civil Action Number: 2:16-cv-01568-KM-MAH

Dear Mr. Camarinos:

This firm represents the Defendant, Chief James Batelli, in the above referenced matter.

Enclosed please find Defendant, Chief James Batelli's, Amended Privilege Log which includes all persons included on any correspondence and/or email. The revisions are italicized and bolded.

**Kindly advise when we will receive Plaintiff's signed medical releases.**

If you should have any questions or concerns, please do not hesitate to contact me.

Very truly yours,

BOTTA ANGELI, L.L.C.

Natalia R. Angeli, Esq.

w/enc.
cc:   Peter F. Berk, Esq. (via email only)
       Robert Zimmerer, Esq. (via email only)
       Chief James Batelli (via email only)

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

**BOTTA ANGELI, L.L.C.**
50 South Franklin Turnpike
Ramsey, New Jersey 07446
(201) 818-6400
[NRA-2630]
*Attorneys for Defendant,*
*Chief James Batelli*

| | |
|---|---|
| JACQUELINE BORISH SINCLAIR, individually and in her capacities as ADMINISTRATOR and ADMINISTRATOR *AD PROSEQUENDUM* of THE ESTATE OF EDWARD F. SINCLAIR,<br><br>        Plaintiffs,<br><br>vs.<br><br>TOWNSHIP OF MAHWAH, WILLIAM LAFORET, individually and in his official capacity as the Mayor of the Township of Mahwah, JAMES BATELLI, individually and in his official capacity as the Chief of Police of the Township of Mahwah, John Doe 1 and John Does 2,<br><br>        Defendants. | Civil Action No.: 2:16-cv-01568-KM-MAH<br><br><br>Civil Action<br><br><br>**AMENDED PRIVILEGE LOG** |

| DOCUMENT | BATE STAMP NUMBER | PRIVILEGE |
|---|---|---|
| Letter from Township Attorney, Brian Chewcaskie, Esq., to Mayor Laforet and Council President Roth re: Sinclair Matter dated March 27, 2015 | 121-122 | **Attorney Client Communication** |

| | | |
|---|---|---|
| Letter from Township Attorney, Brian Chewcaskie, Esq., to Chief Batelli re: Sinclair Matter dated April 1, 2015 *cc to Mayor William Laforet, Council President John Roth, and Administrator Brian Campion* | 123-124 | **Attorney Client Communication** |
| Letter from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq. re: Forensic Computer Examination dated April 7, 2015 | 125 | **Attorney Client Communication** |
| Letter from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq., dated April 13, 2015 | 126-128 | **Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to Chief Batelli re: Investigation -- Gateway Computer dated April 20, 2015 *cc to Mayor William Laforet and Council President John Roth* | 129-130 | **Attorney Client Communication** |
| Email exchange between Township Attorney, Brian Chewcaskie, Esq. and Chief Batelli Subject: Investigation -- Gateway Computer dated April 20, 2015 | 131 | **Attorney Client Communication** |
| Letter to Township Attorney, Brian Chewcaskie, Esq.,  from Chief Batelli re: Township Computer Hard Drive dated August 15, 2015 | 132-134 | **Attorney Client Communication** |
| Email from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq., dated April 19, 2015 Subject: Rice Notice *cc to William Laforet and Kathy Coviello* | 135 | **Attorney Client Communication** |

2

# EXHIBIT F



## CAMARINOS LAW GROUP
### —— LLC ——

411 Hackensack Avenue, 2nd Floor
Hackensack, New Jersey 07601
Telephone:  (201) 509-5000
Facsimile:   (800) 509-9734

**Michael D. Camarinos, Esq.**
A Member of the N.J. and N.Y. Bar

January 30, 2018

VIA EMAIL AND REGULAR MAIL
Diana Powell McGovern, Esq.
Zimmerer, Murray, Conyngham & Kunzier
Park 80 West - Plaza Two
250 Pehle Avenue, Suite 108
Saddle Brook, New Jersey 07663

      Re:    Sinclair et al. v. Township of Mahwah et al.
             Civil Action No. 16-cv-01568-MAH

Dear Ms. McGovern:

This office represents the Plaintiffs in the above-referenced action.  This letter sets forth our objections to the privileges asserted in the "Revised" Table of Contents provided on behalf of Defendant Township of Mahwah by your letter of November 27, 2017 in connection with the captioned matter.

We have not received a response by December 16, 2017 to whether or not your client would consent to an order under Federal Rule of Evidence 502(d).  Accordingly, we assume that such manner of resolving the privilege issues with regard to your client is rejected.

Initially, we object to the Revised Table of Contents on the basis that it fails to provide sufficient information regarding the communications for us to determine whether the privilege has been appropriately asserted, including but not limited to an inadequate description of the subject matter of the communication.  For example, the dates set forth in the log fail to identify whether the dating refers to the letter or communication and/or the forensic or other investigation and whether any such documents were attached or enclosed with the communication, which would require a separate listing and inquiry.   Further, certain of the communications make a general reference to the "Sinclair Matter" or "Sinclair Agreement", which is an inadequate description. In general, it is unclear from the Revised Table of Contents whether counsel's participation in the communications qualifies the communication for the attorney-client privilege.  In addition, certain of the communications were copied to parties which are not clients thereby waiving the right to assert the attorney-client privilege. We therefore reserve the right to amend or supplement the objections set forth in this letter, pending receipt of more detailed information concerning details of the communications and why the privileges asserted apply regarding the communications.

Sinclair v. Mahwah et al.
Letter to Diana Powell McGovern, Esq.
January 30, 2018
Page 2 of 3

First, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the items set forth in Revised Table of Contents as bate stamp numbers 240, 245-246, 255, 265-266, 271, 271-273, 276, 278, 279, 280, 285, 291-293, 295-298, 302-304, 305-306, 310, 314, 315, 316, 320, 323-325, 347-348, 355, 356, 357-367 and 376-377, which fail to provide any description of the communication to justify a claim of privilege. Certain of these communications are initiated by Township employees or third parties or are only copied to the Township attorney (Nos. 242, 271, 276, 280, 291-293, 320, 323-325, 347-348, 355, 357-367), Township officials (nos. 255, 265-266, 271-273, 278, 279, 295-298, 302-304, 305-306, 310, 316, 376-377, which we believe makes the assertion of attorney-client privilege problematic.

Second, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the items set forth in the Revised Table of Contents as bate stamp numbers 241, 267-268, 269-270, 274-275, 281-284 and 338 which relate to and are described as "forensic computer examination" or "criminal investigations" or "Chief Batelli Letter" or "cost of investigation", for the reasons set forth in this letter.

Last, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the items set forth in the Revised Table of Contents as bate numbers 242, 243-244. 250-251, 252-253, 256, 257-258, 259-260, which comprise communications from the Township Administrator or the Township Attorney, to various parties relating to the "Sinclair Matter" or "Sinclair Agreement", on the basis that the privilege asserted provides an inadequate description of the subject matter of the letters and why the same comprise an attorney-client communication.

As you know, not all communications involving attorneys are protected by the attorney-client privilege and work-product privileges. The courts take an expansive view of discovery, disfavor the withholding of material evidence based upon privilege, and will narrowly construe the attorney-client privilege. The Township of Mahwah, as the party asserting the privilege and withholding discovery, bears the burden of proof regarding the applicability of the privilege.

In regard to the first grouping of communications, these communications there is no description in the Revised Table of Contents regarding the subject matter of the communications, which makes is problematic for obvious reasons. Communications to or from the Township Attorney are not ipso facto covered by the attorney-client privilege, and particularly if the same are circulated to third parties or originate from Township employees which are defendants in this litigation. This is even more sensitive because of the allegations concerning the actions of these parties set forth in the complaint in this action. Accordingly, we strenuously object to the assertion of any privilege regarding these communications absent the required information.

In regard to the second grouping of communications, these communications appear to represent factual information regarding investigations of Edward F. Sinclair or computers at the DPW by the Township or the Township Police, which we can only assume most likely detail, comment on and/or address forensic reports, investigations and related information at the crux of allegations

Sinclair v. Mahwah et al.
Letter to Diana Powell McGovern, Esq.
January 30, 2018
Page 3 of 3

in this litigation.   These communications can hardly be characterized as legal advice or an attorney work product unless you can substantiate such claim with much more information. This would be the case even if the communications are actually labeled Attorney-Client Communications, which is not apparent from the Revised Table of Contents.

In regard to the last set of communications, these communications identify the subject communications as related to the "Sinclair Matter" or "Sinclair Agreement which for the same reasons as stated above cannot form the basis of our review of the Township's privilege claim, especially in light of the fact that the agreement with Sinclair and the actions of the municipality is at the very heart of this litigation. Accordingly, we must object to the assertion of any privilege regarding these communications absent more specific information concerning the assertion of the attorney client privilege.

In general, we further strenuously object to the assertions of privilege by the Township of Mahwah on the basis that in most instances the communications for which the attorney-client privilege is asserted are communications subsequent to the exchange of general releases on March 19, 2015 between Sinclair and the Township of Mahwah.  As you know, settlement agreement between Sinclair and the Township, and its employees, released Sinclair from any claim regarding that he viewed or permitted others to view inappropriate images and/or pornography, web sites or related materials on computers of the Township of Mahwah. Thus, evidence regarding continued investigations of Sinclair subsequent to the releases is particularly relevant as an issue of fact in this action and cannot be cloaked by assertions of privilege as an attorney-client communication.

