**GENOVA BURNS LLC**
Angelo J. Genova, Esq.
Peter F. Berk, Esq.
Michael K. Fortunato, Esq.
494 Broad Street
Newark, New Jersey 07102
TEL (973) 533-0777
FAX (973) 533-1112
Attorneys for Defendant,
William Laforet

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JACQUELINE BORISH SINCLAIR, individually and in her capacities as ADMINISTRATOR and ADMINISTRATOR *AD PROSEQUENDUM* of THE ESTATE OF EDWARD F. SINCLAIR,<br><br>Plaintiffs,<br><br>v.<br><br>TOWNSHIP OF MAHWAH, WILLIAM LAFORET, individually and in his official capacity as the Mayor of the Township of Mahwah, JAMES BATELLI, individually and in his official capacity as the Chief of Police of the Township of Mahwah, John Doe 1 and John Does 2,<br><br>Defendants. | CIVIL ACTION NO.: 2:16-cv-01568 KM-MAH<br><br><br><br><br><br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO SECOND AMENDED COMPLAINT** |

Defendant, William LaForet ("Defendant"), by and through his attorneys, Genova Burns LLC, by way of Answer to Plaintiff Jacqueline Borish Sinclair's ("Plaintiff") Second Amended Complaint hereby states as follows:

1

## As to "Nature of this Action"

1.  Defendant admits that Plaintiff purports to bring this action pursuant to the reasons cited. Defendant denies that there is any basis in fact or law for the allegations contained therein.

## As to "Jurisdiction and Venue"

2.  Defendant admits that Plaintiff purports to bring this action pursuant to the statutes cited. Defendant denies there is any basis in fact or law for the allegations contained therein.

3.  Defendant admits that Plaintiff purports to bring this action pursuant to the statutes cited. Defendant denies there is any basis in fact or law for the allegations contained therein.

4.  Defendant denies the allegations set forth in Paragraph 4 of the Second Amended Complaint.

## As to "Parties"

5.  Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 5 of the Second Amended Complaint and leaves Plaintiff to her proofs.

6.  Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 6 of the Second Amended Complaint and leaves Plaintiff to her proofs.

7.  Defendant admits the allegations set forth in Paragraph 7 of the Second Amended Complaint.

8.  Defendant admits the allegations set forth in Paragraph 8 of the Second Amended Complaint.

9. Except to admit that James Batelli is the Chief of Police of the Township of Mahwah, Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 9 of the Second Amended Complaint and leaves Plaintiff to her proofs.

10. The allegations set forth in Paragraph 10 of the Second Amended Complaint do not relate to the answering Defendant, and therefore Defendant makes no answer herein. If any of the allegations are deemed to relate to the answering Defendant, such allegations are denied.

## As to "Facts Giving Rise to the Claims"

11. Except to admit that Edward F. Sinclair ("Sinclair") was employed by the Township of Mahwah in the Department of Public Works ("DPW"), Defendant denies knowledge or information sufficient to form a belief as to the remaining allegations set forth in Paragraph 11 of the Second Amended Complaint and leaves Plaintiff to her proofs.

12. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 12 of the Second Amended Complaint and leaves Plaintiff to her proofs.

13. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 13 of the Second Amended Complaint and leaves Plaintiff to her proofs.

14.  Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 14 of the Second Amended Complaint and leaves Plaintiff to her proofs.

15.  Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 15 of the Second Amended Complaint and leaves Plaintiff to her proofs.

16.  Defendant admits the allegations set forth in Paragraph 16 of the Second Amended Complaint.

17.  Except to admit that Defendant beat Sinclair in the 2012 mayoral election, Defendant denies knowledge or information sufficient to form a belief as to the remainder of the allegations set forth in Paragraph 17 of the Second Amended Complaint and leaves Plaintiff to her proofs.

18.  Defendant denies the allegations set forth in Paragraph 18 of the Second Amended Complaint and denies each subpart as it relates to the answering Defendant.

19.  Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 19 of the Second Amended Complaint and leaves Plaintiff to her proofs.

20.  Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 20 of the Second Amended Complaint and leaves Plaintiff to her proofs.

