# EXHIBIT A

# RESOLUTION

**TOWNSHIP OF MAHWAH**  Resolution #012(6)-15
P.O. Box 733
MAHWAH, NJ 07430  Date: January 8, 2015

| Name | Motion | Second | Yes | No | Abstain | Absent |
|---|---|---|---|---|---|---|
| Amoroso | | | x | | | |
| Ariemma | | | x | | | |
| DiGiulio | | | x | | | |
| Hermansen | | x | x | | | |
| Roth | | | x | | | |
| Sbarra | x | | x | | | |
| Wong | | | x | | | |

**WHEREAS,** the Township Council of the Township of Mahwah has reviewed the merits and abilities of Gittleman, Muhlstock & Chewcaskie, L.L.P., Attorneys At Law (the "Professional"), and is desirous of awarding a Professional Services Contract to Brian M. Chewcaskie of Gittleman, Muhlstock & Chewcaskie, L.L.P., Attorneys At Law for Legal Services as the Township Attorney for the period of January 1, 2015 through December 31, 2015; and

**WHEREAS,** the Mayor has appointed Brian M. Chewcaskie Esq., of Gittleman, Muhlstock & Chewcaskie, L.L.P., Attorneys At Law as Township Attorney for the period January 1, 2015 through December 31, 2015; and

**NOW, THEREFORE, BE IT RESOLVED** by the Township Council of the Township of Mahwah that the Township Council consents to the Mayor's appointment of Brian M. Chewcaskie Esq., of Gittleman, Muhlstock & Chewcaskie, L.L.P., Attorneys At Law as Township Attorney; and

**BE IT FURTHER RESOLVED** by the Township Council of the Township of Mahwah, County of Bergen, State of New Jersey, that a contract be and is hereby awarded to Brian M. Chewcaskie of Gittleman, Muhlstock & Chewcaskie, L.L.P., Attorneys At Law located at, 2200

Fletcher Avenue, 9W Office Center, Fort Lee, New Jersey 07024 for Legal Services as Township Attorney for the period of January 1, 2015 through December 31, 2015 and that adoption of the Resolution is contingent upon the Township C.F.O. submitting a certificate as to the availability of funds, and the Township Clerk shall attach said certificate to the original of this Resolution.

**BE IT FURTHER RESOLVED,** that said Contract is being awarded pursuant to N.J.S.A. 40A:11.5 et seq. because the practice of Professional Legal Services are regulated by law and because it has been determined that the personnel of Gittleman, Muhlstock & Chewcaskie, L.L.P., Attorneys At Law are authorized by law to practice said profession.

**BE IT FURTHER RESOLVED,** that this Professional Services contract is awarded in a fair and open manner pursuant to N.J.S.A. 19:44-20.4, et seq., based upon advertisement of a Request For Qualification, and

**BE IT FURTHER RESOLVED,** that the Mayor and Township Clerk be and are hereby authorized to execute the aforesaid Contract in form to be approved by the Township Attorney.

**BE IT FURTHER RESOLVED,** that a notice of this action be printed in the official newspaper of the Township of Mahwah.

**BE IT FURTHER RESOLVED,** that the Township Clerk shall keep a copy of this Resolution and the Contract on file and available for inspection in the Office of the Township Clerk.

I hereby certify that this Resolution consisting of two page(s), was adopted at a meeting of the Township Council of the Township of Mahwah, 8th day of January, 2015.

Kathrine G. Coviello, RMC/CMC
Municipal Clerk

John F. Roth
Council President

## TOWNSHIP OF MAHWAH

### REQUEST FOR CERTIFICATE OF FUNDS

DATE: 12/31/14

TO: KEN SESHOLTZ

FROM: DENISE STORMS

RE: CERTIFICATION OF FUNDS FOR REQUEST FOR QUALIFICATION (RFQ) PROFESSIONAL SERVICES CONTRACT TO BRIAN M. CHEWCASKIE, ESQ. OF GITTLEMAN, MUHLSTOCK & CHEWCASKIE, L.L.P., ATTORNEYS AT LAW AS "TOWNSHIP ATTORNEY".