We are hopeful that we can resolve these issues regarding the Revised Table of Contents with you without resort to motion practice or conferences with the Court.  In that regard, I ask that you please contact me upon your receipt of this letter to discuss these objections.

Very truly yours,

CAMARINOS LAW GROUP, LLC

Michael D. Camarinos, Esq.

cc:   Estate of Edward F. Sinclair
      Robert Zimmerer, Esq. (Via Email)
      Peter F. Berk, Esq. (Via Email)
      Natalia R. Angeli, Esq. (Via Email)

# EXHIBIT G



**CAMARINOS LAW GROUP**
——— LLC ———

411 Hackensack Avenue, 2nd Floor
Hackensack, New Jersey 07601
Telephone:  (201) 509-5000
Facsimile:   (800) 509-9734

**Michael D. Camarinos, Esq.**
A Member of the N.J. and N.Y. Bar

January 30, 2018

VIA EMAIL AND REGULAR MAIL
Peter F. Berk, Esq.
Genova Burns LLC
494 Broad Street
Newark, NJ 07102

      Re:    <u>Sinclair et al. v. Township of Mahwah et al.</u>
             Civil Action No. 16-cv-01568-MAH

Dear Mr. Berk:

This office represents the Plaintiffs in the above-referenced action.  This letter sets forth Plaintiffs' objections to the privileges asserted in the Privilege Log of your client, defendant William Laforet, furnished to us on September 21, 2017 in connection with the captioned matter.

We did not receive a response by December 16, 2017 to whether or not your client would consent to an order under Federal Rule of Evidence 502(d).  Accordingly, we assume that such manner of resolving the privilege issues with regard to your client is rejected.

Initially, we object to the Privilege Log on the basis that it fails to provide sufficient information regarding the communications for us to determine whether the privilege has been appropriately asserted, including but not limited to an inadequate description of the subject matter of the communication.  For example, description set forth in a substantial portion of the entries of the Privilege Log provides "Email reflecting attorney-client communication", of which a substantial portion are communications between non-attorneys.  Further, a substantial portion of the communications under "Subject" make a general reference to  "Gateway Computer", "Sinclair Matter",  "Sinclair Agreement", "Calls and letter re Sinclair" and other generalizations, which are inadequate descriptions supporting the claim of attorney-client privilege. In addition, a substantial portion of the communications were between parties which are either defendants in this action or members of the Township Council with only copies to attorneys.  We therefore reserve the right to amend or supplement the objections set forth in this letter, pending receipt of more detailed information concerning details of the communications and explanation of why the privileges asserted apply regarding the communications.

Sinclair v. Mahwah et al.
Letter to Peter F. Berk, Esq.
January 30, 2018
Page 2 of 3

We have taken the liberty of scanning your Privilege Log and numbering each of the 45 items set forth in the seven pages for easy reference to the specific objections set forth in this letter.  A copy of this numbered log is enclosed for your convenience.

First, subject to and without waiving the foregoing objections, we object to the privilege asserted in five (5) of the items set forth in Privilege Log marked as numbers 21, 25, 26, 27 and 28, dated March 23, 2015, which are described in the subject column as "Gateway Computer" which are all between members of the Township Council, including the defendant Laforet, with carbon copies to the Township Attorney, for the reasons that no logical basis can exist that communications between defendant Laforet, members of the Township Council Roth and Hermansen and the Township Administrator are attorney-client communications subject to privilege.  The mere carbon copy of such emails does not transfer the same to a privileged communication and the same are mails not conducted or protected under the Public Meetings Act.

Second, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the twelve (12) items set forth in the Privilege Log marked as numbers 32, 33, 34, 35, 36, 37, 38, 39, 41, 42, 43 and which are described in the subject column as "Sinclair Matter" or "Sinclair – Mahwah" which are all between either sent by or to Mary Brunner, a non-attorney, and to and/or from certain members of the Township Council, including the defendant Laforet, with carbon copies to the Township Attorney and, with respect to nos. 34, 35 and 38, his executive assistant, Mary Brunner, for the reasons set forth in this letter. A communication by an executive assistant at a law firm does not rise to the level of an attorney-client communication.  The other remaining items are simply between members of the Township Council and are of evidentiary value regarding the actions of the defendants Laforet and Batelli, who are parties to these emails.

Third, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the one (1) item set forth in the Privilege Log marked as number 29 which is described in the subject column as "Criminal Investigation" sent by John Roth to the defendant Laforet, with carbon copies to the Township Attorney, members of the Township Council and the Township Administrator, for the reasons set forth in this letter.  This communication from a member of the Township Council to defendant Laforet cannot be characterized as privileged and does not rise to the level of an attorney-client communication simply by virtue of a carbon copy sent to the Township attorney.  Further, there may be significant and material evidentiary value regarding any allegations or information of criminal investigations in regard to the defendant Laforet which is an evidentiary issue in this litigation.

Last, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the one (1) item set forth in the Privilege Log marked as number 44 which is described in the subject column as "Sinclair Mahwah" sent by Mary Brunner, a non-attorney, to defendants Laforet and Batelli without any carbon copies.

Sinclair v. Mahwah et al.
Letter to Peter F. Berk, Esq.
January 30, 2018
Page 3 of 3

As you know, not all communications involving attorneys are protected by the attorney-client privilege and work-product privileges. The courts take an expansive view of discovery, disfavor the withholding of material evidence based upon privilege, and will narrowly construe the attorney-client privilege. Defendant Batelli, as the party asserting the privilege and withholding discovery, bears the burden of proof regarding the applicability of the privilege.

In general, we further strenuously object to the assertions of privilege in the case of defendant Laforet on the basis that in nearly every instance the communications for which the attorney-client privilege is asserted are communications subsequent to the exchange of general releases on March 19, 2015 between Sinclair and the Township of Mahwah. As you know, the settlement agreement between Sinclair and the Township, and its employees, released Sinclair from any claim regarding that he viewed or permitted others to view inappropriate images and/or pornography, web sites or related materials on computers of the Township of Mahwah. Thus, evidence regarding continued investigations of Sinclair subsequent to the effective date of the releases is material in this action and particularly relevant as an issue of fact in this action, which cannot be cloaked by assertions of privilege as an attorney-client communication.

We are hopeful that we can resolve these issues regarding defendant Laforet's Privilege Log with you without having to resort to motion practice or conferences with the Court. In that regard, I ask that you please contact me upon your receipt of this letter to discuss these objections.

Very truly yours,

CAMARINOS LAW GROUP, LLC

Michael D. Camarinos, Esq.

Enclosure

cc:   Estate of Edward F. Sinclair
      Robert Zimmerer, Esq. (Via Email)
      Natalia R. Angeli, Esq. (Via Email)

# EXHIBIT H



**CAMARINOS LAW GROUP**
——— LLC ———

411 Hackensack Avenue, 2nd Floor
Hackensack, New Jersey 07601
Telephone:  (201) 509-5000
Facsimile:   (800) 509-9734

**Michael D. Camarinos, Esq.**
A Member of the N.J. and N.Y. Bar

January 30, 2018

<u>VIA EMAIL AND REGULAR MAIL</u>
Natalia R. Angeli, Esq.
Botta Angeli, LLC
50 South Franklin Turnpike
Ramsey, NJ 07446

      Re:   <u>Sinclair et al. v. Township of Mahwah et al.</u>
              Civil Action No. 16-cv-01568-MAH

Dear Ms. Angeli:

This office represents the Plaintiffs in the above-referenced action.  This letter sets forth Plaintiffs' objections to the privileges asserted in the Amended Privilege Log provided on behalf of Defendant James Batelli by your letter of December 6, 2017 in connection with the captioned matter.

We did not receive a response by December 16, 2017 to whether or not your client would consent to an order under Federal Rule of Evidence 502(d).  Accordingly, we assume that such manner of resolving the privilege issues with regard to your client is rejected.

Initially, we object to the Amended Privilege Log on the basis that it fails to provide sufficient information regarding the communications for us to determine whether the privilege has been appropriately asserted, including but not limited to an inadequate description of the subject matter of the communication.  For example, the dates set forth in the log fail to identify whether the dating refers to the letter or communication and/or the forensic or other investigation and whether any documents were attached or enclosed with the communication, which would require a separate listing and inquiry.   Further, certain of the communications make a general reference to the "Sinclair Matter", which is an inadequate description.  In general, it is unclear from the Amended Privilege Log whether counsel's participation in the communications qualifies the communication for the attorney-client privilege.  In addition, certain of the communications were copied to parties which are not clients thereby waiving the right to assert the attorney-client privilege.  We therefore reserve the right to amend or supplement the objections set forth in this letter, pending receipt of more detailed information concerning details of the communications and why the privileges asserted apply regarding the communications.