21.  Defendant denies the allegations set forth in Paragraph 21 of the Second Amended Complaint.

22. Defendant denies the allegations set forth in Paragraph 22 of the Second Amended Complaint as it pertains to the answering Defendant.

23. Except to admit that Defendant received copies of an Anonymous Letter, Defendant denies the allegations set forth in Paragraph 23 of the Second Amended Complaint.

24. Except to admit that the Bergen County Prosecutor's Office confiscated three computers located in the DPW to investigate the allegations of criminal wrongdoing contained in the Anonymous Letter, Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 24 of the Second Amended Complaint and leaves Plaintiff to her proofs.

25. Defendant denies the allegations set forth in Paragraph 25 of the Second Amended Complaint.

26. Defendant denies the allegations set forth in Paragraph 26 of the Second Amended Complaint.

27. Defendant admits the allegations set forth in Paragraph 27 of the Second Amended Complaint.

28. Defendant denies the allegations set forth in Paragraph 28 of the Second Amended Complaint.

29. Defendant admits the allegations set forth in Paragraph 29 of the Second Amended Complaint.

30.  Defendant neither admits nor denies the allegations set forth in Paragraph 30 of the Second Amended Complaint and that the referenced document speaks for itself.

31.  Defendant denies the allegations set forth in Paragraph 31 of the Second Amended Complaint as it pertains to the answering Defendant.

32.  Defendant denies the allegations set forth in Paragraph 32 of the Second Amended Complaint as it pertains to the answering Defendant.

33.  Defendant denies the allegations set forth in Paragraph 33 of the Second Amended Complaint as it pertains to the answering Defendant.

34.  This allegation is ambiguous as written in its current form and Defendant is unable to respond to same.  To the extent it constitutes an allegation against Defendant, Defendant denies same.

35.  Except to admit that Officer Zito was tasked with investigating the claim of viewing of pornography, Defendant denies the allegations set forth in Paragraph 35 of the Second Amended Complaint.

36.  Defendant denies the allegations set forth in Paragraph 36 of the Second Amended Complaint as it pertains to the answering Defendant.

37.  Defendant admits the allegations set forth in Paragraph 37 of the Second Amended Complaint.

38.  Defendant denies the allegations set forth in Paragraph 38 of the Second Amended Complaint as it pertains to the answering Defendant.

39.  Defendant denies the allegations set forth in Paragraph 39 of the Second Amended Complaint as it pertains to the answering Defendant.

40.  Defendant denies the allegations set forth in Paragraph 40 of the Second Amended Complaint and states that to the extent they refer to a document, any such document speaks for itself.

41.  Defendant denies the allegations set forth in Paragraph 41 of the Second Amended Complaint as it pertains to the answering Defendant.

42.  Defendant denies the allegations set forth in Paragraph 42 of the Second Amended Complaint and states that to the extent they refer to a document, any such document speaks for itself.

43.  Defendant denies the allegations set forth in Paragraph 43 of the Second Amended Complaint and states that to the extent they refer to a document, any such document speaks for itself.

44. Defendant denies the allegations set forth in Paragraph 44 of the Second Amended Complaint and states that to the extent they refer to a document, any such document speaks for itself.

45. Defendant denies the allegations set forth in Paragraph 45 of the Second Amended Complaint and states that to the extent they refer to a document, any such document speaks for itself.

46. Defendant denies the allegations set forth in Paragraph 46 of the Second Amended Complaint and states that to the extent they refer to a document, any such document speaks for itself.

47. Defendant denies the allegations set forth in Paragraph 47 of the Second Amended Complaint and states that to the extent they refer to a document, any such document speaks for itself.

48. Defendant denies the allegations set forth in Paragraph 48 of the Second Amended Complaint and states that to the extent they refer to a document, any such document speaks for itself.

49. Defendant denies the allegations set forth in Paragraph 49 of the Second Amended Complaint.

50. Defendant asserts the allegations set forth in Paragraph 50 of the Second Amended Complaint are legal conclusions, which require no response. To the extent that they constitute factual allegations, they are denied.

51. Defendant asserts the allegations set forth in Paragraph 51 of the Second Amended Complaint are legal conclusions, which require no response. To the extent that they constitute factual allegations, they are denied.