Please certify that the following account has sufficient funds to award "RFQ#15-1 Township Attorney" Professional Services Contract to Brian M. Chewcaskie, Esq., of Gittleman, Muhlstock & Chewcaskie, L.L.P., Attorneys At Law during the year January 1, 2015 through December 31, 2015 hourly rate of $165.00 for an annual basic retainer in the amount of $90,000.00.

Account: 5-01-B30-284        Amount: $90,000.00        U/B Subject to 2015 Budget approval

This contract **does  X**   does not___ exceed $17,500.00.  Contract is Fair and Open Compliant by sealed RFQ's.

_____
DEPARTMENT HEAD

### DO NOT WRITE BELOW THIS LINE

### TOWNSHIP COUNCIL

Pursuant to N.J.A.C. 5:30 – 1.10, I hereby certify that as of ___1/5/15___,

the free and unencumbered balance in the appropriation account (s) entitled

Division of Law - O.E.  is $ See Above  and that there are

adequate funds available for the proposed contract noted above.

_____
Kenneth Sesholtz, C.F.O.

Resolution No.: 012(6)-15
Ordinance No.: _____

This is to certify that the required funds needed in connection with the attached been or will be available in the 2015 Budget under Account #: _____.

Dated: 12-31-14

_____
Brian T. Campion
Business Administrator

PROFESSIONAL CONTRACT
BETWEEN
TOWNSHIP OF MAHWAH
AND
BRIAN M. CHEWCASKIE, ESQ.

**THIS AGREEMENT**, made effective the 1st day of January, 2015, by and between the TOWNSHIP OF MAHWAH, a body politic and corporate of the State of New Jersey, party of the first part, hereinafter referred to as the "Township"; and **Brian M. Chewcaskie, Esq.**, of **Gittleman, Muhlstock & Chewcaskie, L.L.P., Attorneys At Law** located at, **2200 Fletcher Avenue, 9W Office Center, Fort Lee, New Jersey 07024**, party of the second part, hereinafter referred to as the "Township Attorney".

**WITNESSETH:**

**WHEREAS**, there exists a need for **legal** services in connection with the Township of Mahwah; and

**WHEREAS**, Brian M. Chewcaskie, Esq., of Gittleman, Muhlstock & Chewcaskie, L.L.P., Attorneys At Law has been appointed Township Attorney of the Township of Mahwah; and

**NOW, THEREFORE**, the parties hereto, in consideration of the promises and the terms and conditions hereinafter set forth, agree as follows:

1. Brian M. Chewcaskie, Esq., of Gittleman, Muhlstock & Chewcaskie, L.L.P., Attorneys At Law shall perform the services required in connection with legal services of the Municipality as Municipal Attorney.

2. The Township agrees to pay and the Township Attorney agrees to accept as retainer compensation the sum of as set forth in the attached Exhibit "D" at an annual rate payable monthly upon the submission of vouchers.

3. The services contemplated by this Agreement shall be performed under the supervision and direction of Brian M. Chewcaskie, Esq..

4. It is understood that within Agreement has been awarded pursuant to N.J.S.A. 40A:11-5(1)(a)(i), because the practice of law, is regulated by law and because the Township Attorney represents that their employees are authorized to practice the law profession.

5a. The parties to this Contract agree to incorporate into this Contract the mandatory Affirmative Action language as set forth in attached Exhibit "A".

5b. The parties of this Contract agree to incorporate into this Contract the Americans with Disabilities Act of 1990, as set forth in attached Exhibit "C".

6. The Township Attorney shall, within thirty (30) days of this Agreement of appointment, file, if applicable, Financial Disclosure Statements(s) required by Chapter 29 of the Law of New Jersey 1991. The Township Attorney also agrees that the Township Attorney is a local government officer bound by all of the terms and provisions of that Act and any regulations promulgated pursuant thereto.