Sinclair v. Mahwah et al.
Letter to Botta Angeli, LLC
January 30, 2018
Page 2 of 3

First, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the seven (7) items set forth in Amended Privilege Log as bate stamp numbers 125, 129-130, 131 and 132-134, which relate to and are described as "investigations" of the Gateway computer and its hard drive, for the reasons set forth in this letter.

Secondly, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the six (6) items set forth in the Amended Privilege as bate numbers 125 which comprises a communications from defendant Batelli regarding a forensic computer examination, numbers 126-128 which comprises a communication from chief Batelli without any subject or description, number 131 which fails list the number, date and substance of each email in the "Email Exchange" and number 135, which relate to a Rice Notice.

Lastly, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the four (4) items set forth in the Amended Privilege as bate numbers 121-122 and 123-124 which comprise communications from the Township Attorney to various parties relating to the "Sinclair Matter", on the basis that the privilege asserted provides an inadequate description of the subject matter of the letters and why the same comprise an attorney client communication.

As you know, not all communications involving attorneys are protected by the attorney-client privilege and work-product privileges. The courts take an expansive view of discovery, disfavor the withholding of material evidence based upon privilege, and will narrowly construe the attorney-client privilege.  Defendant Batelli, as the party asserting the privilege and withholding discovery, bears the burden of proof regarding the applicability of the privilege.

In regard to the first seven communications, these communications appear to represent factual information regarding investigations of Edward F. Sinclair or computers at the DPW by the defendant Batelli, which we can only assume most likely detail, comment on and/or address forensic reports, investigations and related information at the crux of allegations in this litigation. These communications can hardly be characterized as legal advice or an attorney work product unless you can substantiate such claim with much more information.   This would be the case even if the communications are actually labeled Attorney-Client Communications, which is not apparent from the Amended Privilege Log.

In regard to the next six communications, these communications identify communications from defendant Batelli who is a defendant in this action, individually and as Police Chief, and not an attorney and should not be permitted to assert the attorney client privilege even though the communications are addressed to an attorney.  Defendant Batelli communications appear to address investigations (bates no. 125), are devoid of any subject matter (bates 126-128) or involve a Rice Notice (bates 135), which presumably is available under general freedom of information disclosure law.

Sinclair v. Mahwah et al.
Letter to Botta Angeli, LLC
January 30, 2018
Page 3 of 3

In general, we further strenuously object to the assertions of privilege in the case of defendants Batelli and/or Laforet on the basis that in every instance the communications for which the attorney client privilege is asserted are communications subsequent to the exchange of general release on March 19, 2015 between Sinclair and the Township of Mahwah.  As you know, settlement agreement between Sinclair and the Township, and its employees, released Sinclair from any claim regarding that he viewed or permitted others to view inappropriate images and/or pornography, web sites or related materials on computers of the Township of Mahwah. Thus, evidence regarding continued investigations of Sinclair subsequent to the releases is particularly relevant as an issue of fact in this action and cannot be cloaked by assertions of privilege as an attorney-client communication.

We are hopeful that we can resolve these issues regarding the Amended Privilege Log with you without having to resort to motion practice or conferences with the Court.  In that regard, I ask that you please contact me upon your receipt of this letter to discuss these objections.

Very truly yours,

CAMARINOS LAW GROUP, LLC

Michael D. Camarinos, Esq.

cc:    Estate of Edward F. Sinclair
       Robert Zimmerer, Esq. (Via Email)
       Peter F. Berk, Esq. (Via Email)

# EXHIBIT I

# BOTTA ANGELI, L.L.C.

COUNSELLORS AT LAW

50 SOUTH FRANKLIN TURNPIKE

RAMSEY, NEW JERSEY 07446

(201) 818-6400
Telefax (201) 818-4090
nra@bottalaw.com

CHRISTOPHER C. BOTTA*+

NATALIA R. ANGELI*

_____

RENEE F. MCCASKEY

\* Also Member NY Bar
+ Also Member DC Bar

Please reply to NJ Office

New York Office:

23 Green Street
Suite 302
Huntington, NY 11743

February 6, 2018
*Via E-mail and Regular Mail*

Michael D. Camarinos, Esq.
Camarinos Law Group, LLC
411 Hackensack Avenue, 2nd Floor
Hackensack, New Jersey 07601

     RE:  Township of Mahwah, et. al. adv. Sinclair, et. al.
           Civil Action Number: 2:16-cv-01568-KM-MAH

Dear Mr. Camarinos:

This firm represents the Defendant, Chief James Batelli, in the above referenced matter.

Enclosed please find Defendant, Chief James Batelli's, Second Amended Privilege Log. Defendant maintains his initial assertion that these documents are protected by the attorney-client privilege and Defendant asserts said privilege and protection to the fullest extent provided by law.

If you should have any questions or concerns, please do not hesitate to contact me.

          Very truly yours,

          BOTTA ANGELI, L.L.C.

          Natalia R. Angeli, Esq.

w/enc.

cc:    Peter F. Berk, Esq. (via email only)
      Robert Zimmerer, Esq. (via email only)

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEW JERSEY

**BOTTA ANGELI, L.L.C.**
50 South Franklin Turnpike
Ramsey, New Jersey 07446
(201) 818-6400
[NRA-2630]
*Attorneys for Defendant,*
*Chief James Batelli*

|  |  |
|---|---|
| JACQUELINE BORISH SINCLAIR, individually and in her capacities as ADMINISTRATOR and ADMINISTRATOR *AD PROSEQUENDUM* of THE ESTATE OF EDWARD F. SINCLAIR, <br><br> Plaintiffs, <br><br> vs. <br><br> TOWNSHIP OF MAHWAH, WILLIAM LAFORET, individually and in his official capacity as the Mayor of the Township of Mahwah, JAMES BATELLI, individually and in his official capacity as the Chief of Police of the Township of Mahwah, John Doe 1 and John Does 2, <br><br> Defendants. | Civil Action No.: 2:16-cv-01568-KM-MAH <br><br> Civil Action <br><br> **SECOND AMENDED PRIVILEGE LOG** |

| DOCUMENT | BATE STAMP NUMBER | DESCRIPTION | PRIVILEGE |
|---|---|---|---|
| Letter from Township Attorney, Brian Chewcaskie, Esq., to Mayor Laforet and Council President Roth re: Sinclair Matter dated March 27, 2015 | 121-122 | Township Attorney issuing legal guidance to his clients. | Attorney Client Communication |

1

| | | | |
|---|---|---|---|
| Letter from Township Attorney, Brian Chewcaskie, Esq., to Chief Batelli re: Sinclair Matter dated April 1, 2015 *cc to Mayor William Laforet, Council President John Roth, and Administrator Brian Campion* | 123-124 | Township Attorney requesting information from his client. | Attorney Client Communication |
| Letter from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq. re: Forensic Computer Examination dated April 7, 2015 | 125 | Client providing information to his Attorney. | Attorney Client Communication |
| Letter from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq., dated April 13, 2015 | 126-128 | Client asking questions of his Attorney. | Attorney Client Communication |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to Chief Batelli re: Investigation – Gateway Computer dated April 20, 2015 *cc to Mayor William Laforet and Council President John Roth* | 129-130 | Township Attorney answering Client's question. | Attorney Client Communication |
| Email exchange between Township Attorney, Brian Chewcaskie, Esq. and Chief Batelli Subject: Investigation – Gateway Computer dated April 20, 2015 | 131 | Client requesting information from Township Attorney. | Attorney Client Communication |
| Letter to Township Attorney, Brian Chewcaskie, Esq., from Chief Batelli re: Township Computer Hard Drive dated | 132-134 | Client providing information to his Attorney and requesting additional information. | Attorney Client Communication |

| August 15, 2015 | | | |
|---|---|---|---|
| Email from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq., dated April 19, 2015 Subject: Rice Notice *cc to William Laforet and Kathy Coviello* | 135 | Client asking his Attorney questions. | Attorney Client Communication |

# EXHIBIT J

ZIMMERER, MURRAY, CONYNGHAM & KUNZIER

ATTORNEYS AT LAW

ROBERT ZIMMERER
JOSEPH G. MURRAY*
KEVIN J. CONYNGHAM
FRANK J. KUNZIER***
——————
COUNSEL.
STACEY J. SICILIANO
DIANA POWELL McGOVERN
——————
ELIZABETH A. DARMODY**
SIDNEY E. GOLDSTEIN

PARK 80 WEST, PLAZA TWO
250 PEHLE AVENUE, SUITE 108
SADDLE BROOK, NJ 07663
(201) 845-7077
FAX (201) 845-7877

SOUTH JERSEY OFFICE
75 MAIN STREET, SUITE 15
MANASQUAN, NJ 08736
(732) 528-7740
FAX (732) 528-7780

*ADMITTED NJ, NY & CT BAR
**ADMITTED NJ, PA & FL BAR
***ADMITTED NJ & NY BAR

PLEASE REPLY TO:
SADDLE BROOK

February 6, 2018

Michael D. Camarinos, Esq.
Camarinos Law Group, LLC
411 Hackensack Avenue -2nd Floor
Hackensack, NJ    07601

**Re:    Sinclair v. Township of Mahwah**

Dear Mr. Camarinos:

I am in receipt of your letter dated January 30, 2018 with regard to the above-captioned matter.   I provide the following descriptions per your request for those items where more information can be provided without divulging privileged contents.