52. Defendant admits the allegations set forth in Paragraph 52 of the Second Amended Complaint.

53. Defendant asserts the allegations set forth in Paragraph 53 of the Second Amended Complaint are legal conclusions, which require no response. To the extent that they constitute factual allegations, they are denied.

54. Defendant asserts the allegations set forth in Paragraph 54 of the Second Amended Complaint are legal conclusions, which require no response. To the extent that they constitute factual allegations, they are denied.

55. Defendant asserts the allegations set forth in Paragraph 55 of the Second Amended Complaint are legal conclusions, which require no response. To the extent that they constitute factual allegations, they are denied.

56. Defendant denies the allegations set forth in Paragraph 56 of the Second Amended Complaint.

### As to "Causes of Action"

### As to the "First Count"

57. Defendant repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

58. Defendant denies the allegations set forth in Paragraph 58 of the Second Amended Complaint.

59. Defendant denies the allegations set forth in Paragraph 59 of the Second Amended Complaint.

60. Defendant denies the allegations set forth in Paragraph 60 of the Second Amended Complaint.

61. Defendant denies the allegations set forth in Paragraph 61 of the Second Amended Complaint.

62. Defendant asserts the allegations set forth in Paragraph 62 of the Second Amended Complaint are legal conclusions, which requires no response. To the extent that they constitute factual allegations, they are denied.

**WHEREFORE,** Defendant demands judgment dismissing the First Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

### As to the "Second Count"

63. Defendant repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

64. Defendant denies the allegations set forth in Paragraph 64 of the Second Amended Complaint.

65. Defendant denies the allegations set forth in Paragraph 65 of the Second Amended Complaint.

66. Defendant denies the allegations set forth in Paragraph 66 of the Second Amended Complaint.

67. Defendant denies the allegations set forth in Paragraph 67 of the Second Amended Complaint.

68.  Defendant asserts the allegations set forth in Paragraph 68 of the Second Amended Complaint are legal conclusions, which requires no response. To the extent that they constitute factual allegations, they are denied.

**WHEREFORE,** Defendant demands judgment dismissing the Second Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

### As to the "Third Count"

69.  Defendant repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

70.  Defendant asserts the allegations set forth in Paragraph 70 of the Second Amended Complaint are legal conclusions, which requires no response. To the extent that they constitute factual allegations, they are denied.

71.  Defendant denies the allegations set forth in Paragraph 71 of the Second Amended Complaint as it pertains to the answering Defendant.

72.  Defendant denies the allegations set forth in Paragraph 72 of the Second Amended Complaint.

73.  Defendant denies the allegations set forth in Paragraph 73 of the Second Amended Complaint.

74.  Defendant denies the allegations set forth in Paragraph 74 of the Second Amended Complaint.

**WHEREFORE,** Defendant demands judgment dismissing the Third Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

### As to the "Fourth Count"

75.  Defendant repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

76.  Defendant asserts the allegations set forth in Paragraph 76 of the Second Amended Complaint are legal conclusions, which requires no response. To the extent that they constitute factual allegations, they are denied.

77.  Defendant denies the allegations set forth in Paragraph 77 of the Second Amended Complaint as it pertains to the answering Defendant.

78.  Defendant denies the allegations set forth in Paragraph 78 of the Second Amended Complaint as it pertains to the answering Defendant.

79.  Defendant denies the allegations set forth in Paragraph 79 of the Second Amended Complaint.

80.  Defendant denies the allegations set forth in Paragraph 80 of the Second Amended Complaint.

**WHEREFORE,** Defendant demands judgment dismissing the Fourth Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

## As to the "Fifth Count"

81. Defendant repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

82. Defendant asserts the allegations set forth in Paragraph 82 of the Second Amended Complaint are legal conclusions, which require no response. To the extent that they constitute factual allegations, they are denied.

83. Defendant denies the allegations set forth in Paragraph 83 of the Second Amended Complaint.

84. Defendant denies the allegations set forth in Paragraph 84 of the Second Amended Complaint.

85. The allegations contained in this paragraph do not pertain to the answering Defendant, and therefore require no response. If any of the allegations are deemed to relate to the answering Defendant, such allegations are denied.