7. The Township Attorney agrees that any information, data, material, designs, scheme or plans developed, created or prepared for Mahwah shall be the sole and exclusive property of Mahwah. Unless Mahwah consents, no information, data or plans developed for it shall be sued in whole or in part directly or indirectly without the prior written consent of Mahwah.

8. All original work; i.e., plans, reports, memoranda, pleadings, etc., are the property of Mahwah and shall be delivered to Mahwah prior to Township Attorney receiving payment for same. The Township Attorney shall, if possible, prepare all material for the Township by way of computer and

provide to the Township of Mahwah a disk, either floppy or hard disk, to the Township of Mahwah in addition to the hard copy of all such materials prepared.

9. If the Township Attorney is a corporation, an appropriate corporate resolution accepting this Contract shall be delivered with the signed Contract.

10. The term of this Agreement is for the period January 1, 2015 through December 31, 2015. This agreement provides for annual basic retainer services at the rate of $90,000.00 per year. These services shall be billed at an hourly fee of $165.00 per hour for attorney services, plus disbursements.

11. This Contract is subject to a certification of availability of funds pursuant to N.J.A.C. 5:34-5.3(c)2 as a 12 month contract and upon the appropriation of monies in the 2014 temporary and final budgets .

**IN WITNESS THEREOF,** the parties hereto have caused these presents to be signed and attested to by their proper corporate officers and their proper corporate seals to be hereto affixed the day and year first above written.

ATTEST:                                                  TOWNSHIP OF MAHWAH

_[signature] M. Fox Deputy Clerk_            By: _[signature]_
~~Kathrine G. Coviello, RMC/CMC~~                   William C. Laforet, Mayor
WITNESS:

                                                         _[signature]_
                                                         Brian M. Chewcaskie
                                                         Gittleman, Muhlstock & Chewcaskie, L.L.P.

EXHIBIT "A"

MANDATORY EQUAL EMPLOYMENT OPPORTUNITY LANGUAGE
N.J.S.A. 10:5-31 et seq. (P.L. 1975, C. 127)
N.J.A.C. 17:27

GOODS, PROFESSIONAL SERVICE AND GENERAL SERVICE CONTRACTS

During the performance of this contract, the contractor agrees as follows:

The contractor or subcontractor, where applicable, will not discriminate against any employee or applicant for employment because of age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation, gender identity or expression, disability, nationality or sex. Except with respect to affectional or sexual orientation and gender identity or expression, the contractor will ensure that equal employment opportunity is afforded to such applicants in recruitment and employment, and that employees are treated during employment, without regard to their age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation, gender identity or expression, disability, nationality or sex. Such equal employment opportunity shall include, but not be limited to the following: employment, upgrading, demotion, or transfer; recruitment or recruitment advertising; layoff or termination; rates of pay or other forms of compensation; and selection for training, including apprenticeship. The contractor agrees to post in conspicuous places, available to employees and applicants for employment, notices to be provided by the Public Agency Compliance Officer setting forth provisions of this nondiscrimination clause.

The contractor or subcontractor, where applicable will, in all solicitations or advertisements for employees placed by or on behalf of the contractor, state that all qualified applicants will receive consideration for employment without regard to age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation, gender identity or expression, disability, nationality or sex.

The contractor or subcontractor will send to each labor union, with which it has a collective bargaining agreement, a notice, to be provided by the agency contracting officer, advising the labor union of the contractor's commitments under this chapter and shall post copies of the notice in conspicuous places available to employees and applicants for employment.

The contractor or subcontractor, where applicable, agrees to comply with any regulations promulgated by the Treasurer pursuant to N.J.S.A. 10:5-31 et seq., as amended and supplemented from time to time and the Americans with Disabilities Act.

The contractor or subcontractor agrees to make good faith efforts to meet targeted county employment goals established in accordance with N.J.A.C. 17:27-5.2.

The contractor or subcontractor agrees to inform in writing its appropriate recruitment agencies including, but not limited to, employment agencies, placement bureaus, colleges, universities, and labor unions, that it does not discriminate on the basis of age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation, gender identity or expression, disability, nationality or sex, and that it will discontinue the use of any recruitment agency which engages in direct or indirect discriminatory practices.