| Bate Stamp | Description of Communication |
| --- | --- |
| 240 | Forensic computer examination |
| 245-246 | Criminal investigation |
| 255 | Letter dated March 25, 2015(Attached as Bate Stamp #256) |
| 265-266 | Rice Notice |
| 271 | Rice Notice |
| 271-273 | Rice Notice |
| 276 | Gateway computer |
| 278 | Rice Notice |

| | |
|---|---|
| 279 | Gateway computer |
| 280 | Gateway computer |
| 285 | Gateway computer |
| 291-293 | Computer investigation |
| 295-298 | Officer Zitto presentation |
| 302-304 | Officer Zitto presentation |
| 305-306 | Officer Zitto presentation |
| 310 | Mary Brunner is Mr. Chewcaskie's personal assistant  Re: Telephone message from Chief Batell |
| 314 | Release |
| 315 | Investigation and minutes (Kathy Coviello is the Municipal Clerk) |
| 316 | Documents for closed session |
| 320 | Payment to plaintiff |
| 323-325 | Relating to correspondence dated April 17, 2015 |
| 347-348 | Sinclair calculations |
| 355 | Regarding correspondence from Edward Wysocki, Jr. |
| 356 | Recommendations regarding Edward Sinclair |
| 357 | Potential litigation |
| *358-367* | *Will be released.* |
| 376-377 | Gateway computer |

**Page # 3**

As for the balance of your objections, please note that each person named as part of an e-mail was carefully reviewed and reflects either the personal assistants (Described above), Township Council members, or the Township Business Administrator.

Hopefully this will resolve all of the issues that you claim are outstanding on the part of the Township of Mahwah.  I would be happy to add the above additional descriptions to our privilege log if that is your request.

Meanwhile, please supply a more detailed description of the changes that you are attempting to make to the complaint to "correct and clarify" certain aspects of the first amended complaint.  Your description of what changes you would like to make in your motion to amend the complaint provides no information.

Thanking you for your cooperation, I remain

Very truly yours,

DIANA POWELL McGOVERN

DPM:cam

cc:   Natalia R. Angeli, Esq.
      Peter F. Berk, Esq.



**CAMARINOS LAW GROUP**
——————— LLC ———————

411 Hackensack Avenue, 2nd Floor
Hackensack, New Jersey 07601
Telephone: (201) 509-5000
Facsimile: (800) 509-9734

**Michael D. Camarinos, Esq.**
A Member of the N.J. and N.Y. Bar

January 30, 2018

VIA EMAIL AND REGULAR MAIL
Diana Powell McGovern, Esq.
Zimmerer, Murray, Conyngham & Kunzier
Park 80 West - Plaza Two
250 Pehle Avenue, Suite 108
Saddle Brook, New Jersey 07663

Re: <u>Sinclair et al. v. Township of Mahwah et al.</u>
Civil Action No. 16-cv-01568-MAH

Dear Ms. McGovern:

This office represents the Plaintiffs in the above-referenced action. This letter sets forth our objections to the privileges asserted in the "Revised" Table of Contents provided on behalf of Defendant Township of Mahwah by your letter of November 27, 2017 in connection with the captioned matter.

We have not received a response by December 16, 2017 to whether or not your client would consent to an order under Federal Rule of Evidence 502(d). Accordingly, we assume that such manner of resolving the privilege issues with regard to your client is rejected.

Initially, we object to the Revised Table of Contents on the basis that it fails to provide sufficient information regarding the communications for us to determine whether the privilege has been appropriately asserted, including but not limited to an inadequate description of the subject matter of the communication. For example, the dates set forth in the log fail to identify whether the dating refers to the letter or communication and/or the forensic or other investigation and whether any such documents were attached or enclosed with the communication, which would require a separate listing and inquiry. Further, certain of the communications make a general reference to the "Sinclair Matter" or "Sinclair Agreement", which is an inadequate description. In general, it is unclear from the Revised Table of Contents whether counsel's participation in the communications qualifies the communication for the attorney-client privilege. In addition, certain of the communications were copied to parties which are not clients thereby waiving the right to assert the attorney-client privilege. We therefore reserve the right to amend or supplement the objections set forth in this letter, pending receipt of more detailed information concerning details of the communications and why the privileges asserted apply regarding the communications.

Sinclair v. Mahwah et al.
Letter to Diana Powell McGovern, Esq.
January 30, 2018
Page 2 of 3

First, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the items set forth in Revised Table of Contents as bate stamp numbers 240, 245-246, 255, 265-266, 271, 271-273, 276, 278, 279, 280, 285, 291-293, 295-298, 302-304, 305-306, 310, 314, 315, 316, 320, 323-325, 347-348, 355, 356, 357-367 and 376-377, which fail to provide any description of the communication to justify a claim of privilege. Certain of these communications are initiated by Township employees or third parties or are only copied to the Township attorney (Nos. 242, 271, 276, 280, 291-293, 320, 323-325, 347-348, 355, 357-367), Township officials (nos. 255, 265-266, 271-273, 278, 279, 295-298, 302-304, 305-306, 310, 316, 376-377, which we believe makes the assertion of attorney-client privilege problematic.

Second, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the items set forth in the Revised Table of Contents as bate stamp numbers 241, 267-268, 269-270, 274-275, 281-284 and 338 which relate to and are described as "forensic computer examination" or "criminal investigations" or "Chief Batelli Letter" or "cost of investigation", for the reasons set forth in this letter.

Last, subject to and without waiving the foregoing objections, we object to the privilege asserted in regard to the items set forth in the Revised Table of Contents as bate numbers 242, 243-244. 250-251, 252-253, 256, 257-258, 259-260, which comprise communications from the Township Administrator or the Township Attorney, to various parties relating to the "Sinclair Matter" or "Sinclair Agreement", on the basis that the privilege asserted provides an inadequate description of the subject matter of the letters and why the same comprise an attorney-client communication.

As you know, not all communications involving attorneys are protected by the attorney-client privilege and work-product privileges. The courts take an expansive view of discovery, disfavor the withholding of material evidence based upon privilege, and will narrowly construe the attorney-client privilege. The Township of Mahwah, as the party asserting the privilege and withholding discovery, bears the burden of proof regarding the applicability of the privilege.

In regard to the first grouping of communications, these communications there is no description in the Revised Table of Contents regarding the subject matter of the communications, which makes is problematic for obvious reasons. Communications to or from the Township Attorney are not ipso facto covered by the attorney-client privilege, and particularly if the same are circulated to third parties or originate from Township employees which are defendants in this litigation. This is even more sensitive because of the allegations concerning the actions of these parties set forth in the complaint in this action. Accordingly, we strenuously object to the assertion of any privilege regarding these communications absent the required information.

In regard to the second grouping of communications, these communications appear to represent factual information regarding investigations of Edward F. Sinclair or computers at the DPW by the Township or the Township Police, which we can only assume most likely detail, comment on and/or address forensic reports, investigations and related information at the crux of allegations

Sinclair v. Mahwah et al.
Letter to Diana Powell McGovern, Esq.
January 30, 2018
Page 3 of 3

in this litigation.   These communications can hardly be characterized as legal advice or an attorney work product unless you can substantiate such claim with much more information. This would be the case even if the communications are actually labeled Attorney-Client Communications, which is not apparent from the Revised Table of Contents.

In regard to the last set of communications, these communications identify the subject communications as related to the "Sinclair Matter" or "Sinclair Agreement which for the same reasons as stated above cannot form the basis of our review of the Township's privilege claim, especially in light of the fact that the agreement with Sinclair and the actions of the municipality is at the very heart of this litigation. Accordingly, we must object to the assertion of any privilege regarding these communications absent more specific information concerning the assertion of the attorney client privilege.

In general, we further strenuously object to the assertions of privilege by the Township of Mahwah on the basis that in most instances the communications for which the attorney-client privilege is asserted are communications subsequent to the exchange of general releases on March 19, 2015 between Sinclair and the Township of Mahwah.  As you know, settlement agreement between Sinclair and the Township, and its employees, released Sinclair from any claim regarding that he viewed or permitted others to view inappropriate images and/or pornography, web sites or related materials on computers of the Township of Mahwah. Thus, evidence regarding continued investigations of Sinclair subsequent to the releases is particularly relevant as an issue of fact in this action and cannot be cloaked by assertions of privilege as an attorney-client communication.

We are hopeful that we can resolve these issues regarding the Revised Table of Contents with you without resort to motion practice or conferences with the Court.  In that regard, I ask that you please contact me upon your receipt of this letter to discuss these objections.