86. Defendant denies the allegations set forth in Paragraph 86 of the Second Amended Complaint.

87. Defendant asserts the allegations set forth in Paragraph 87 of the Second Amended Complaint are legal conclusions, which

require no response. To the extent that they constitute factual allegations, they are denied.

**WHEREFORE,** Defendant demands judgment dismissing the Fifth Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

### As to "Sixth Count"

88. Defendant repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

89. Defendant denies the allegations set forth in Paragraph 89 of the Second Amended Complaint.

90. Defendant denies the allegations set forth in Paragraph 90 of the Second Amended Complaint.

91. Defendant denies the allegations set forth in Paragraph 91 of the Second Amended Complaint.

92. Defendant denies the allegations set forth in Paragraph 92 of the Second Amended Complaint.

93. Defendant denies the allegations set forth in Paragraph 93 of the Second Amended Complaint.

94. Defendant denies the allegations set forth in Paragraph 94 of the Second Amended Complaint.

95. Defendant denies the allegations set forth in Paragraph 95 of the Second Amended Complaint.

**WHEREFORE,** Defendant demands judgment dismissing the Sixth Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

### As to "Count Seven"

96. Defendant repeats and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

97. Defendant asserts the allegations set forth in Paragraph 97 of the Second Amended Complaint are legal conclusions, which require no response. To the extent that they constitute factual allegations, they are denied.

98. Defendant asserts the allegations set forth in Paragraph 98 of the Second Amended Complaint are legal conclusions, which require no response. To the extent that they constitute factual allegations, they are denied.

99. The allegations contained in this paragraph do not pertain to the answering Defendant, and therefore require no response. If any of the allegations are deemed to relate to the answering Defendant, such allegations are denied.

100. The allegations contained in this paragraph do not pertain to the answering Defendant, and therefore require no response. If any of the allegations are deemed to relate to the answering Defendant, such allegations are denied.

101.  Defendant denies the allegations set forth in Paragraph 101 of the Second Amended Complaint.

102.  Defendant asserts the allegations set forth in Paragraph 102 of the Second Amended Complaint are legal conclusions, which require no response. To the extent that they constitute factual allegations, they are denied.

**WHEREFORE,** Defendant demands judgment dismissing the Seventh Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

### As to the "Eighth Count"

103.  Defendant reasserts and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

104.  Except to admit that Sinclair was an employee with the Township of Mahwah, Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 104 of the Second Amended Complaint and leaves Plaintiff to her proofs.

105.  Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 105 of the Second Amended Complaint and leaves Plaintiff to her proofs.

106.  Defendant denies the allegations set forth in Paragraph 106 of the Second Amended Complaint as it pertains to the answering Defendant.

107.  Defendant denies the allegations set forth in Paragraph 107 of the Second Amended Complaint as it pertains to the answering Defendant.

108.  Defendant denies the allegations set forth in Paragraph 108 of the Complaint as it pertains to the answering Defendant.

109.  Defendant denies the allegations set forth in Paragraph 109 of the Second Amended Complaint.

110.  Defendant denies the allegations set forth in Paragraph 110 of the Second Amended Complaint.

111.  Defendant asserts the allegations set forth in Paragraph 111 of the Second Amended Complaint are legal conclusions, which require no response. To the extent they constitute factual allegations, they are denied.

**WHEREFORE,** Defendant demands judgment dismissing the Eighth Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

### As to the "Ninth Count"

112.  Defendant reasserts and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

17

113.  Defendant denies the allegations set forth in Paragraph 113 of the Second Amended Complaint as it pertains to the answering Defendant.

114.  Defendant denies the allegations set forth in Paragraph 114 of the Second Amended Complaint.

115.  Defendant denies the allegations set forth in Paragraph 115 of the Second Amended Complaint.

116.  Defendant denies the allegations set forth in Paragraph 116 of the Second Amended Complaint.

117.  Defendant denies the allegations set forth in Paragraph 117 of the Second Amended Complaint.

**WHEREFORE,** Defendant demands judgment dismissing the Ninth Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

### As to the "Tenth Count"

118.  Defendant reasserts and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

119.  Defendant asserts the allegations set forth in Paragraph 119 of the Second Amended Complaint are legal conclusions, which require no response. To the extent they constitute factual allegations, they are denied.