The contractor or subcontractor agrees to revise any of its testing procedures, if necessary, to assure that all personnel testing conforms with the principles of job-related testing, as established by the statutes and court decisions of the State of New Jersey and as established by applicable Federal law and applicable Federal court decisions.

In conforming with the targeted employment goals, the contractor or subcontractor agrees to review all procedures relating to transfer, upgrading, downgrading and layoff to ensure that all such actions are taken without regard to age, race, creed, color, national origin, ancestry, marital status, affectional or sexual orientation, gender identity or expression, disability, nationality or sex, consistent with the statutes and court decisions of the State of New Jersey, and applicable Federal law and applicable Federal court decisions.

The contractor shall submit to the public agency, after notification of award but prior to execution of a goods and services contract, one of the following three documents:

Letter of Federal Affirmative Action Plan Approval
Certificate of Employee Information Report
Employee Information Report Form AA302 (electronically provided by the Division and distributed to the public agency through the Division's website at www.state.nj.us/treasury/contract_compliance)

The contractor and its subcontractors shall furnish such reports or other documents to the Division of Public Contracts Equal Employment Opportunity Compliance as may be requested by the office from time to time in order to carry out the purposes of these regulations, and public agencies shall furnish such information as may be requested by the Division of Public Contracts Equal Employment Opportunity Compliance for conducting a compliance investigation pursuant to **Subchapter 10 of the Administrative Code at N.J.A.C. 17:27**.

EXHIBIT "B'
INTENTIONALLY LEFT BLANK

Exhibit "C"

## AMERICANS WITH DISABILITIES ACT OF 1990
### Equal Opportunity for Individuals with Disability

The CONTRACTOR and the OWNER do hereby agree that the provisions of Title II of the Americans With Disabilities Act of 1990 (the "ACT") (42 U.S.C. S12101 et seq.), which prohibits discrimination on the basis of disability by public entities in all services, programs, and activities provided or made available by public entities, and the rules and regulations promulgated pursuant thereunto, are made a part of this contract. In providing any aid, benefit, or service on behalf of the OWNER pursuant to this contract, the CONTRACTOR agrees that the performance shall be in strict compliance with the Act. In the event that the Contractor, its agents, servants, employees, or subcontractors violate or are alleged to have violated the Act during the performance of this contract, the CONTRACTOR shall defend the OWNER in any action or administrative proceeding commenced pursuant to this Act. The Contractor shall indemnify, protect, and save harmless the OWNER, its agents, servants, and employees from and against any and all suits, claims, losses, demands, or damages, of whatever kind or nature arising out of or claimed to arise out of the alleged violation. The CONTRACTOR shall, at its own expense, appear, defend, and pay any and all charges for legal services and any and all costs and other expenses arising from such action or administrative proceeding or incurred in connection therewith. In any and all complaints brought pursuant to the OWNER grievance procedure, the CONTRACTOR agrees to abide by any decision of the OWNER which is rendered pursuant to said grievance procedure. If any action or administrative proceeding results in an award of damages against the OWNER or if the OWNER incurs any expense to cure a violation of the ADA which has been brought pursuant to its grievance procedure, the CONTRACTOR shall satisfy and discharge the same at its own expense.

The OWNER shall, as soon as practicable after a claim has been made against it, give written notice thereof to the CONTRACTOR along with full and complete particulars of the claim. If any action or administrative proceedings is brought against the OWNER or any of its agents, servants, and employees, the OWNER shall expeditiously forward or have forwarded to the CONTRACTOR every demand, complaint, notice, summons, pleading, or other process received by the OWNER or its representatives.

It is expressly agreed and understood that any approval by the OWNER of the services provided by the CONTRACTOR pursuant to this contract will not relieve the CONTRACTOR of the obligation to comply with the Act and to defend, indemnify, protect, and save harmless the OWNER pursuant to this paragraph.