Very truly yours,

CAMARINOS LAW GROUP, LLC

Michael D. Camarinos, Esq.

cc:   Estate of Edward F. Sinclair
      Robert Zimmerer, Esq. (Via Email)
      Peter F. Berk, Esq. (Via Email)
      Natalia R. Angeli, Esq. (Via Email)

# EXHIBIT K



Genova Burns LLC
494 Broad Street, Newark, NJ 07102
**Tel:** 973.533.0777 **Fax:** 973.533.1112
**Web:** www.genovaburns.com

Michael K. Fortunato, Esq.
Member of NJ Bar
mfortunato@genovaburns.com
Direct: 973-646-3284

February 8, 2018

**VIA ELECTRONIC & REGULAR MAIL**
Michael D. Camarinos, Esq.
Camarinos Law Group, LLC
411 Hackensack Avenue, 2nd Floor
Hackensack, New Jersey 07601

     Re:    **Township of Mahwah v. Sinclair, et al.**
             **Civil Action No.: 2:16-cv-01568-KM-MAH**

Dear Mr. Camarinos:

We write on behalf of Mayor William LaForet in the above-referenced matter. We are in receipt of your letter dated January 30, 2018, regarding the privilege log served on September 21, 2017.

The privilege log, which lists the senders and recipients of various communications along with the communications' "Subject" lines and the basis for withholding, provides sufficient information to challenge any privilege assertions. To address your concerns, however, we have attached an amended privilege log. For your convenience, we have also added your reference numbers.[1]

Further, be advised that item No. 29, which you specifically objected to, was inadvertently logged as dated March 23, 2015. This communication is, in fact, dated April 21, 2015, as was accurately reflected in the log prepared by the Township of Mahwah. The e-mail, however, is a communication between the council, the mayor, and their attorney and reflects legal advice. As such, it is privileged.

We also disagree with your objections to Nos. 21, 25, 26, 27, 28, 32, 33, 34, 35,36, 37, 38, 39, 41, 42, 43, and 44, as the objections appear to be based upon your contention that attorney-client privilege does not apply to: a) communications with an attorney's paraprofessional; or b) e-mail communications that an attorney received through inclusion in the "CC" rather than the "To" field. The attorney-client privilege extends beyond the attorney

---

[1] Please note that in the numbered version you forwarded with your letter, No. 23 was omitted. We have similarly omitted it from our amended privilege log to avoid confusion.



GENOVA
BURNS
ATTORNEYS-AT-LAW

Michael D. Camarinos, Esq.
February 8, 2018
Page 2

themselves to their staff and third-parties working on their behalf.  Further, your insinuation that these entries reflect ordinary business being "cloaked" in privilege through CCs to an attorney is incorrect.  As evidenced on the log by the identity of the included parties, the subject lines, and the timing, these communications pertained to legal issues and settlement.

Finally, your apparent objection to Mayor LaForet asserting privilege over "communications subsequent to the exchange of general releases on March 19, 2015 between Sinclair and the Township of Mahwah" is unclear, as are your references to "evidentiary issues."  To the extent you intend this to be a general objection to the contents of the privilege log, please clarify your basis for same.

We are available to discuss these issues in a meet and confer telephone conference.

Feel free to contact me should you have any questions.

Very truly yours,

**GENOVA BURNS LLC**

MICHAEL K. FORTUNATO

MKF
Enclosure
c:      Peter F. Berk, Esq.
        Natalia R. Angeli, Esq. (via e-mail)
        Robert Zimmerer, Esq. (via e-mail)
14241886v1 (22964.001)

**SINCLAIR v. TOWNSHIP OF MAHWAH et al.**
Civil Action No. 2:16-cv-001568-KM-MAH
PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET

| Number | Date | From / Author | To | CC | Subject | Description | Basis |
|---|---|---|---|---|---|---|---|
| 1 | 3/9/2015 | Mary Brunner | William Laforet; Brian Campion | | Termination Agreement | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 2 | 3/9/2015 | Mary Brunner | William Laforet; Brian Campion; Brian Chewcaskie, Esq. | | Notice of Removal & Termination | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 3 | 3/9/2015 | John Roth | Janet Ariemma; Lisa DiGiulio; Robert Hermansen; Steve Sbarra; Jonathan Wong | Brian Campion; Brian Chewcaskie, Esq.; William Laforet; Kathy Coviello | CONFIDENTIAL | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 4 | 3/11/2015 | William Laforet | Brian Chewcaskie, Esq. | Brian Campion | Re: Calls and letter re Sinclair - Mahwah | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 5 | 3/11/2015 | Brian Chewcaskie, Esq. | Brian Campion | William Laforet | Re: Calls and letter re Sinclair - Mahwah | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 6 | 3/11/2015 | Brian Campion | Brian Chewcaskie, Esq. | William Laforet | Re: Calls and letter re Sinclair - Mahwah | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 7 | 3/11/2015 | William Laforet | Brian Chewcaskie, Esq. | | Approximately three weeks ago…. | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 8 | 3/11/2015 | Brian Chewcaskie, Esq. | Brian Campion; William Laforet | | Fwd: Calls and letter re Sinclair - Mahwah | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 9 | 3/12/2015 | John Roth | Brian Chewcaskie, Esq. | Brian Campion; William Laforet | Fwd: Please ….. | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 10 | 3/12/2015 | Brian Campion | James Batelli | William Laforet; Brian Chewcaskie, Esq. | FW: MPD Allegations | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 11 | 3/12/2015 | William Laforet | Brian Chewcaskie, Esq. | | Fwd: Correspondence Received | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 12 | 3/13/2015 | John Roth | Brian Chewcaskie, Esq. | Brian Campion; William Laforet | Re: Please ….. | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 13 | 3/13/2015 | John Roth | William Laforet | Brian Campion; Brian Chewcaskie, Esq.; Kathy Coviello | Council Closed Session March 19 | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 14 | 3/13/2015 | William Laforet | William Laforet | | Re: Correspondence Received | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 15 | 3/13/2015 | Brian Chewcaskie, Esq. | John Roth | Brian Campion; William Laforet | Re: Please ….. | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 16 | 3/16/2015 | Brian Chewcaskie, Esq. | William Laforet; Brian Campion | | FW: Edward Sinclair - Request for Meeting | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |

1

14121575_1 (2129.001)

**SINCLAIR v. TOWNSHIP OF MAHWAH et al.**
**Civil Action No. 2:16-cv-001568-KM-MAH**
**PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET**

| Number | Date | From / Author | To | CC | Subject | Description | Basis |
|---|---|---|---|---|---|---|---|
| 17 | 3/17/2015 | William Laforet | John Roth | Brian Campion; Brian Chewcaskie, Esq.; Kathy Coviello | RE: Council Closed Session March 19 | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 18 | 3/18/2015 | William Laforet | Brian Chewcaskie, Esq. | | Ed Sinclair Letter | Email reflecting attorney-client communication regarding personnel issues | Attorney-Client Communication |
| 19 | 3/18/2015 | John Roth | Robert Hermansen | Robert Hermansen; William Laforet; Brian Campion; Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Steve Sbarra; Jonathan Wong | Re: Council Closed Session March 19 | Email reflecting attorney-client communication regarding closed session and personnel issues | Attorney-Client Communication |
| 20 | 3/18/2015 | Robert Hermansen | John Roth; William Laforet; Brian Campion; Brian Chewcaskie, Esq. | Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Steve Sbarra; Jonathan Wong | RE: Council Closed Session March 19 | Email reflecting attorney-client communication regarding closed session and personnel issues | Attorney-Client Communication |
| 21 | 3/22/2015 | John Roth | William Laforet; Brian Campion | Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Robert Hermansen; Steve Sbarra; Jonathan Wong | Gateway Computer | Email reflecting attorney-client communication regarding anticipated litigation and confidential personnel issues | Attorney-Client Communication |
| 22 | 3/23/2015 | William Laforet | Brian Chewcaskie, Esq.; John Roth; Brian Campion | | RE: Sinclair | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 24 | 3/23/2015 | Brian Chewcaskie, Esq. | William Laforet | Brian Campion | FW: Mahwah | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 25 | 3/23/2015 | William Laforet | John Roth; Brian Campion | Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Robert Hermansen; Steve Sbarra; Jonathan Wong | RE: Gateway Computer | Email reflecting attorney-client communication regarding anticipated litigation, settlement and confidential personnel issues | Attorney-Client Communication |

2

4121575_1 (2129.001)

SINCLAIR v. TOWNSHIP OF MAHWAH et al.
Civil Action No. 2:16-cv-001568-KM-MAH
PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET

| Number | Date | From/ Author | To | CC | Subject | Description | Basis |
|---|---|---|---|---|---|---|---|
| 26 | 3/23/2015 | John Roth | William Laforet | Brian Campion; Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Robert Hermansen; Steve Sbarra; Jonathan Wong | RE: Gateway Computer | Email reflecting attorney-client communication regarding anticipated litigation, settlement and confidential personnel issues | Attorney-Client Communication |
| 27 | 3/23/2015 | Robert Hermansen | John Roth | William Laforet; Brian Campion; Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Steve Sbarra; Jonathan Wong | RE: Gateway Computer | Email reflecting attorney-client communication regarding anticipated litigation, settlement and confidential personnel issues | Attorney-Client Communication |
| 28 | 3/23/2015 | Robert Hermansen | William Laforet | John Roth; Brian Campion; Brian Chewcaskie, Esq.; Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Steve Sbarra; Jonathan Wong | RE: Gateway Computer | Email reflecting attorney-client communication regarding anticipated litigation, settlement and confidential personnel issues | Attorney-Client Communication |
| 30 | 3/25/2015 | Brian Chewcaskie, Esq. | William Laforet; Brian Campion | John Roth | FW: Ed Sinclair | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 31 | 3/25/2015 | Brian Campion | Brian Chewcaskie, Esq. | William Laforet; John Roth; Kathy Coviello | Insurance Carrier Letter | Email reflecting attorney-client communication regarding anticipated litigation | Attorney-Client Communication |
| 32 | 3/27/2015 | William Laforet | Mary Brunner; John Roth | Brian Chewcaskie, Esq. | RE: Sinclair Matter | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 33 | 3/27/2015 | William Laforet | Mary Brunner; John Roth | Brian Chewcaskie, Esq. | RE: Sinclair Matter | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 34 | 3/27/2015 | John Roth | William Laforet | Mary Brunner; Brian Chewcaskie, Esq. | Re: Sinclair Matter | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 35 | 3/27/2015 | John Roth | William Laforet | Mary Brunner; Brian Chewcaskie, Esq. | Re: Sinclair Matter | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |

14121575_1 (21293.001)

SINCLAIR v. TOWNSHIP OF MAHWAH et al.
Civil Action No. 2:16-cv-001568-KM-MAH
PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET

| Number | Date | From/ Author | To | CC | Subject | Description | Basis |
|--------|------|--------------|-----|-----|---------|-------------|-------|
| 36 | 3/27/2015 | Mary Brunner | John Roth; William Laforet | Brian Chewcaskie, Esq. | RE: Sinclair Matter | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 37 | 3/27/2015 | Mary Brunner | John Roth; William Laforet | Brian Chewcaskie, Esq. | RE: Sinclair Matter | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 38 | 3/27/2015 | William Laforet | John Roth | Mary Brunner; Brian Chewcaskie, Esq. | RE: Sinclair Matter | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 39 | 3/27/2015 | Mary Brunner | William Laforet; John Roth | | Sinclair Matter | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 40 | 3/28/2015 | William Laforet | Brian Chewcaskie, Esq. | John Roth; Angelo J. Genova, Esq. | Sinclair Agreement | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |

4

1412157S_1 (21293.001)

**SINCLAIR v. TOWNSHIP OF MAHWAH et al.**
Civil Action No. 2:16-cv-001568-KM-MAH
**PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET**

| Number | Date | From / Author | To | CC | Subject | Description | Basis |
|---|---|---|---|---|---|---|---|
| 41 | 3/29/2015 | John Roth | William Laforet | Angelo J. Genova, Esq.; Brian Chewcaskie, Esq. | Re: Sinclair Agreement | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 42 | 4/1/2015 | Mary Brunner | James Batelli | William Laforet; John Roth; Brian Campion | Sinclair Matter | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 43 | 4/2/2015 | Mary Brunner | William Laforet | John Roth | Sinclair Matter | Email reflecting attorney-client communication regarding settlement | Attorney-Client Communication |
| 29 | 4/21/2015 | John Roth | William Laforet | Janet Ariemma; Mary Amoroso; Lisa DiGiulio; Robert Hermansen; Steve Sbarra; Jonathan Wong; Kathy Coviello; Brian Chewcaskie, Esq.; Brian Campion | Criminal Investigation | Email reflecting attorney-client communication regarding criminal investigation and confidential personnel issues | Attorney-Client Communication |

5

1412155_1 (2129.001)

**SINCLAIR v. TOWNSHIP OF MAHWAH et al.**
Civil Action No. 2:16-cv-001568-KM-MAH
PRIVILEGE LOG OF DEFENDANT WILLIAM LAFORET

| Number | Date | From / Author | To | CC | Subject | Description | Basis |
|---|---|---|---|---|---|---|---|
| 44 | 6/23/2015 | Mary Brunner | William Laforet; James Batelli | | Sinclair – Mahwah | Email reflecting attorney-client communication regarding anticipated litigation | Attorney-Client Communication |
| 45 | 6/23/2015 | Peter Berk, Esq. | Brian Chewcaskie, Esq. | William Laforet; Angelo J. Genova, Esq. | Sinclair v. Mahwah et al. | Email reflecting attorney-client communication regarding anticipated litigation | Attorney-Client Communication |

6

1412157.5_1 (2129.001)

# EXHIBIT L

## UNITED STATES DISTRICT COURT

### DISTRICT OF NEW JERSEY

**Robert Zimmerer, Esq. (ID 010971985)**
**ZIMMERER, MURRAY, CONYNGHAM & KUNZIER**
**250 Pehle Avenue – Suite 108**
**Saddle Brook, NJ  07663**
**Tel.  (201) 845-7077**
**Attorneys for Defendant, Township of Mahwah**

| | |
|---|---|
| JACQUELINE BORISH SINCLAIR, individually and in her capacities as ADMINISTRATOR and ADMINISTRATOR *AD PROSEQUENDUM* of THE ESTATE OF EDWARD F. SINCLAIR, | Civil Action No.: 2:16-cv-01568-KM-MAH |
| Plaintiffs, | Civil Action |
| vs. | |
| TOWNSHIP OF MAHWAH, WILLIAM LAFORET, individually and in his official capacity as the Mayor of the Township of Mahwah, JAMES BATELLI, individually and in his official capacity as the Chief of Police of the Township of Mahwah, John Doe 1 and John Does 2, | **"SECOND REVISED"** **TABLE OF DOCUMENTS** |
| Defendants. | |

| DOCUMENT | BATE STAMP NUMBER | PRIVILEGE |
|---|---|---|
| General Release | 1-2 | |
| Personnel Action Form dated June 27, 1996 | 3 | |

1

| | | |
|---|---|---|
| Personnel Action Form dated June 26, 1995 | 4 | |
| Memorandum dated June 20, 1995 from Mark Coren, Business Administrator | 5 | |
| Memorandum dated May 1, 1995 from Edward Sinclair with attachment | 6-8 | |
| Personnel Action Form dated August 31, 1990 with attachment | 9-10 | |
| Personnel Action Form dated May 9, 1989 | 11 | |
| Personnel Action Form dated June 28, 1988 | 13 | |
| Personnel Action Form dated May 1, 1987 | 15 | |
| Memorandum dated May 14, 1987 from Robert P. Hammer | 16 | |
| Training certificate dated March 7, 2008 | 17 | |
| Training certificate dated October 25, 2000 | 18 | |
| Training Certificate dated December 15, 1995 | 19 | |
| Documentation of Supervisory Education and Training: Alcohol and Drug Misuse dated December 15, 1995 | 20-23 | |

| | | |
|---|---|---|
| Memorandum dated March 22, 2000 RE: Step 4 Grievances from Business Administrator, Robert Gallione with attachments | 24-28 | |
| Memorandum dated March 16, 2000 from Robert J. Gallione, Business Administrator re: Grievance-New Salary Guide with attachment | 29-31 | |
| Memorandum dated March 9, 2000 from Robert J. Gallione, Business Administrator re: Grievance dated 3/3/00 | 32 | |
| Letter dated March 8, 2000 from Robert Witkowski to Robert J. Gallione Re: Blue Collar Grievance for Edward Sinclair | 33 | |
| Memorandum dated March 8, 2000 from Stanley Spiech, Director to Edward Sinclair | 34 | |
| Grievance form dated March 3, 2000 with attachment | 36-40 | |
| Employee Appraisal dated May 4, 1997 | 41-44 | |
| Personnel Action Form dated May 4, 1997 with attachment | 45-46 | |
| Personnel Action Form dated May 31, 2000 | 47 | |
| Employee Appraisal dated May 30, 2000 | 49-50 | |
| Personnel Action Form dated May 15, 1998 | 51 | |
| Employee Appraisal dated May 15, 1998 | 53-54 | |
| Personnel Action Form dated May 31, 2000 | 55 | |

3

| | | |
|---|---|---|
| Personnel Action Form dated May 15, 1998 | 59 | |
| Performance Appraisal dated May 2009 | 63-64 | |
| Performance Appraisal dated May 2008 | 65-66 | |
| Performance Appraisal dated May 2007 | 67-68 | |
| Performance Appraisal dated May 2006 | 69-70 | |
| Performance Appraisal dated May 2005 | 71-72 | |
| Employee Appraisal dated May 2004 | 73-74 | |
| Employee Appraisal dated May 2003 | 75-76 | |
| Employee Appraisal dated May 2002 | 77-78 | |
| Employee Appraisal dated May 2001 | 79-80 | |
| Performance Appraisal dated May 27, 2009 | 81-82 | |
| Performance Appraisal dated May 2008 | 83-84 | |
| Performance Appraisal dated May 2007 | 85-86 | |
| Performance Appraisal dated May 2006 | 87-88 | |
| Performance Appraisal dated May 2005 | 89-90 | |
| Employee Appraisal dated May 2004 | 91-92 | |