120.  Defendant denies the allegations set forth in Paragraph 120 of the Second Amended Complaint.

**WHEREFORE,** Defendant demands judgment dismissing the Tenth Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

### As to the "Eleventh Count"

121.  Defendant reasserts and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

122.  The allegations set forth in Paragraph 122 of the Second Amended Complaint do not relate to the answering Defendant, and therefore Defendant makes no answer herein. If any of the allegations are deemed to relate to the answering Defendant, such allegations are denied.

123.  The allegations set forth in Paragraph 123 of the Second Amended Complaint do not relate to the answering Defendant, and therefore Defendant makes no answer herein. If any of the allegations are deemed to relate to the answering Defendant, such allegations are denied.

124.  The allegations set forth in Paragraph 124 of the Second Amended Complaint do not relate to the answering Defendant, and therefore Defendant makes no answer herein. If any of the

19

allegations are deemed to relate to the answering Defendant, such allegations are denied.

125. Defendant denies the allegations set forth in Paragraph 125 of the Second Amended Complaint.

126. Defendant denies the allegations set forth in Paragraph 126 of the Second Amended Complaint.

127. Defendant asserts the allegations set forth in Paragraph 127 of the Second Amended Complaint are legal conclusions, which require no response. To the extent they constitute factual allegations, they are denied.

**WHEREFORE,** Defendant demands judgment dismissing the Eleventh Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

### As to the "Twelfth Count"

128. Defendant reasserts and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

129. Except to admit that Sinclair died on August 13, 2015, Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 129 of the Second Amended Complaint and leaves Plaintiff to her proofs.

130. Defendant denies the allegations set forth in Paragraph 130 of the Second Amended Complaint.

131. Defendant admits the allegations set forth in Paragraph 131 of the Second Amended Complaint.

132. Defendant asserts the allegations set forth in Paragraph 132 of the Second Amended Complaint are legal conclusions, which require no response. To the extent they constitute factual allegations, they are denied.

**WHEREFORE,** Defendant demands judgment dismissing the Twelfth Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

## As to the "Thirteenth Count"

133. Defendant reasserts and realleges each and every answer made in the foregoing paragraphs of the Answer as if fully set forth herein.

134. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 134 of the Second Amended Complaint and leaves Plaintiff to her proofs. The referenced document speaks for itself.

135. Defendant denies knowledge or information sufficient to form a belief as to the allegations set forth in Paragraph 135 of the Second Amended Complaint and leaves Plaintiff to her proofs. The referenced document speaks for itself.

136. Defendant asserts that the allegations set forth in Paragraph 136 of the Second Amended Complaint are legal conclusions

to which no response is required. Defendant denies knowledge or information sufficient to form a belief as to the allegations and leaves Plaintiff to her proofs. The referenced document speaks for itself.

137. The allegations contained in this paragraph do not pertain to the answering Defendant, and therefore require no response. If any of the allegations are deemed to relate to the answering Defendant, such allegations are denied.

138. The allegations contained in this paragraph do not pertain to the answering Defendant, and therefore require no response. If any of the allegations are deemed to relate to the answering Defendant, such allegations are denied.

139. The allegations contained in this paragraph do not pertain to the answering Defendant, and therefore require no response. If any of the allegations are deemed to relate to the answering Defendant, such allegations are denied.

140. Defendant denies the allegations set forth in Paragraph 140 of the Second Amended Complaint.

141. The allegations contained in this paragraph do not pertain to the answering Defendant, and therefore require no response. If any of the allegations are deemed to relate to the answering Defendant, such allegations are denied.

142. Defendant denies the allegations set forth in Paragraph 142 of the Second Amended Complaint.

143.   Defendant denies the allegations set forth in Paragraph 143 of the Second Amended Complaint.

144.   The allegations contained in this paragraph do not pertain to the answering Defendant, and therefore require no response. If any of the allegations are deemed to relate to the answering Defendant, such allegations are denied.

**WHEREFORE,** Defendant demands judgment dismissing the Thirteenth Count of the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The plaintiff has not complied with the New Jersey Tort Claims Act (N.J.S.A. 59:1-1 et. seq.).