It is further agreed and understood that the OWNER assumes no obligation to indemnify or save harmless the CONTRACTOR, its agents, servants, employees and subcontractors for any claim which may arise out of their performance of this Agreement. Furthermore, the CONTRACTOR expressly understands and agrees that the provisions of this indemnification clause shall in no way limit the CONTRACTOR'S obligations assumed in this Agreement, nor shall they be construed to relieve the CONTRACTOR from any liability, nor preclude the OWNER from taking any other actions available to it under any other provisions of the Agreement or otherwise at law.

## EXHIBIT "D"

**Brian M. Chewcaskie, Esq.** of the law firm Gittleman, Muhlstock & Chewcaskie, L.L.P. Attorneys At Law shall be paid at the annual rate of $90,000.00 for the period of January 1, 2015 to December 31, 2015 payable monthly for the basic retainer services as hereinafter defined. The basic retainer services shall include attendance at regular Township Council meetings and up to two special Township Council meetings per month; meetings with staff in the municipal building and telephone calls; correspondence related to retainer matters; drafting of ordinances and resolutions; contract negotiations; and legal opinions. Telephone calls to the office of the Township Attorney shall be limited to call from the Mayor, Council President, Business Administrator, Township Clerk, Department heads and their designees.

Additional services not included in Basic Services shall include litigation involving court matters; administrative hearings; mediation and arbitration proceedings; representation involving attendance at Housing Commission and Historic Preservation Commission meetings; special assessment projects such as sanitary sewer and water projects; real estate transactions; labor negotiations; matters that are billable to escrow accounts including without limitation review of developer's agreement, performance bonds and soil movement permit applications; and services in connection with the re-codification of the Township Code. These services shall be billed at an hourly fee of $165.00 per hour for attorney services, plus disbursements.

09/24/04

Taxpayer Identification# 222-978-440/000

Dear Business Representative:

Congratulations! You are now registered with the New Jersey Division of Revenue.

Use the Taxpayer Identification Number listed above on all correspondence with the Divisions of Revenue and Taxation, as well as with the Department of Labor (if the business is subject to unemployment withholdings). Your tax returns and payments will be filed under this number, and you will be able to access information about your account by referencing it.

Additionally, please note that State law requires all contractors and subcontractors with Public agencies to provide proof of their registration with the Division of Revenue. The law also amended Section 92 of the Casino Control Act, which deals with the casino service industry.

We have attached a Proof of Registration Certificate for your use. To comply with the law, if you are currently under contract or entering into a contract with a State agency, you must provide a copy of the certificate to the contracting agency.

If you have any questions or require more information, feel free to call our Registration Hotline at (609) 292-1730.

I wish you continued success in your business endeavors.

Sincerely,

John E. Tully, CPA
Acting Director

---

**STATE OF NEW JERSEY**
**BUSINESS REGISTRATION CERTIFICATE**

DEPARTMENT OF TREASURY/
DIVISION OF REVENUE
PO BOX 252
TRENTON, NJ 08646-0252

TAXPAYER NAME:
GITTLEMAN, MUHLSTOCK & CHEWCASKIE, LLP

TRADE NAME:

TAXPAYER IDENTIFICATION#:
222-978-440/000

SEQUENCE NUMBER:
0551011

ADDRESS:
2200 FLETCHER AVE 9W OFFICE CT
FORT LEE NJ 07024

ISSUANCE DATE:
09/24/04

EFFECTIVE DATE:
01/27/97

FORM-BRC(08-01)

Acting Director

This Certificate is NOT assignable or transferable. It must be conspicuously displayed at above address.



CERTIFICATE OF EMPLOYEE INFORMATION REPORT 25465

Certification

RENEWAL

This is to certify that the contractor listed below has submitted an Employee Information Report pursuant to N.J.A.C. 17:27-1.1 et seq. and the State Treasurer has approved said report. This approval will remain in effect for the period:

15-SEP-2012 to 15-SEP-2019

Andrew P. Sidamon-Eristoff
State Treasurer

GITTLEMAN, MUHLSTOCK & CHIMICASKIE LLP
2200 FLETCHER AVE
FORT LEE                NJ 07024