| | | |
|---|---|---|
| Employee Appraisal dated May 2003 | 93-94 | |
| Employee Appraisal dated May 2002 | 95-95 | |
| Employee Appraisal dated June 2001 | 97-98 | |
| Personnel Action Form dated September 1, 2009 | 99-102 | |
| Job Posting- Superintendent dated July 31, 2009 with attachment | 103-105 | |
| Memorandum from Brian Campion dated August 29, 2009 | 106-107 | |
| Memorandum from Brian Campion dated August 27, 2009 | 108 | |
| Letter from Edward Sinclair to Mr. Campion (Undated) | 110-113 | |
| Letter dated December 23, 2008 from Mayor Richard Martel | 113 | |
| Performance Appraisal dated September 20, 2013 | 114-115 | |
| Performance Appraisal dated May 2012 | 116-117 | |
| Performance Appraisal dated May 17, 2011 | 118-119 | |
| Performance Appraisal dated August 12, 2010 | 120-121 | |
| Personnel Action Form dated August 26, 2015 | 122-124 | |
| Memorandum from Marianne Poland to Jackie Sinclair | 125-126 | |
| Memorandum from Glenn Dowson to Marianne Poland | 127 | |

| | | |
|---|---|---|
| Personnel Action Form dated August 24, 2015 | 128 | |
| Personnel Action Form dated July 28, 2014 | 129 | |
| Resolution dated July 24, 2014 | 130 | |
| Personnel Action Form dated January 10, 2013 | 131 | |
| Memorandum from Brian Campion to Edward Sinclair dated November 16, 2012 RE: Personnel issue | 132 | |
| Resolution dated May 8, 2014 authorizing an agreement with Jersey Professional Management | 133 | |
| Request for Certificate of Funds dated May 5, 2014 | 134 | |
| Amendment to 2014 Approved Budget | 135 | |
| Proposal for Recruitment and Temporary Employee Services from Jersey Professional Management | 136-139 | |
| Resolution dated July 23, 2016 re: Jersey Professional Management | 140-142 | |
| Jersey Professional Management Proposal dated June 28, 2016 | 143-147 | |
| Resolution dated August 20, 2015 Re: Tri-State Technical Computer Services, Inc. | 148-150 | |
| Contract between Township of Mahwah and Tri-State Technical Services dated August 31, 2015 | 151-161 | |
| Undated Letter from Edward Sinclair to Mr. Campion | 162-164 | |

| | | |
|---|---|---|
| Resolution dated April 10, 2014 affirming Civil Rights Policy | 165-166 | |
| Synopsis of Changes to Municipal Excess Liability Joint Insurance Fund | 167-168 | |
| Resolution dated April 24, 2014 adopting Personnel Policies and Procedures Manual | 169-170 | |
| General Personnel Policy | 171-194 | |
| Township of Mahwah Employee Handbook dated January 2014 | 195-238 | |
| Email from Township Attorney, Brian Chewcaskie, Esq. to John Roth, Council President re: Press Release dated April 8, 2015 | 239 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Township Attorney, Brian Chewcaskie, Esq. to John Roth, Council President and Brian Campion, Business Administrator dated April 7, 2015 RE: Forensic Computer examination | 240 | **Intentionally Omitted-Attorney Client Communication** |
| Letter from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq., re: Forensic Computer Examination dated April 7, 2015 | 241 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Brian Campion, Business Administrator to Township Attorney, Brian Chewcaskie, Esq., re: Sinclair Matter dated April 2, 2015 | 242 | **Intentionally Omitted-Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to Mayor William LaForet dated April 2, 2015 re: Sinclair Matter (*Copy to Council President John Roth*) | 243-244 | **Intentionally Omitted-Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to James Batelli, Chief of | 245-246 | **Intentionally Omitted-Attorney Client Communication** |

| | | |
|---|---|---|
| Police dated April 1, 2015 <u>RE: Criminal investigation</u> | | |
| Email from John Roth, Council President to Prosecutor Molinelli dated March 31, 2015 *(Copy to Mayor William LaForet, Council President, John Roth and Brian Campion, Administrator)* | 247-249 | |
| Email from Township Attorney, Brian Chewcaskie, Esq. to John Roth, Council President dated March 29, 2015 Re: Sinclair Agreement | 250-251 | **Intentionally Omitted-Attorney Client Communication** |
| Email from John Roth, Council President to Mayor William Floret dated March 29, 2015 re: Sinclair Agreement *(Copy to Angelo Genova, Esq., Brian Chewcaskie, Esq.)* | 252-253 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Township Attorney Brian Chewcaskie, Esq. to Michael Camarinos, Esq. dated March 29, 2015 | 254 | |
| Email from Mayor William Laforet to Township Attorney, Brian Chewcaskie dated March 27, 2015 *(Copy to Mary Brunner and John Roth)* <u>RE: Letter dated March 25, 2015 (Attached as Bate Stamp #256)</u> | 255 | **Intentionally Omitted-Attorney Client Communication** |
| Letter dated March 25, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Council President and Council Members re: Sinclair Matter | 256 | **Intentionally Omitted-Attorney Client Communication** |
| Letter dated March 27, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Mayor William Laforet and John Roth Council President re: Sinclair Matter | 257-258 | **Intentionally Omitted-Attorney Client Communication** |

| | | |
|---|---|---|
| Letter dated March 25, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Mayor Laforet re: Sinclair Matter | 259-260 | **Intentionally Omitted- Attorney Client Communication** |
| Email from Michael D. Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. dated March 25, 2015 re: Ed Sinclair | 261 | |
| Email from Michael D. Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. dated March 25, 2015 re: Sinclair-Mahwah | 262 | |
| March 25, 2015 letter from Township Attorney, Brian M. Chewcaskie, Esq. to Michael D. Camarinos, Esq. re: Edward Sinclair- Township of Mahwah | 263 | |
| March 25, 2015 letter from Township Attorney, Brian M. Chewcaskie, Esq. to Michael D. Camarinos, Esq. re: Edward Sinclair- Township of Mahwah | 264 | |
| Email from John Roth, Council President to Township Attorney, Brian M. Chewcaskie, Esq. dated April 21, 2015 *(Copy to Janet Ariemma, Mary Amoroso, Lisa DiGiulio, Robert Hermansen, Steve Sbarra, Jonathan Wong, Kathy Coviello)RE: Rice Notice* | 265-266 | **Intentionally Omitted- Attorney Client Communication** |
| Email from John Roth, Council President to Mayor William Laforet re Criminal Investigation dated April 21, 2015 *(Copy to Janet Ariemma, Mary Amoroso, Lisa DiGiulio, Robert Hermansen, Steve Sbarra, Jonathan Wong, Kathy Coviello, Brian Chewcaskie, Esq., and Brian Campion)* | 267-268 | **Intentionally Omitted- Attorney Client Communication** |

| | | |
|---|---|---|
| Email from John Roth, Council President to Township Council dated April 21, 2015 Re: Gateway Computer Investigation *(Copy to Janet Ariemma, Mary Amoroso, Lisa DiGiulio, Robert Hermansen, Steve Sbarra, Jonathan Wong, Brian Chewcaskie, Esq., Kathy Coviello and Brian Campion)* | 269-270 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Brian Campion, Business Administrator to Brian Chewcaskie, Esq. dated April 21, 2015 Re: April 19, 2015 email *(Copy to Kathy Coviello and Chief James N. Batelli)*RE: Rice Notice | 271 | **Intentionally Omitted-Attorney Client Communication** |
| Email from John Roth, Council President to Township Attorney, Brian M. Chewcaskie, Esq. dated April 20, 2015 Re: Rice Notice | 271-273 | **Intentionally Omitted-Attorney Client Communication** |
| Letter from Township Attorney, Brian Chewcaskie, Esq. to James Batelli, dated April 20, 2015 Re: Investigation- Gateway Computer*(Copy to Mayor William LaForet and Council President John Roth)* | 274-275 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Chief James N. Batelli to Township Attorney, Brian M. Chewcaskie, Esq. dated April 20, 2015 RE: Gateway computer | 276 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Chief James N. Batelli to Township Attorney, Brian Chewcaskie, dated April 19, 2015 Re: Rice Notice *(Copy to Kathy Coviello)* | 277 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Council President John Roth to Township Attorney, Brian M. Chewcaskie, Esq. dated April 17, 2015 Re: Confidential- | 278 | **Intentionally Omitted-Attorney Client Communication** |

| Rice Notice | | |
|---|---|---|
| Email from Mayor William Laforet to Brian Chewcaskie, Esq. dated April 18, 2015 *(Copy to Chief James N. Batelli)*RE: Gateway Computer | 279 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Chief James N. Batelli to Township Attorney, Brian M. Chewcaskie, Esq. dated April 17, 2015 *(Copy to Mayor William Laforet)*RE: Gateway computer | 280 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Council President, John Roth, to Township Attorney, Brian Chewcaskie, Esq. dated April 17, 2015 Re: Chief Batelli Letter | 281-284 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Brian M. Chewcaskie, Esq. to Mayor William Laforet dated April 15, 2015 RE: Gateway computer | 285 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Mayor William Laforet to Township Attorney, Brian M. Chewcaskie, dated April 14, 2015 | 286 | **Intentionally Omitted-Attorney Client Communication** |
| Email from Michael D. Camarinos, Esq. to Mary Brunner dated April 14, 2015 | 287-288 | |
| Email from Brian Campion to Mary Brunner re: Sinclair Matter dated April 14, 2015 | 289-290 | |
| Letter dated April 13,2015 from Chief James N. Batelli to Township Attorney, Brian Chewcaskie, Esq. RE: Computer investigation | 291-293 | **Intentionally Omitted-Attorney Client Communication** |
| April 10, 2015 letter from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 294 | |
| Email from John Roth, Council President to Chief James N. Batelli Re: Chief Batelli Letter to Council dated | 295-298 | **Intentionally Omitted-Attorney Client Communication** |