### SECOND AFFIRMATIVE DEFENSE

Any conduct which caused injuries to plaintiff was caused by a third person over whom this defendant had no control or whose conduct this defendant is not liable.

### THIRD AFFIRMATIVE DEFENSE

The defendant, as employee of a public entity within the New Jersey Tort Claims Act, is afforded immunity, exemptions and limitations as set forth in said Act and consequently, if liable to the plaintiff, then said damages are limited by said Act.

### FOURTH AFFIRMATIVE DEFENSE

Defendant asserts absolute immunity.

### FIFTH AFFIRMATIVE DEFENSE

Defendant denies any violation of public policy in the State of New Jersey.

### SIXTH AFFIRMATIVE DEFENSE

Defendant asserts that the Plaintiffs failed to provide a basis for assertion that they suffered a loss or damages as a result of any alleged incidents against various defendants.

### SEVENTH AFFIRMATIVE DEFENSE

Any injuries and damages were caused by and arose out of risks of which Plaintiffs had full knowledge and which Plaintiffs assumed.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs fail to set forth a claim of Constitutional dimension.

### NINTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred or, at the very least, the damages to which plaintiff may be entitled to are reduced by reason of the doctrine of comparative negligence in the Comparative Negligence Act of N.J.S.A. 2A:15-5.1 et.seq.

### TENTH AFFIRMATIVE DEFENSE

The Plaintiffs' claims are barred by reason of the Plaintiffs' contributory negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant was not guilty of any negligence, wrongdoing, breach of duty, or misconduct that was the proximate or producing cause of any injuries or damages alleged by Plaintiffs.

## TWELFTH AFFIRMATIVE DEFENSE

The Plaintiffs are barred for failure to state a claim for which relief can be granted.

## THIRTEENTH AFFIRMATIVE DEFENSE

Any damages suffered by the Plaintiffs were the result of Plaintiffs' own conduct and/or misconduct and actions.

## FOURTEENTH AFFIRMATIVE DEFENSE

The alleged damages complained of were due to unavoidable circumstances and causes beyond the control or fault of defendant.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant denies the allegations of improper conduct as set forth in the Plaintiffs' Second Amended Complaint; however, even the alleged misconduct does not rise to the level of a constitutional violation.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Defendant did not violate any duty owed to the Plaintiffs under common law, statute, regulations or standards.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Defendant owed no legal duty to Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant performed each and every duty, if any, owed to Plaintiffs.

### NINETEENTH AFFIRMATIVE DEFENSE

All of the actions of defendant were performed in good faith and in the performance of his duties, and he is, therefore, entitled to qualified immunity.

### TWENTIETH AFFIRMATIVE DEFENSE

There was no willfulness involved in any of the events involving the factual basis upon which the suit is based.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The defendant, if involved at all, acted reasonably and properly under the circumstances.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

The defendant had no direct and personal participation in the alleged occurrence.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

No malicious intent of causing a deprivation of the Plaintiffs' civil rights and/or constitutional rights has been factually set out against defendant.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

The defendant, at no time, violated any of plaintiffs' protected rights, privileges and/or immunities under the Constitution of the United States.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The defendant's actions were neither reckless, wanton, irresponsible, willful nor malicious.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The defendant acted on reasonable grounds and without malice and are not answerable in damages to the plaintiffs.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The defendant's conduct was never motivated by an evil intention or callous or reckless indifference.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claim is a frivolous action without any reasonable basis in law or equity, and cannot be supported by a good faith argument for extension, modification or reversal of existing law.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred by the applicable Statute of Limitations.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims do not satisfy the District Court's jurisdictional limits.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

Defendant is a municipal employee who is not liable to plaintiff because they acted in good faith in the execution or enforcement of the laws of the State of New Jersey.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

There was no willfulness on the part of defendant in any of the events upon which this suit was instituted.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

The damages of plaintiffs are limited by the doctrine of avoidable consequences.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

At all times relevant hereto, defendant acted within the scope of his lawful authority or apparent authority.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims as alleged in the Second Amended Complaint are not Federal law claims for which this Court has subject matter jurisdiction.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to exhaust their administrative remedies.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' cause of action is barred by the conduct of Plaintiffs, which constitutes estoppel.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

No punitive damages may be awarded against Defendant pursuant to N.J.S.A. 59:9-2c.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

No punitive damages may be awarded against Defendant, as their actions were never willful, wanton, evil-minded, or malicious.

### FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to an award of attorneys' fees as to any of the statutory claims contained in the Second Amended Complaint, as Plaintiffs will not be the prevailing party as to these claims.

### FORTY-FIRST AFFIRMATIVE DEFENSE

This action may be barred, in whole or in part, by the doctrines of laches, waiver, estoppel, unclean hands, ultra vires, and/or the applicable statutes of limitation.

### FORTY-SECOND AFFIRMATIVE DEFENSE

Defendant has complied with all legal requirements, including, but not limited to, having acted in good faith and having exercised fair discretion in determining this matter.

### FORTY-THIRD AFFIRMATIVE DEFENSE

Defendant did not violate Plaintiffs' rights as protected by the United States Constitution.

### FORTY-FOURTH AFFIRMATIVE DEFENSE

Defendant did not violate Plaintiffs' rights as protected by the New Jersey Constitution.

14417114v3 (22964.001)

## FORTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to an award of attorneys' fees as to any of the civil rights claims contained in the Second Amended Complaint.

## FORTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' federal law claims are a frivolous action without any reasonable basis in law or equity, and cannot be supported by a good faith argument for extension, modification, or reversal of existing law, such that this Defendant is entitled to an award of attorneys' fees. Christianburg Garment v. E.E.O.C., 98 S. Ct. 694 (1978).

## FORTY-SEVENTH AFFIRMATIVE DEFENSE

Defendant neither took nor sanctioned any of the actions alleged by Plaintiffs.

## FORTY-EIGHTH AFFIRMATIVE DEFENSE

Sinclair's death was not caused by any acts and/or omissions on the part of the Defendant.

## FORTY-NINTH AFFIRMATIVE DEFENSE

Defendant could not and did not foresee the risks of damages or injuries which Plaintiffs allege.

## FIFTIETH AFFIRMATIVE DEFENSE

Defendant herein asserts all defenses available under the Civil Rights Act of 1871 at 42 U.S.C. 1983.

### FIFTY-FIRST AFFIRMATIVE DEFENSE

Defendant is protected from both liability and overly intrusive discovery by reason of the doctrine of qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982) and Mitchell v. Forsythe, 472 U.S. 511 (1985).

### FIFTY-SECOND AFFIRMATIVE DEFENSE

Defendant did not create or maintain a custom, practice or policy which proximately caused deprivation of Plaintiffs' civil rights pursuant to Monell v. Dept. of Social Services, 436 U.S. 658 (1978).

### FIFTY-THIRD AFFIRMATIVE DEFENSE

Any alleged statements made by Defendant were truthful and accurate.

### FIFTY-FOURTH AFFIRMATIVE DEFENSE

This Defendant reserves the right to assert additional defenses upon completion of discovery and investigation.

**WHEREFORE,** Defendant demands judgment dismissing the Second Amended Complaint, for attorneys' fees and costs of suit, and for such further relief as the Court may deem equitable and just.

**GENOVA BURNS LLC**
Attorneys for Defendant,
William LaForet

By: /s/Michael K. Fortunato
    MICHAEL K. FORTUNATO

Dated: January 14, 2019

## DEMAND FOR DAMAGES

The attorney for Plaintiff is hereby required pursuant to Local Rule 8.1 to furnish counsel within 20 days from the date hereof with a written statement of the amount of damages claimed in this action.

**GENOVA BURNS LLC**
Attorneys for Defendant,
William LaForet


By: /s/Michael K. Fortunato
     MICHAEL K. FORTUNATO

Dated: January 14, 2019


## CERTIFICATION

Pursuant to Local Rule 11.2, I hereby certify that the matter in controversy is not the subject of any other action pending in any other Court, or of any pending arbitration or administrative proceeding.

**GENOVA BURNS LLC**
Attorneys for Defendant,
William LaForet


By: /s/Michael K. Fortunato
     MICHAEL K. FORTUNATO

Dated: January 14, 2019