| | | |
|---|---|---|
| April 8, 2015 *(Copy to Janet Ariemma, Mary Amoroso, Lisa DiGiulio, Roberth Hermansen, Steve Sbarra, Jonathan Wong, Kathy Coviello, William Laforet)*<u>RE:</u> Officer Zitto presentation | | |
| Email from Brian Campion, Business Administrator to John Roth, Chief Batelli dated April 9, 2015 | 299-301 | |
| Email from John Roth, Council President to Township Attorney, Brian Chewcaskie, Esq. dated April 9, 2015 <u>RE: Officer Zitto presentation</u> | 302-304 | **Intentionally Omitted-Attorney Client Communication** |
| Email from John Roth, Council President to Township Attorney, Brian Chewcaskie, Esq. dated April 9, 2015 <u>RE: Officer Zitto presentation</u> | 305-306 | **Intentionally Omitted-Attorney Client Communication** |
| Invoice from Camarinos Law Group, LLC dated April 9, 2015 | 307 | |
| Letter dated April 8, 2015 from James N. Batelli, Chief of Police to Township Council | 308-309 | |
| Email from Mary Brunner to Township Attorney, Brian Chewcaskie, Esq. dated June 23, 2015 <u>RE: Telephone message from Chief Batelli</u> | 310 | **Intentionally Omitted-Attorney Client Communication** |
| Letter dated June 23, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Angelo Genova, Esq. | 311 | |
| Letter dated June 22, 2015 from Angelo Genova, Esq. to Township Attorney, Brian Chewcaskie, Esq. | 312-313 | |
| Email from Township Attorney, Brian Chewcaskie, Esq. to Mary Brunner <u>RE: Release</u> | 314 | **Intentionally Omitted-Attorney Client Communication** |

| Email from Township Attorney, Brian M. Chewcaskie, Esq. to Kathy Coviello dated June 1, 2015 RE: Investigation and minutes | 315 | **Intentionally Omitted- Attorney Client Communication** |
|---|---|---|
| Email from Kathy Coviello to Township Attorney, Brian M. Chewcaskie, Esq. dated June 1, 2015 RE: Documents for closed session | 316 | **Intentionally Omitted- Attorney Client Communication** |
| Letter dated May 7, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 317 | |
| Letter dated May 7, 2015 from John M. Mavroudis to Brian Chewcaskie, Esq. | 318 | |
| Letter dated May 6, 2015 from Township Attorney, Brian M. Chewcaskie, Esq. to Wendy Kaliner | 319 | |
| Email from Denise Storms, QPA to Township Attorney, Brian Chewcaskie, Esq. dated May 5, 2015 RE: Payment to plaintiff | 320 | **Intentionally Omitted- Attorney Client Communication** |
| Letter dated May 1, 2015 from Township Attorney, Brian Chewcaskie, Esq. to John J. Hoffman, Acting Attorney General | 321-322 | |
| Email from Chief Batelli to Township Attorney, Brian Chewcaskie, Esq. dated April 30, 2015 *(Copy to William Laforet)*RE: Relating to correspondence dated April 17, 2015 | 323-325 | **Intentionally Omitted- Attorney Client Communication** |
| April 29, 2015 letter from Summit Risk Services to Township of Mahwah re: Reservation of Rights | 326-333 | |
| Letter dated April 23, 2015 from James N. Batelli to Mayor and Council | 334-337 | |
| Email from Council President, John Roth to Township Attorney, Brian Chewcaskie, | 338 | **Intentionally Omitted- Attorney Client Communication** |

13

| | | |
|---|---|---|
| Esq. dated April 22, 2015 Re: Cost of Investigation *(Copy to Janet Ariemma, Mary Amoroso, Lisa DiGiulio, Robert Hermanse, Steve Sbarra, Jonathan Wong)* | | |
| Email from John Roth, Council President to William Laforet Re: K-9 | 339-340 | |
| Email from John Roth, Council President to Mark Bonamo dated March 24, 2015 | 341 | |
| Letter dated March 23, 2015 from Summit Risk Services to Township of Mahwah | 342-343 | |
| Letter dated March 23, 2015 from Township Attorney Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 344 | |
| Email dated March 23, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 345-346 | |
| Email from Brian Campion, Township Business Administrator to Township Attorney, Brian Chewcaskie, Esq. dated March 23, 2015 RE: Sinclair calculations | 347-348 | **Intentionally Omitted-Attorney Client Communication** |
| Email from John Roth to William Laforet dated March 22, 2015 Re: Gateway Computer | 349-350 | |
| Email from Michael Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. dated March 19, 2015 | 351-354 | |
| Email from Chief James N. Batelli to Township Attorney, Brian Chewcaskie, Esq. dated March 19, 2015 (*Copy to Lt. Harry Hunt)*RE: correspondence from Edward Wysocki, Jr. | 355 | **Intentionally Omitted-Attorney Client Communication** |
| Memorandum from Township Attorney, Brian Chewcaskie, Esq. to Mayor Laforet dated | 356 | **Intentionally Omitted-Attorney Client Communication** |

| | | |
|---|---|---|
| March 17, 2015 <u>RE: Recommendations regarding Edward Sinclair</u> | | |
| Memorandum to Dawn Mulligan, JIF Claims, LLC from Brian Campion Business Administrator, Copy to Township Attorney, Brian Chewcaskie, Esq. dated March 17, 2015 with attachments <u>RE: Potential litigation</u> | 357-367 | **Intentionally Omitted-Attorney Client Communication** <u>Pages 358-367 will be released</u> |
| Email dated March 17, 2015 from William Laforet, Mayor to John Roth, Council President | 368-369 | |
| Letter dated March 17, 2015 from Mayor William Laforet to Michael D. Camarinos, Esq. | 370 | |
| Letter dated March 16, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 371 | |
| Letter dated March 14, 2015 from Michael D. Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. | 372-375 | |
| Email dated March 13, 2015 from Mayor Laforet to Township Attorney, Brian Chewcaskie, Esq. *(Copy to Brian Campion, Business Administrator)* <u>RE: Gateway computer</u> | 376-377 | **Intentionally Omitted-Attorney Client Communication** |
| Letter dated March 12, 2015 from Township Attorney, Brian Chewcaskie, Esq. to Michael D. Camarinos, Esq. | 378-379 | |
| Letter dated March 11, 2015 from Michael Camarinos, Esq. to Township Attorney, Brian Chewcaskie, Esq. | 380-381 | |
| Letter dated March 11, 2015 from Michael Camarinos to Township Attorney, Brian Chewcaskie, Esq. RE: Investigation/Litigation Hold | 382-384 | |

| Letter | | |
|---|---|---|
| Letter dated March 11, 2015 from Michael Camarinos to Township Attorney, Brian Chewcaskie, Esq. | 385-386 | |
| Letter dated March 11, 2015 from Michael Camarinos to Township Attorney, Brian Chewcaskie, Esq. RE: Investigation/Litigation Hold Letter | 387-389 | |
| Email dated March 6, 2015 from Chief James N. Batelli to Mayor Laforet and Township Attorney, Brian Chewcaskie, Esq. | 390 | |
| Agenda, Minutes from Combined Work Session and Public Meeting Minutes, notes, Closed Session Meeting Minutes for March 19, 2015 | 391-458 | |
| Agenda, , Closed Session Meeting Minutes, notes from April 9, 2015 meeting | 459-480 | |
| Agenda, Closed Session Meeting Minutes and notes from April 23, 2015 meeting | 481-493 | **Pages 486 & 492 Intentionally Omitted- Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes and notes from June 25, 2015 meeting | 494-518 | **Pages 499, 500, 515 and 516 Intentionally Omitted- Attorney Client Communication** |
| Agenda, Combined Work Session and Public Meeting Minutes, and notes from August 20, 2015 meeting | 519-561 | |
| Agenda, Combined Work Session and Public Meeting Minutes and notes from September 3, 2015 meeting | 562-582 | |
| Agenda, Closed Session Meeting Minutes, and notes from July 7, 2016 meeting | 583-603 | **Pages 589, 590,598, and  599 Intentionally Omitted- Attorney Client Communication** |

|  |  |  |
|---|---|---|
| Agenda, Closed Session Meeting Minutes, and notes from July 21, 2016 meeting | 604-625 | **Pages 613 and 625 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from October 13, 2016 | 626-642 | **Pages 630, 640 and 641 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from January 26, 2017 meeting | 643-667 | **Pages 647and 663 Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from May 4, 2017 | 668-693 | **Pages 672, 673, 674, 675, 690, and 691  Intentionally Omitted-Attorney Client Communication** |
| Agenda, Closed Session Meeting Minutes, and notes from July 13, 2017 | 694-769 | **Pages 699, 700, 701, 734-742, 760-769 Intentionally Omitted-Attorney Client Communication** |
|  |  |  |
|  |  |  |